UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EFKO FOOD INGREDIENTS LTD.,          :

        Plaintiff,          :

                                                       08 Civ. 6480 (CM)
  - against -          :          ECF CASE

PACIFIC INTER-LINK SDN BHD,          :

        Defendant.          :
-----------------------------------------------------------X

### DECLARATION OF LAUREN C. DAVIES
### IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
### MOTION TO VACATE MARITIME ATTACHMENT

LAUREN C. DAVIES declares under penalty of perjury of the laws of the United States of America as follows:

1.     I am an attorney with the firm, Tisdale Law Offices, LLC, counsel for the Plaintiff herein, EFKO Food Ingredients, Ltd. ("EFKO" or "Plaintiff"), and I make this declaration based upon my own personal knowledge and upon information and documents furnished to me by Plaintiff that I believe to be true and accurate.

2.     I submit this Declaration in Support of Plaintiff's Opposition to Defendant Pacific Inter-Link SDN BHD's ("PIL") Motion to Vacate this maritime attachment.

3.     In order to obtain personal jurisdiction over the Defendant and to obtain security for its maritime claims, Plaintiff commenced this action on July 21, 2008, by the filing of a Verified Complaint which included a prayer for an Ex-Parte Order for Process of Maritime Attachment pursuant to Rule B [of the Supplemental Rules for Certain Admiralty and Maritime Claims]. *See Verified Complaint annexed hereto as Exhibit "1."*

4. On July 22, 2008, the Court issued an Ex-Parte Order of Maritime Attachment and Garnishment. The Ex-Parte Order authorized Plaintiff to attach Defendant's property located within this judicial district and belonging the Defendant up to the sum sought.

5. The Ex-Parte Order and Process of Maritime Attachment and Garnishment ("PMAG") named garnishee banks believed to have assets due and owing to the Defendant. The Ex-Parte Order and PMAG were served upon the garnishee banks.

6. On or about July 23, 2008 and pursuant to the PMAG issued in this matter, Bank of New York restrained PIL's property in the sums of $ $4,988.79, $343,687.50, $919,985.00, $2,577,088.47 and $1,151,788.61.

7. On or about July 24, 2008 and pursuant to the PMAGs issued in this matter, Deutsche Bank restrained PIL's property in the sum of $438,441.93.

8. On or about July 24, 2008 and pursuant to the PMAGs issued in this matter, Citibank restrained PIL's property in the sum of $295,660.80.

9. On or about July 24, 2008 and July 25, 2008 and pursuant to Local Rule B.2, notices of the foregoing attachments and copies of the pleadings, including but not limited to the Verified Complaint, were mailed to the defendant at their last known place of business via Registered Mail.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 20, 2008.

_____
Lauren C. Davies

## AFFIRMATION OF SERVICE

I hereby certify that on August 20, 2008, a copy of the foregoing DECLARATION OF LAUREN C. DAVIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO VACATE MARITIME ATTACHMENT was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

By: _____/s/_____
Lauren C. Davies

# DAVIES DECLARATION

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EFKO FOOD INGREDIENTS LTD.,                :

          Plaintiff,                                     :
                                                               08 Civ. _____
   - against -                                            :          ECF CASE

PACIFIC INTER-LINK SDN BHD,                 :

          Defendant.                                 :
------------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff, EFKO FOOD INGREDIENTS LTD. (hereinafter referred to as "Plaintiff" or "EFKO"), by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Complaint against the Defendant PACIFIC INTER-LINK SDN BHD (hereinafter referred to as "Defendant" or "PIL"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under foreign law with a principal place of business in Russia.

3. Upon information and belief, Defendant was, and still is, a foreign corporation or other business entity organized under and existing by virtue of foreign law with a place of business in Kuala Lumpur.

4. By six contracts dated September 7, 2007, Defendant sold six shipments of 1500 metric tons each red palm olein in bulk, each to be loaded by Defendant onto oceangoing vessels in consecutive months between January and June, 2008.

5. Each of the contracts were pursuant to CFR terms, whereby the Defendant was obligated to arrange for and charter a vessel to carry the cargo to destination, and to load the cargo aboard the vessel at a port in Malayasia for carriage by sea and ultimate delivery to Plaintiff at the port of Ilychevsk, Ukraine. Title would not pass until the cargo was on board the vessel, afloat.

6. Certain disputes arose between the parties after the Defendant failed to charter the vessel, load the cargo and transfer title of the goods as per the shipment terms in the contracts.

7. As a result of Defendant's breaches of the contracts, Plaintiff has suffered damages in the principal amount of $4,073,250.00.

8. Despite due demand, Defendant has failed to pay the sums due and owing as a result of its breaches of the contracts.

9. Pursuant to Articles 31 and 32 of the FOSFA 81, any disputes arising thereunder shall be referred to Arbitration in London with English law to apply.

10. Plaintiff has commenced arbitration in London and appointed its arbitrator.

11. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London Arbitration proceedings. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---|
| A. | Principal claim: | $4,073,250.00 |
| B. | Estimated interest on claims: 3 years at 6.5% | $ 943,391.17 |
| C. | Estimated attorneys' fees: | $ 600,000.00 |
| D. | Estimated arbitrators' fees | $ 115,000.00 |
| Total | | $5,731,641.10 |

12. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

13. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, to compel arbitration and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$5,731,641.10.**

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$5,731,641.10** belonging to, due or being transferred to, from, or

for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishee(s) to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any London arbitration award in Plaintiff's favor against the Defendant as a judgment of this Court;

D. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

E. That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: July 21, 2008
       New York, NY

The Plaintiff,
EFKO FOOD INGREDIENTS LIMITED,

By: _____
Lauren C. Davies (LD 1980)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
ldavies@tisdale-law.com
ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )   ss.:   City of Southport
County of Fairfield   )

1. My name is Thomas L. Tisdale.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an Attorney in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   July 21, 2008
         Southport, CT

_____
Thomas L. Tisdale

5