UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
EFKO FOOD INGREDIENTS LTD.,                 :

                Plaintiff,                          :

                                           08 Civ. 6480 (CM)
    - against -                                 :                ECF CASE

PACIFIC INTER-LINK SDN BHD,                 :

              Defendant.                       :
-------------------------------------------------------X

1.     I, Timur Bakusev, hereby declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. §1746, that the following is true and correct:

2.     I am employed as administrative manager of tropical oils department of EFKO ("EFKO") for more than 2 years. I make this Declaration on behalf of EFKO in support of its attachment, pursuant to Rule B of the Supplementary Rules of Civil Procedure for Certain Admiralty and Maritime Claims, in opposition to the motion to vacate filed by defendant PACIFIC INTER-LINK SDN BHD ("defendant" or "PIL") against EFKO.

3.     As I do not speak English, I have written this declaration in Russian and then it was translated by our internal interpreters. After that the translation of declaration was sent for reviewing to Astapov Lawyers International Law Group. Consequently, attorney-at-law Oleksiy Sereda of Astapov Lawyers orally translated to me text of this declaration line by line in detail. Thereafter this declaration was sent to me for signing.

4.     Thus, I confirm that all the mentioned in this declaration is true and to the best of my knowledge.

1

5.    At the end of August 2007 EFKO was looking for various possible options for purchase of palm olein and palm oil. Eventually, EFKO's authorized representative Mr. Eugeniy Lyashenko approached Mr. Adrian Bell of Pontus Trade BV with the proposal to find suppliers of Malaysian palm olein and conclude several contracts on the delivery of the same acting as an agent of EFKO.

6.    Initially, Mr. Bell provided us with several offers on the sale of palm olein from other suppliers. However, the terms of such deliveries did not fit EFKO as the counterparties could not guarantee stable supply of palm olein.

7.    Finally, in the beginning of September 2007, Mr. Bell advised us that one of the biggest suppliers of Malaysian palm olein – PIL – was seeking for buyers for shipment of palm olein by sea. I have personally recommended our senior management including Mr. Eugeniy Lyashenko to cooperate with PIL as they are widely known on the market as a reliable partner and a company that would not tarnish its reputation. Besides, the offered terms of cooperation by PIL were suitable for us.

8.    After our internal discussion Mr. Eugeniy Lyashenko instructed Mr. Adrian Bell to conclude several contracts with PIL on the delivery of 9,000 MT of palm olein within the first half of 2008.

9.    On the 8 September 2007 Mr. Bell advised Mr. Lyashenko and me that he had concluded with Mr. Nakul Rastogi from PIL by phone six contracts for the delivery of palm olein. The quantity of the goods for each contract was set as 1,500 MT +/- 5% at Sellers' option. The prices for the contracts were calculated on the basis of average FOB prices at the markets of the country of origin with the cost of freight added. At that time the average prices in Malaysia were estimated as USD 740 per MT for shipments due in

2

January-March 2008 and USD 735 for shipments due in April-June 2008. Finally, the prices were reflected in the contract on the CFR basis as USD 809 and USD 804 respectively. (Exhibit 1)

10.     With the contracts having been concluded I informed our personnel from other departments that they should prepare the necessary documents and arrange the production schedules for the receipt and processing of palm olein that would be delivered by PIL in the first half of 2008 (subject to possible delays as it often happens with oil tankers following from Malaysia).

11.     The concluded contracts were really successful and lucrative for us, and we were very happy that we have started a new long-term, as we hoped, partnership with PIL. Shortly we have concluded a range of contracts with our constant partners that purchased from us production processed from the palm olein, in particular from the lots of palm olein that should have been delivered by PIL.

12.     On the 18 September 2007 I received an errand from Mr. Lyashenko to get the contracts to be signed and stamped by EFKO. Mr. Bell confirmed in his telephone conversation with me that it was a formal requirement by PIL and it was necessary for their internal documentary management.

13.     Soon we had the contracts signed and stamped but we could not reach Mr. Bell as he was out of his office, to the best of my knowledge, abroad. Afterwards neither Mr. Bell nor PIL addressed us with the request to send them the signed and stamped contracts. We presumed that this formality was not necessary already by that time.

14.     Nevertheless, this would have no sense anyway as the contracts were concluded on the 7 September 2007 and shortly confirmed in writing. It should be noted

3

that the parties have made their first steps to execute the contracts as well. Certainly, the existence of the six contracts can not be denied now.

15.    I as well confirm that EFKO did not receive the message of 24 September 2007 from PIL mentioned in par. 12 of the declaration by Mr. Nakul Rastogi. It should be noted as well that in further correspondence Mr. Nakul Rastogi never mentioned nor referred to this fax message allegedly sent to us.

16.    Thereafter in November 2007 EFKO had some correspondence exchange with Mr. Nakul Rastogi. Though, the only thing Mr. Nakul Rastogi did was simply pretending that the contracts never existed and that he was completely unaware of what we were talking about.

17.    In the long run with PIL's blatant rejection of the existence of the contracts we had no other option but to address our lawyers, Astapov Lawyers International Law Group, with a request to seek remedy in the arbitration as per the arbitration clause of the contracts. We as well requested our lawyers to secure our claim as we suspected that PIL could start stripping their assets after we had referred the dispute to the arbitration.

18.    However, PIL's negligence of the contracts might be grounded by other strictly economical factors. One would have no hardship to compare the contract prices (their FOB equivalents) with the prices for palm olein in November 2007 quoted by REUTERS, the source used by the majority of traders in oil. (Exhibit 2) Thus, by making simple calculations one can easily find that PIL would receive a "benefit" of USD 2 million as a result of declaring the contracts as "unconcluded".

19.    On the 29-31 July 2008 we have served our Claim Submissions to FOSFA, involved arbitrators and PIL with reference to the dispute on PIL's failure to charter a

4

vessel and deliver the goods as per all six contracts. The damages claimed were calculated on the difference between the market price at the date of default and contract prices. I attach the copies of our Claim Submissions for all six contracts. (Exhibit 3) The total amount of our claim for six contracts is calculated in the sum of USD 5,596,500.00 of the principal claim, 8% of interest with monthly shift and costs of arbitration including the legal costs.

20. The verified complaint for the purpose of these proceedings was drafted and filed before we had finalized the Claim Submissions. Thus, the estimated amounts of our claim as stated in the verified complaint are not the same as the ones in the Claim Submissions but in fact are less than the latter.

21. I am as well surprised to see the bare allegations in par. 17 of the declaration by Mr. Kevin Sach and page 14 of the Memorandum of Law in Support of Vacature or Reduction of Maritime Attachment and/or Dismissal of Action concerning the non-recoverability of legal costs. Rule 6 of FOSFA Rules of Arbitration and Appeal (Exhibit 4) clearly states that the arbitrators or the umpire shall have the power to assess and award their fees and award by whom these and other fees and expenses of the arbitration shall be paid. The relevant provisions of the Arbitration Act 1996 as well confirm that the costs of engaging legal representatives within the arbitration are indeed recoverable.

22. Par. 21 of the declaration by Mr. Nakul Rastogi is denied as well. I emphasize that in this case we are dealing with a CFR contract. Every professional trader knows that maritime transportation of the goods by the Sellers under CFR/CIF contracts goes directly to the root of such contract. Most of the Sellers' obligations are closely

5

connected to chartering of the vessel, loading/discharging the cargo, issues of demurrage and despatch, etc. Actually, a CFR/CIF contract is nothing more but a fusion of a FOB contract and a contract of affreightment (COA). Under these circumstances there can be really no dispute that PII. failed to meet its maritime obligations under the contracts and should be held liable for this.

23.    I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Mr. Oleksiy Sereda from Astapov Lawyers International Law Group has translated me the declaration by Mr. Eugeniy Lyashenko and to the best of my knowledge I confirm all the contents of that declaration in full.

Dated: Voronezh, Russia

19 August 2008

By: _____

Timur Bakusev

6

# Declaration of Timur Bakusev

# EX1



**PACIFIC INTER-LINK SDN BHD**
31ˢᵗ FLOOR, MENARA DATO ONN', PUTRA WORLD TRADE CENTRE
45 JALAN TUN ISMAIL, 50480 KUALA LUMPUR
TEL: 603 – 4042 3933          FAX: 603 – 4041 3939 / 4042 8088

Form No: PIL/FM/006
Rev No: 0
Page 1 of 4

# SALES CONTRACT

TO : **EFKO FOOD INGREDIENTS LIMITED**
    **RUSSIA**

DATE    : 07/09/2007
OUR REF: PIL/PO/0689/07

AMENDMENT NO   :
AMENDMENT DATE :

ATTN  :

YOUR REF:

**WE ARE PLEASED TO CONFIRM HAVING SOLD TO YOU THE FOLLOWING SUBJECT TO OUR GENERAL TERMS AND CONDITIONS OF SALE AND AS PER HEREUNDER :**

| S/NO. | DESCRIPTION OF GOOD(S) | QTY | UNIT PRICE (USD) | TOTAL VALUE (USD) |
|-------|------------------------|-----|------------------|-------------------|
|       | **RBD PALM OLEIN IN BULK PMT CFR PORT ILYICHEVSK** | **1,500 MTS** | **809.00** | **1,213,500.00** |
|       |                        |     |                  |                   |

COUNTRY OF ORIGIN    :    **MALAYSIA / INDONESIA**

PORT OF LOADING      :    **MALAYSIA / INDONESIA**

SHIPMENT MONTH       :    **JANUARY 2008**

PACKING              :    **IN BULK**

PAYMENT TERMS        :    **100 % OF THE INVOICE VALUE BY TELEGRAPHIC TRANSFER TO PIL'S BANK 15 DAYS BEFORE THE ARRIVAL OF PERFORMING VESSEL TO THE DISCHARGE PORT CARRYING THE CONTRACTED QUANTITIES.**

BANK DETAILS         :    **RHB BANK BERHAD**

                          AddresS : **KL TRADE SERVICES CENTRE, LEVEL 3,4, & 5, NO: 75, JALAN TUN H.S. LEE 50000 KUALA LUMPUR.**

                          Account No : **USD A/C NO: 61412900006928**

                          Swift No   :   **RHBBMYKL**

                          Correspondent
                          Bank for USD A/C   : **BANK OF NEW YORK**

                          SWIFT          : **IRVTUS3N**



# PACIFIC INTER-LINK SDN BHD

31ˢᵗ FLOOR, MENARA DATO ONN', PUTRA WORLD TRADE CENTRE
45 JALAN TUN ISMAIL, 50480 KUALA LUMPUR
TEL: 603 – 4042 3933          FAX: 603 – 4041 3939 / 4042 8088

Form No: PIL/FM/006
Rev No: 0
Page 2 of 4

| | | |
|---|---|---|
| SPECIFICATIONS | : | AS PER PORAM STANDARD SPECS (AT THE TIME OF SHIPMENT) |
| WEIGHT | : | AS FINAL AT LOAD PORT. FINAL WEIGHT AT LOAD PORT TO BE ASCERTAINED BY A FIRST CLASS SURVEYOR APPOINTED BY THE SELLER. |
| QUALITY | : | FINAL AT LOADPORT AS PER FIRST CLASS SURVEYOR'S CERTIFICATE, APPOINTED BY SELLER AT THEIR EXPENSE. SELLER'S TO PROVIDE NON-RADIOACTIVTY CERTIFICATE UPON REQUEST, PHYTOSANITORY AND FITNESS CERTIFICATE ISSUED BY INDEPENDENT SURVEYOR |
| QUANTITY | : | 5% MORE OR LESS AT SELLER'S OPTION |
| INSURANCE | : | BUYER TO COVER INSURANCE |
| PORT OF DISCHARGE | : | PORT IIYICHEVSK |
| DISCHARGE | : | BUYER'S SHALL ENSURE TO: |

A) GUARANTEE TO DISCHARGE VESSEL AT THE MINIMUM RATE OF 100 MT PER RUNNING HOURS – SUNDAYS AND HOLIDAYS INCLUDED.

B) IT SHALL BE THE RECEIVER'S RESPONSIBILITY TO TAKE ALL CARE FOR THE PROMPT BERTHING OF THE VESSEL

C) LAYTIME TO COUNT 6 HOURS AFTER THE NOTICE OR UPON BERTHING OF THE VESSEL, WHICHEVER IS EARLIER.

D) DEMURRAGE IF ANY, RESULTING FROM NON-COMPLIANCE TO CONDITIONS OF CL (A) & (B) & (C) ABOVE CLAIMED AS PER THE CHARTER PARTY, BY THE OWNERS OF THE VESSEL SHALL BE TO THE RECEIVER'S ACCOUNT AND PAID WITHIN 7 WORKING DAYS OF THE CLAIM. THE DEMURRAGE SHALL BE GOVERNED BY THE CHARTER PARTY, NO DESPATCH.



**PACIFIC INTER-LINK SDN BHD**
31st FLOOR, MENARA DATO ONN', PUTRA WORLD TRADE CENTRE
45 JALAN TUN ISMAIL, 50480 KUALA LUMPUR
TEL: 603 – 4042 3933          FAX: 603 – 4041 3939 / 4042 8088

Form No: PIL/FM/006
Rev No: 0
Page 3 of 4

| OTHER TERMS & CONDITIONS: | | |
|---|---|---|
| | I) | EXTENSION OF SHIPMENT & ARBITRATION, RELATING TO THE TERMS OF THIS CONTRACT, WITH ARBITRATION IN LONDON, SHALL BE AS PER FOSFA-81, ABOUT WHICH THE PARTIES HAVE KNOWLEDGE AND NOTICE AND HEREBY ACCEPT. |
| | II) | CHARTER PARTY BILL OF LADING IS ACCEPTABLE. |
| | III) | LAST THREE CARGOES TO BE CLEAN AND UNLEADED AND LAST CARGO NOT ON THE FOSFA BANNED LIST. |
| | IV) | IN CASE EITHER PARTY DEFAULTS ON THE EXECUTION OF THE CONTRACTUAL OBLIGATIONS UNDER THIS CONTRACT, THE AGGRIEVED PARTY SHALL BE ENTITLED TO RECOVER ANY OR ALL CONSEQUENTIAL DAMAGES (SUCH AS, BUT NOT LIMITED, TO COST OF MATERIAL, STORAGE FREIGHT, INTEREST AND OTHERS) FROM THE DEFAULT PARTY. |
| | V) | THIS CONTRACT IS ONLY FOR PHYSICAL DELIVERY NO WASHOUT SHALL BE ALLOWED FOR THE CONTRACTED QUANTITIES. |
| | VI) | NEITHER PARTY SHALL BEAR RESPONSIBILITY FOR DEFAULT OF THEIR OBLIGATIONS UNDER THE CONTRACT, IF IT IS A CONSEQUENCE OF FORCE-MAJEURE CIRCUMSTANCES,NAMELY: ACT OF GOD, STRIKES, LOCKOUTS,RIOTS,CIVIL COMMOTIONS, FIRES, NATURAL DISASTERS, MILITARY ACTIONS, EMBARGO, VESSEL ACCIDENT, GROUNDING OR ANY OTHER CAUSE COMPREHENDED BY THE TERM FORCE MAJEURE AT PORT/S OF LOADING OR ELSEWHERE PREVENTING TRANSPORT OF THE GOODS TO DISCHARGE PORT/S. |
| | VII) | THE PARTY FOR WHOM FORCE-MAJEURE CIRCUMSTANCES OCCUR MUST IMMEDIATELY, WITHIN 72 HOURS OF THEIR OCCURRENCE, NOTIFY THE OTHER PARTY IN WRITING (EITHER BY FAX OR E-MAIL) AND SUPPLY DOCUMENTARY EVIDENCE. |
| | VIII) | AFTER THE OCCURRENCE AND NOTIFICATION OF FORCE-MAJEURE CIRCUMSTANCES, THE PARTIES MUST IMMEDIATELY COORDINATE THE NECESSARY MEASURES TO OVERCOME SUCH FORCE-MAJEURE CIRCUMSTANCES. |



**PACIFIC INTER-LINK SDN BHD**
31ˢᵗ FLOOR, MENARA DATO ONN', PUTRA WORLD TRADE CENTRE
45 JALAN TUN ISMAIL, 50480 KUALA LUMPUR
TEL: 603 – 4042 3933          FAX: 603 – 4041 3939 / 4042 8088

Form No: PIL/FM/006
Rev No: 0
Page 4 of 4

IX)    FAILURE OR DELAY IN NOTIFICATION OF THE
       OCCURRENCE         OF         FORCE-MAJEURE
       CIRCUMSTANCES SHALL BE CONSIDERED AS A
       VIOLATION OF THE CONTRACT AND SHALL NOT
       EXEMPT THE PARTY THAT HAS VIOLATED THE
       CONTRACTUAL CONDITIONS FROM HIS LIABILITIES

FOR SELLER                                    FOR BUYER
PACIFIC INTER-LINK SDN BHD

_Nakul Rastogi_

_____          _____

NOTE: THE BUYERS SHALL ACKNOWLEDGE CONTENTS AND RECEIPT OF THIS DOCUMENT, BY THE
      CLOSE OF THE WORKING HOURS , TODAY BY RETURNING THE SIGNED / SEALED
      COPY OF THE SELLERS. IF THE SIGNED & SEALED COPY OF THE CONTRACT IS NOT RECEIVED AS
      MENTIONED ABOVE, THE SELLER SHALL RESERVE THE RIGHT TO CANCEL THE CONTRACT.



# PACIFIC INTER-LINK SDN BHD

31st FLOOR, MENARA DATO ONN', PUTRA WORLD TRADE CENTRE
45 JALAN TUN ISMAIL, 50480 KUALA LUMPUR
TEL: 603 – 4042 3933          FAX: 603 – 4041 3939 / 4042 8088

Form No: PIL/FM/006
Rev No: 0
Page 1 of 4

## SALES CONTRACT

TO :  EFKO FOOD INGREDIENTS LIMITED
RUSSIA

DATE   : 07/09/2007
OUR REF: PIL/PO/0690/07

AMENDMENT NO   :
AMENDMENT DATE :

ATTN  :

YOUR REF:

WE ARE PLEASED TO CONFIRM HAVING SOLD TO YOU THE FOLLOWING SUBJECT
TO OUR GENERAL TERMS AND CONDITIONS OF SALE AND AS PER HEREUNDER :

| S/NO. | DESCRIPTION OF GOOD(S) | QTY | UNIT PRICE (USD) | TOTAL VALUE (USD) |
|---|---|---|---|---|
| | RBD PALM OLEIN IN BULK PMT CFR PORT ILYICHEVSK | 1,500 MTS | 809.00 | 1,213,500.00 |
| | | | | |

COUNTRY OF ORIGIN      :     MALAYSIA / INDONESIA

PORT OF LOADING        :     MALAYSIA / INDONESIA

SHIPMENT MONTH         :     FEBRUARY 2008

PACKING                :     IN BULK

PAYMENT TERMS          :     100 % OF THE INVOICE VALUE BY TELEGRAPHIC TRANSFER
TO PIL'S BANK 15 DAYS BEFORE THE ARRIVAL OF
PERFORMING VESSEL TO THE DISCHARGE PORT
CARRYING THE CONTRACTED QUANTITIES.

BANK DETAILS           :     RHB BANK BERHAD

AddresS : KL TRADE SERVICES CENTRE,
LEVEL 3,4, & 5, NO: 75, JALAN TUN H.S. LEE
50000 KUALA LUMPUR.

Account No :  USD A/C NO: 61412900006928

Swift No    :  RHBBMYKL

Correspondent
Bank for USD A/C   : BANK OF NEW YORK

SWIFT             : IRVTUS3N

1 | P a g e



**PACIFIC INTER-LINK SDN BHD**
31ˢᵗ FLOOR, MENARA DATO ONN', PUTRA WORLD TRADE CENTRE
45 JALAN TUN ISMAIL, 50480 KUALA LUMPUR
TEL: 603 – 4042 3933          FAX: 603 – 4041 3939 / 4042 8088

Form No: PIL/FM/006
Rev No: 0
Page 2 of 4

| | | |
|---|---|---|
| **SPECIFICATIONS** | : | AS PER PORAM STANDARD SPECS (AT THE TIME OF SHIPMENT) |
| **WEIGHT** | : | AS FINAL AT LOAD PORT. FINAL WEIGHT AT LOAD PORT TO BE ASCERTAINED BY A FIRST CLASS SURVEYOR APPOINTED BY THE SELLER. |
| **QUALITY** | : | FINAL AT LOADPORT AS PER FIRST CLASS SURVEYOR'S CERTIFICATE, APPOINTED BY SELLER AT THEIR EXPENSE. SELLER'S TO PROVIDE NON-RADIOACTIVTY CERTIFICATE UPON REQUEST, PHYTOSANITORY AND FITNESS CERTIFICATE ISSUED BY INDEPENDENT SURVEYOR |
| **QUANTITY** | : | 5% MORE OR LESS AT SELLER'S OPTION |
| **INSURANCE** | : | BUYER TO COVER INSURANCE |
| **PORT OF DISCHARGE** | : | PORT IIYICHEVSK |
| **DISCHARGE** | : | BUYER'S SHALL ENSURE TO: |

A)  GUARANTEE TO DISCHARGE VESSEL AT THE MINIMUM RATE OF 100 MT PER RUNNING HOURS – SUNDAYS AND HOLIDAYS INCLUDED.

B)  IT SHALL BE THE RECEIVER'S RESPONSIBILITY TO TAKE ALL CARE FOR THE PROMPT BERTHING OF THE VESSEL

C)  LAYTIME TO COUNT 6 HOURS AFTER THE NOTICE OR UPON BERTHING OF THE VESSEL, WHICHEVER IS EARLIER.

D)  DEMURRAGE IF ANY, RESULTING FROM NON-COMPLIANCE TO CONDITIONS OF CL (A) & (B) & (C) ABOVE CLAIMED AS PER THE CHARTER PARTY, BY THE OWNERS OF THE VESSEL SHALL BE TO THE RECEIVER'S ACCOUNT AND PAID WITHIN 7 WORKING DAYS OF THE CLAIM. THE DEMURRAGE SHALL BE GOVERNED BY THE CHARTER PARTY, NO DESPATCH.



**PACIFIC INTER-LINK SDN BHD**
31st FLOOR, MENARA DATO ONN', PUTRA WORLD TRADE CENTRE
45 JALAN TUN ISMAIL, 50480 KUALA LUMPUR
TEL: 603 – 4042 3933          FAX: 603 – 4041 3939 / 4042 8088

Form No: PIL/FM/006
Rev No: 0
Page 3 of 4

**OTHER TERMS & CONDITIONS:**

I)   EXTENSION OF SHIPMENT & ARBITRATION, RELATING TO THE TERMS OF THIS CONTRACT, WITH ARBITRATION IN LONDON, SHALL BE AS PER FOSFA-81, ABOUT WHICH THE PARTIES HAVE KNOWLEDGE AND NOTICE AND HEREBY ACCEPT.

II)  CHARTER PARTY BILL OF LADING IS ACCEPTABLE.

III) LAST THREE CARGOES TO BE CLEAN AND UNLEADED AND LAST CARGO NOT ON THE FOSFA BANNED LIST.

IV)  IN CASE EITHER PARTY DEFAULTS ON THE EXECUTION OF THE CONTRACTUAL OBLIGATIONS UNDER THIS CONTRACT, THE AGGRIEVED PARTY SHALL BE ENTITLED TO RECOVER ANY OR ALL CONSEQUENTIAL DAMAGES (SUCH AS, BUT NOT LIMITED, TO COST OF MATERIAL, STORAGE FREIGHT, INTEREST AND OTHERS) FROM THE DEFAULT PARTY.

V)   THIS CONTRACT IS ONLY FOR PHYSICAL DELIVERY NO WASHOUT SHALL BE ALLOWED FOR THE CONTRACTED QUANTITIES.

VI)  NEITHER PARTY SHALL BEAR RESPONSIBILITY FOR DEFAULT OF THEIR OBLIGATIONS UNDER THE CONTRACT, IF IT IS A CONSEQUENCE OF FORCE-MAJEURE CIRCUMSTANCES,NAMELY: ACT OF GOD, STRIKES, LOCKOUTS,RIOTS,CIVIL COMMOTIONS, FIRES, NATURAL DISASTERS, MILITARY ACTIONS, EMBARGO, VESSEL ACCIDENT, GROUNDING OR ANY OTHER CAUSE COMPREHENDED BY THE TERM FORCE MAJEURE AT PORT/S OF LOADING OR ELSEWHERE PREVENTING TRANSPORT OF THE GOODS TO DISCHARGE PORT/S.

VII) THE PARTY FOR WHOM FORCE-MAJEURE CIRCUMSTANCES OCCUR MUST IMMEDIATELY, WITHIN 72 HOURS OF THEIR OCCURRENCE, NOTIFY THE OTHER PARTY IN WRITING (EITHER BY FAX OR E-MAIL) AND SUPPLY DOCUMENTARY EVIDENCE.

VIII) AFTER THE OCCURRENCE AND NOTIFICATION OF FORCE-MAJEURE CIRCUMSTANCES, THE PARTIES MUST IMMEDIATELY COORDINATE THE NECESSARY MEASURES TO OVERCOME SUCH FORCE-MAJEURE CIRCUMSTANCES.



# PACIFIC INTER-LINK SDN BHD

31ˢᵗ FLOOR, MENARA DATO ONN', PUTRA WORLD TRADE CENTRE
45 JALAN TUN ISMAIL, 50480 KUALA LUMPUR
TEL: 603 – 4042 3933          FAX: 603 – 4041 3939 / 4042 8088

Form No: PIL/FM/006
Rev No: 0
Page 4 of 4

IX)     FAILURE OR DELAY IN NOTIFICATION OF THE OCCURRENCE OF FORCE-MAJEURE CIRCUMSTANCES SHALL BE CONSIDERED AS A VIOLATION OF THE CONTRACT AND SHALL NOT EXEMPT THE PARTY THAT HAS VIOLATED THE CONTRACTUAL CONDITIONS FROM HIS LIABILITIES

**FOR SELLER**                                    **FOR BUYER**
**PACIFIC INTER-LINK SDN BHD**

*Nakul Rastogi*

_____                 _____

NOTE: THE BUYERS SHALL ACKNOWLEDGE CONTENTS AND RECEIPT OF THIS DOCUMENT, BY THE CLOSE OF THE WORKING HOURS , TODAY BY RETURNING THE SIGNED / SEALED COPY OF THE SELLERS. IF THE SIGNED & SEALED COPY OF THE CONTRACT IS NOT RECEIVED AS MENTIONED ABOVE, THE SELLER SHALL RESERVE THE RIGHT TO CANCEL THE CONTRACT.

# PACIFIC INTER-LINK SDN BHD

31ˢᵗ FLOOR, MENARA DATO ONN', PUTRA WORLD TRADE CENTRE
45 JALAN TUN ISMAIL, 50480 KUALA LUMPUR
TEL: 603 – 4042 3933        FAX: 603 – 4041 3939 / 4042 8088

Form No: PIL/FM/006
Rev No: 0
Page 1 of 4

## SALES CONTRACT

TO :    EFKO FOOD INGREDIENTS LIMITED
        RUSSIA

DATE      : 07/09/2007
OUR REF : PIL/PO/0691/07

AMENDMENT NO    :
AMENDMENT DATE :

YOUR REF:

ATTN :

WE ARE PLEASED TO CONFIRM HAVING SOLD TO YOU THE FOLLOWING SUBJECT
TO OUR GENERAL TERMS AND CONDITIONS OF SALE AND AS PER HEREUNDER :

| S/NO. | DESCRIPTION OF GOOD(S) | QTY | UNIT PRICE (USD) | TOTAL VALUE (USD) |
|---|---|---|---|---|
| | RBD PALM OLEIN IN BULK PMT CFR PORT ILYICHEVSK | 1,500 MTS | 809.00 | 1,213,500.00 |

| | | |
|---|---|---|
| COUNTRY OF ORIGIN | : | MALAYSIA / INDONESIA |
| PORT OF LOADING | : | MALAYSIA / INDONESIA |
| SHIPMENT MONTH | : | MARCH 2008 |
| PACKING | : | IN BULK |
| PAYMENT TERMS | : | 100 % OF THE INVOICE VALUE BY TELEGRAPHIC TRANSFER TO PIL'S BANK 15 DAYS BEFORE THE ARRIVAL OF PERFORMING VESSEL TO THE DISCHARGE PORT CARRYING THE CONTRACTED QUANTITIES. |
| BANK DETAILS | : | RHB BANK BERHAD |

AddresS : KL TRADE SERVICES CENTRE,
LEVEL 3,4, & 5, NO: 75, JALAN TUN H.S. LEE
50000 KUALA LUMPUR.

Account No :    USD A/C NO: 61412900006928

Swift No  :   RHBBMYKL

Correspondent
Bank for USD A/C    :  BANK OF NEW YORK

SWIFT        :  IRVTUS3N

1|Page



# PACIFIC INTER-LINK SDN BHD

31ˢᵗ FLOOR, MENARA DATO ONN', PUTRA WORLD TRADE CENTRE
45 JALAN TUN ISMAIL, 50480 KUALA LUMPUR
TEL: 603 – 4042 3933          FAX: 603 – 4041 3939 / 4042 8088

Form No: PIL/FM/006
Rev No: 0
Page 2 of 4

| | | |
|---|---|---|
| **SPECIFICATIONS** | : | AS PER PORAM STANDARD SPECS (AT THE TIME OF SHIPMENT) |
| **WEIGHT** | : | AS FINAL AT LOAD PORT. FINAL WEIGHT AT LOAD PORT TO BE ASCERTAINED BY A FIRST CLASS SURVEYOR APPOINTED BY THE SELLER. |
| **QUALITY** | : | FINAL AT LOADPORT AS PER FIRST CLASS SURVEYOR'S CERTIFICATE, APPOINTED BY SELLER AT THEIR EXPENSE. SELLER'S TO PROVIDE NON-RADIOACTIVTY CERTIFICATE UPON REQUEST, PHYTOSANITORY AND FITNESS CERTIFICATE ISSUED BY INDEPENDENT SURVEYOR |
| **QUANTITY** | : | 5% MORE OR LESS AT SELLER'S OPTION |
| **INSURANCE** | : | BUYER TO COVER INSURANCE |
| **PORT OF DISCHARGE** | : | PORT IIYICHEVSK |
| **DISCHARGE** | : | BUYER'S SHALL ENSURE TO: |

A) GUARANTEE TO DISCHARGE VESSEL AT THE MINIMUM RATE OF 100 MT PER RUNNING HOURS – SUNDAYS AND HOLIDAYS INCLUDED.

B) IT SHALL BE THE RECEIVER'S RESPONSIBILITY TO TAKE ALL CARE FOR THE PROMPT BERTHING OF THE VESSEL

C) LAYTIME TO COUNT 6 HOURS AFTER THE NOTICE OR UPON BERTHING OF THE VESSEL, WHICHEVER IS EARLIER.

D) DEMURRAGE IF ANY, RESULTING FROM NON-COMPLIANCE TO CONDITIONS OF CL (A) & (B) & (C) ABOVE CLAIMED AS PER THE CHARTER PARTY, BY THE OWNERS OF THE VESSEL SHALL BE TO THE RECEIVER'S ACCOUNT AND PAID WITHIN 7 WORKING DAYS OF THE CLAIM. THE DEMURRAGE SHALL BE GOVERNED BY THE CHARTER PARTY, NO DESPATCH.

2 | P a g e



**PACIFIC INTER-LINK SDN BHD**
31st FLOOR, MENARA DATO ONN', PUTRA WORLD TRADE CENTRE
45 JALAN TUN ISMAIL, 50480 KUALA LUMPUR
TEL: 603 – 4042 3933          FAX: 603 – 4041 3939 / 4042 8088

Form No: PIL/FM/006
Rev No: 0
Page 3 of 4

**OTHER TERMS & CONDITIONS:**

I)   EXTENSION OF SHIPMENT & ARBITRATION, RELATING TO THE TERMS OF THIS CONTRACT, WITH ARBITRATION IN LONDON, SHALL BE AS PER FOSFA-81, ABOUT WHICH THE PARTIES HAVE KNOWLEDGE AND NOTICE AND HEREBY ACCEPT.

II)  CHARTER PARTY BILL OF LADING IS ACCEPTABLE.

III) LAST THREE CARGOES TO BE CLEAN AND UNLEADED AND LAST CARGO NOT ON THE FOSFA BANNED LIST.

IV)  IN CASE EITHER PARTY DEFAULTS ON THE EXECUTION OF THE CONTRACTUAL OBLIGATIONS UNDER THIS CONTRACT, THE AGGRIEVED PARTY SHALL BE ENTITLED TO RECOVER ANY OR ALL CONSEQUENTIAL DAMAGES (SUCH AS, BUT NOT LIMITED, TO COST OF MATERIAL, STORAGE FREIGHT, INTEREST AND OTHERS) FROM THE DEFAULT PARTY.

V)   THIS CONTRACT IS ONLY FOR PHYSICAL DELIVERY NO WASHOUT SHALL BE ALLOWED FOR THE CONTRACTED QUANTITIES.

VI)  NEITHER PARTY SHALL BEAR RESPONSIBILITY FOR DEFAULT OF THEIR OBLIGATIONS UNDER THE CONTRACT, IF IT IS A CONSEQUENCE OF FORCE-MAJEURE CIRCUMSTANCES,NAMELY: ACT OF GOD, STRIKES,   LOCKOUTS,RIOTS,CIVIL   COMMOTIONS, FIRES, NATURAL DISASTERS, MILITARY ACTIONS, EMBARGO, VESSEL ACCIDENT, GROUNDING OR ANY OTHER CAUSE COMPREHENDED BY THE TERM FORCE MAJEURE AT PORT/S OF LOADING OR ELSEWHERE PREVENTING TRANSPORT OF THE GOODS TO DISCHARGE PORT/S.

VII) THE   PARTY   FOR   WHOM   FORCE-MAJEURE CIRCUMSTANCES   OCCUR   MUST   IMMEDIATELY, WITHIN 72 HOURS OF THEIR OCCURRENCE, NOTIFY THE OTHER PARTY IN WRITING (EITHER BY FAX OR E-MAIL) AND SUPPLY DOCUMENTARY EVIDENCE.

VIII) AFTER THE OCCURRENCE AND NOTIFICATION OF FORCE-MAJEURE CIRCUMSTANCES, THE PARTIES MUST IMMEDIATELY COORDINATE THE NECESSARY MEASURES TO OVERCOME SUCH FORCE-MAJEURE CIRCUMSTANCES.



**PACIFIC INTER-LINK SDN BHD**
31ˢᵗ FLOOR, MENARA DATO ONN', PUTRA WORLD TRADE CENTRE
45 JALAN TUN ISMAIL, 50480 KUALA LUMPUR
TEL: 603 – 4042 3933        FAX: 603 – 4041 3939 / 4042 8088

Form No: PIL/FM/006
Rev No: 0
Page 4 of 4

IX)    FAILURE OR DELAY IN NOTIFICATION OF THE
       OCCURRENCE    OF    FORCE-MAJEURE
       CIRCUMSTANCES SHALL BE CONSIDERED AS A
       VIOLATION OF THE CONTRACT AND SHALL NOT
       EXEMPT THE PARTY THAT HAS VIOLATED THE
       CONTRACTUAL CONDITIONS FROM HIS LIABILITIES

**FOR SELLER**                                **FOR BUYER**
**PACIFIC INTER-LINK SDN BHD**

*Nakul Rastogi*

NOTE: THE BUYERS SHALL ACKNOWLEDGE CONTENTS AND RECEIPT OF THIS DOCUMENT, BY THE
CLOSE OF THE WORKING HOURS , TODAY BY RETURNING THE SIGNED / SEALED
COPY OF THE SELLERS. IF THE SIGNED & SEALED COPY OF THE CONTRACT IS NOT RECEIVED AS
MENTIONED ABOVE, THE SELLER SHALL RESERVE THE RIGHT TO CANCEL THE CONTRACT.

# PACIFIC INTER-LINK SDN BHD

31ˢᵗ FLOOR, MENARA DATO ONN', PUTRA WORLD TRADE CENTRE
45 JALAN TUN ISMAIL, 50480 KUALA LUMPUR
TEL: 603 – 4042 3933          FAX: 603 – 4041 3939 / 4042 8088

Form No: PIL/FM/006
Rev No: 0
Page 1 of 4

# SALES CONTRACT

TO :   **EFKO FOOD INGREDIENTS LIMITED**
      **RUSSIA**

DATE    : 07/09/2007
OUR REF: PIL/PO/0692/07

AMENDMENT NO    :
AMENDMENT DATE :

ATTN  :

YOUR REF:

WE ARE PLEASED TO CONFIRM HAVING SOLD TO YOU THE FOLLOWING SUBJECT
TO OUR GENERAL TERMS AND CONDITIONS OF SALE AND AS PER HEREUNDER :

| S/NO. | DESCRIPTION OF GOOD(S) | QTY | UNIT PRICE (USD) | TOTAL VALUE (USD) |
|---|---|---|---|---|
|  | RBD PALM OLEIN IN BULK PMT CFR PORT ILYICHEVSK | 1,500 MTS | 804.00 | 1,206,000.00 |
|  |  |  |  |  |

| | | |
|---|---|---|
| COUNTRY OF ORIGIN | : | MALAYSIA / INDONESIA |
| PORT OF LOADING | : | MALAYSIA / INDONESIA |
| SHIPMENT MONTH | : | APRIL  2008 |
| PACKING | : | IN BULK |
| PAYMENT TERMS | : | 100 % OF THE INVOICE VALUE BY TELEGRAPHIC TRANSFER TO PIL'S BANK 15 DAYS BEFORE THE ARRIVAL OF PERFORMING VESSEL TO THE DISCHARGE PORT CARRYING THE CONTRACTED QUANTITIES. |
| BANK DETAILS | : | RHB BANK BERHAD |

AddresS : KL TRADE SERVICES CENTRE,
           LEVEL 3,4, & 5, NO: 75, JALAN TUN H.S. LEE
           50000 KUALA LUMPUR.

Account No :   USD A/C NO: 61412900006928

Swift No    :   RHBBMYKL

Correspondent
Bank for USD A/C   : BANK OF NEW YORK

SWIFT          : IRVTUS3N

1 | P a g e

# PACIFIC INTER-LINK SDN BHD

31st FLOOR, MENARA DATO ONN', PUTRA WORLD TRADE CENTRE
45 JALAN TUN ISMAIL, 50480 KUALA LUMPUR
TEL: 603 – 4042 3933          FAX: 603 – 4041 3939 / 4042 8088

Form No: PIL/FM/006
Rev No: 0
Page 2 of 4

| | | |
|---|---|---|
| SPECIFICATIONS | : | AS PER PORAM STANDARD SPECS (AT THE TIME OF SHIPMENT) |
| WEIGHT | : | AS FINAL AT LOAD PORT. FINAL WEIGHT AT LOAD PORT TO BE ASCERTAINED BY A FIRST CLASS SURVEYOR APPOINTED BY THE SELLER. |
| QUALITY | : | FINAL AT LOADPORT AS PER FIRST CLASS SURVEYOR'S CERTIFICATE, APPOINTED BY SELLER AT THEIR EXPENSE. SELLER'S TO PROVIDE NON-RADIOACTIVTY CERTIFICATE  UPON REQUEST, PHYTOSANITORY AND FITNESS CERTIFICATE ISSUED BY INDEPENDENT SURVEYOR |
| QUANTITY | : | 5% MORE OR LESS AT SELLER'S OPTION |
| INSURANCE | : | BUYER TO COVER INSURANCE |
| PORT OF DISCHARGE | : | PORT IIYICHEVSK |
| DISCHARGE | : | BUYER'S SHALL ENSURE TO: |

A) GUARANTEE TO DISCHARGE VESSEL AT THE MINIMUM RATE OF 100 MT PER RUNNING HOURS – SUNDAYS AND HOLIDAYS INCLUDED.

B) IT SHALL BE THE RECEIVER'S RESPONSIBILITY TO TAKE ALL CARE FOR THE PROMPT BERTHING OF THE VESSEL

C) LAYTIME TO COUNT 6 HOURS AFTER THE NOTICE OR UPON BERTHING OF THE VESSEL, WHICHEVER IS EARLIER.

D) DEMURRAGE IF ANY, RESULTING FROM NON-COMPLIANCE TO CONDITIONS OF CL (A) & (B) & (C) ABOVE CLAIMED AS PER THE CHARTER PARTY, BY THE OWNERS OF THE VESSEL SHALL BE TO THE RECEIVER'S ACCOUNT AND PAID WITHIN 7 WORKING DAYS OF THE CLAIM. THE DEMURRAGE SHALL BE GOVERNED BY THE CHARTER PARTY, NO DESPATCH.



# PACIFIC INTER-LINK SDN BHD
31st FLOOR, MENARA DATO ONN', PUTRA WORLD TRADE CENTRE
45 JALAN TUN ISMAIL, 50480 KUALA LUMPUR
TEL: 603 – 4042 3933          FAX: 603 – 4041 3939 / 4042 8088

Form No: PIL/FM/006
Rev No: 0
Page 3 of 4

**OTHER TERMS & CONDITIONS:**

I)   EXTENSION OF SHIPMENT & ARBITRATION, RELATING TO THE TERMS OF THIS CONTRACT, WITH ARBITRATION IN LONDON, SHALL BE AS PER FOSFA-81, ABOUT WHICH THE PARTIES HAVE KNOWLEDGE AND NOTICE AND HEREBY ACCEPT.

II)  CHARTER PARTY BILL OF LADING IS ACCEPTABLE.

III) LAST THREE CARGOES TO BE CLEAN AND UNLEADED AND LAST CARGO NOT ON THE FOSFA BANNED LIST.

IV)  IN CASE EITHER PARTY DEFAULTS ON THE EXECUTION OF THE CONTRACTUAL OBLIGATIONS UNDER THIS CONTRACT, THE AGGRIEVED PARTY SHALL BE ENTITLED TO RECOVER ANY OR ALL CONSEQUENTIAL DAMAGES (SUCH AS, BUT NOT LIMITED, TO COST OF MATERIAL, STORAGE FREIGHT, INTEREST AND OTHERS) FROM THE DEFAULT PARTY.

V)   THIS CONTRACT IS ONLY FOR PHYSICAL DELIVERY NO WASHOUT SHALL BE ALLOWED FOR THE CONTRACTED QUANTITIES.

VI)  NEITHER PARTY SHALL BEAR RESPONSIBILITY FOR DEFAULT OF THEIR OBLIGATIONS UNDER THE CONTRACT, IF IT IS A CONSEQUENCE OF FORCE-MAJEURE CIRCUMSTANCES,NAMELY: ACT OF GOD, STRIKES, LOCKOUTS,RIOTS,CIVIL COMMOTIONS, FIRES, NATURAL DISASTERS, MILITARY ACTIONS, EMBARGO, VESSEL ACCIDENT, GROUNDING OR ANY OTHER CAUSE COMPREHENDED BY THE TERM FORCE MAJEURE AT PORT/S OF LOADING OR ELSEWHERE PREVENTING TRANSPORT OF THE GOODS TO DISCHARGE PORT/S.

VII) THE PARTY FOR WHOM FORCE-MAJEURE CIRCUMSTANCES OCCUR MUST IMMEDIATELY, WITHIN 72 HOURS OF THEIR OCCURRENCE, NOTIFY THE OTHER PARTY IN WRITING (EITHER BY FAX OR E-MAIL) AND SUPPLY DOCUMENTARY EVIDENCE.

VIII) AFTER THE OCCURRENCE AND NOTIFICATION OF FORCE-MAJEURE CIRCUMSTANCES, THE PARTIES MUST IMMEDIATELY COORDINATE THE NECESSARY MEASURES TO OVERCOME SUCH FORCE-MAJEURE CIRCUMSTANCES.



# PACIFIC INTER-LINK SDN BHD
31st FLOOR, MENARA DATO ONN', PUTRA WORLD TRADE CENTRE
45 JALAN TUN ISMAIL, 50480 KUALA LUMPUR
TEL: 603 – 4042 3933          FAX: 603 – 4041 3939 / 4042 8088

Form No: PIL/FM/006
Rev No: 0
Page 4 of 4

IX)     FAILURE OR DELAY IN NOTIFICATION OF THE OCCURRENCE OF FORCE-MAJEURE CIRCUMSTANCES SHALL BE CONSIDERED AS A VIOLATION OF THE CONTRACT AND SHALL NOT EXEMPT THE PARTY THAT HAS VIOLATED THE CONTRACTUAL CONDITIONS FROM HIS LIABILITIES

**FOR SELLER**
**PACIFIC INTER-LINK SDN BHD**

**FOR BUYER**

_Nakul Rastogi_

_____            _____

NOTE: THE BUYERS SHALL ACKNOWLEDGE CONTENTS AND RECEIPT OF THIS DOCUMENT, BY THE CLOSE OF THE WORKING HOURS , TODAY BY RETURNING THE SIGNED / SEALED COPY OF THE SELLERS. IF THE SIGNED & SEALED COPY OF THE CONTRACT IS NOT RECEIVED AS MENTIONED ABOVE, THE SELLER SHALL RESERVE THE RIGHT TO CANCEL THE CONTRACT.



# PACIFIC INTER-LINK SDN BHD
31st FLOOR, MENARA DATO ONN', PUTRA WORLD TRADE CENTRE
45 JALAN TUN ISMAIL, 50480 KUALA LUMPUR
TEL: 603 – 4042 3933              FAX: 603 – 4041 3939 / 4042 8088

Form No: PIL/FM/006
Rev No: 0
Page 1 of 4

# SALES CONTRACT

TO :    EFKO FOOD INGREDIENTS LIMITED          DATE    : 07/09/2007
         RUSSIA                                  OUR REF: PIL/PO/0693/07

                                                 AMENDMENT NO    :
                                                 AMENDMENT DATE :

ATTN :                                           YOUR REF:

WE ARE PLEASED TO CONFIRM HAVING SOLD TO YOU THE FOLLOWING SUBJECT
TO OUR GENERAL TERMS AND CONDITIONS OF SALE AND AS PER HEREUNDER :

| S/NO. | DESCRIPTION OF GOOD(S) | QTY | UNIT PRICE (USD) | TOTAL VALUE (USD) |
|---|---|---|---|---|
| | RBD PALM OLEIN IN BULK PMT CFR PORT ILYICHEVSK | 1,500 MTS | 804.00 | 1,206,000.00 |
| | | | | |

COUNTRY OF ORIGIN        :     MALAYSIA / INDONESIA

PORT OF LOADING          :     MALAYSIA / INDONESIA

SHIPMENT MONTH           :     MAY  2008

PACKING                  :     IN BULK

PAYMENT TERMS            :     100 % OF THE INVOICE VALUE BY TELEGRAPHIC TRANSFER
                               TO PIL'S BANK 15 DAYS BEFORE THE ARRIVAL OF
                               PERFORMING VESSEL TO THE DISCHARGE PORT
                               CARRYING THE CONTRACTED QUANTITIES.

BANK DETAILS             :     RHB BANK BERHAD

                               AddresS : KL TRADE SERVICES CENTRE,
                                         LEVEL 3,4, & 5, NO: 75, JALAN TUN H.S. LEE
                                         50000 KUALA LUMPUR.

                               Account No :   USD A/C NO: 61412900006928

                               Swift No    :   RHBBMYKL

                               Correspondent
                               Bank for USD A/C  : BANK OF NEW YORK

                               SWIFT             : IRVTUS3N

1 | P a g e



## PACIFIC INTER-LINK SDN BHD
31st FLOOR, MENARA DATO ONN', PUTRA WORLD TRADE CENTRE
45 JALAN TUN ISMAIL, 50480 KUALA LUMPUR
TEL: 603 – 4042 3933        FAX: 603 – 4041 3939 / 4042 8088

Form No: PIL/FM/006
Rev No: 0
Page 2 of 4

| | | |
|---|---|---|
| SPECIFICATIONS | : | AS PER PORAM STANDARD SPECS (AT THE TIME OF SHIPMENT) |
| WEIGHT | : | AS FINAL AT LOAD PORT. FINAL WEIGHT AT LOAD PORT TO BE ASCERTAINED BY A FIRST CLASS SURVEYOR APPOINTED BY THE SELLER. |
| QUALITY | : | FINAL AT LOADPORT AS PER FIRST CLASS SURVEYOR'S CERTIFICATE, APPOINTED BY SELLER AT THEIR EXPENSE. SELLER'S TO PROVIDE NON-RADIOACTIVTY CERTIFICATE  UPON REQUEST, PHYTOSANITARY AND FITNESS CERTIFICATE ISSUED BY INDEPENDENT SURVEYOR |
| QUANTITY | : | 5% MORE OR LESS AT SELLER'S OPTION |
| INSURANCE | : | BUYER TO COVER INSURANCE |
| PORT OF DISCHARGE | : | PORT IIYICHEVSK |
| DISCHARGE | : | BUYER'S SHALL ENSURE TO: |

A) GUARANTEE TO DISCHARGE VESSEL AT THE MINIMUM RATE OF 100 MT PER RUNNING HOURS – SUNDAYS AND HOLIDAYS INCLUDED.

B) IT SHALL BE THE RECEIVER'S RESPONSIBILITY TO TAKE ALL CARE FOR THE PROMPT BERTHING OF THE VESSEL

C) LAYTIME TO COUNT 6 HOURS AFTER THE NOTICE OR UPON BERTHING OF THE VESSEL, WHICHEVER IS EARLIER.

D) DEMURRAGE IF ANY, RESULTING FROM NON-COMPLIANCE TO CONDITIONS OF CL (A) & (B) & (C) ABOVE CLAIMED AS PER THE CHARTER PARTY, BY THE OWNERS OF THE VESSEL SHALL BE TO THE RECEIVER'S ACCOUNT AND PAID WITHIN 7 WORKING DAYS OF THE CLAIM. THE DEMURRAGE SHALL BE GOVERNED BY THE CHARTER PARTY, NO DESPATCH.

**PACIFIC INTER-LINK SDN BHD**
31ˢᵗ FLOOR, MENARA DATO ONN', PUTRA WORLD TRADE CENTRE
45 JALAN TUN ISMAIL, 50480 KUALA LUMPUR
TEL: 603 – 4042 3933          FAX: 603 – 4041 3939 / 4042 8088

Form No: PIL/FM/006
Rev No: 0
Page 3 of 4

OTHER TERMS & CONDITIONS:

I) EXTENSION OF SHIPMENT & ARBITRATION, RELATING TO THE TERMS OF THIS CONTRACT, WITH ARBITRATION IN LONDON, SHALL BE AS PER FOSFA-81, ABOUT WHICH THE PARTIES HAVE KNOWLEDGE AND NOTICE AND HEREBY ACCEPT.

II) CHARTER PARTY BILL OF LADING IS ACCEPTABLE.

III) LAST THREE CARGOES TO BE CLEAN AND UNLEADED AND LAST CARGO NOT ON THE FOSFA BANNED LIST.

IV) IN CASE EITHER PARTY DEFAULTS ON THE EXECUTION OF THE CONTRACTUAL OBLIGATIONS UNDER THIS CONTRACT, THE AGGRIEVED PARTY SHALL BE ENTITLED TO RECOVER ANY OR ALL CONSEQUENTIAL DAMAGES (SUCH AS, BUT NOT LIMITED, TO COST OF MATERIAL, STORAGE FREIGHT, INTEREST AND OTHERS) FROM THE DEFAULT PARTY.

V) THIS CONTRACT IS ONLY FOR PHYSICAL DELIVERY NO WASHOUT SHALL BE ALLOWED FOR THE CONTRACTED QUANTITIES.

VI) NEITHER PARTY SHALL BEAR RESPONSIBILITY FOR DEFAULT OF THEIR OBLIGATIONS UNDER THE CONTRACT, IF IT IS A CONSEQUENCE OF FORCE-MAJEURE CIRCUMSTANCES,NAMELY: ACT OF GOD, STRIKES, LOCKOUTS,RIOTS,CIVIL COMMOTIONS, FIRES, NATURAL DISASTERS, MILITARY ACTIONS, EMBARGO, VESSEL ACCIDENT, GROUNDING OR ANY OTHER CAUSE COMPREHENDED BY THE TERM FORCE MAJEURE AT PORT/S OF LOADING OR ELSEWHERE PREVENTING TRANSPORT OF THE GOODS TO DISCHARGE PORT/S.

VII) THE PARTY FOR WHOM FORCE-MAJEURE CIRCUMSTANCES OCCUR MUST IMMEDIATELY, WITHIN 72 HOURS OF THEIR OCCURRENCE, NOTIFY THE OTHER PARTY IN WRITING (EITHER BY FAX OR E-MAIL) AND SUPPLY DOCUMENTARY EVIDENCE.

VIII) AFTER THE OCCURRENCE AND NOTIFICATION OF FORCE-MAJEURE CIRCUMSTANCES, THE PARTIES MUST IMMEDIATELY COORDINATE THE NECESSARY MEASURES TO OVERCOME SUCH FORCE-MAJEURE CIRCUMSTANCES.



**PACIFIC INTER-LINK SDN BHD**
31ˢᵗ FLOOR, MENARA DATO ONN', PUTRA WORLD TRADE CENTRE
45 JALAN TUN ISMAIL, 50480 KUALA LUMPUR
TEL: 603 – 4042 3933          FAX: 603 – 4041 3939 / 4042 8088

Form No: PIL/FM/006
Rev No: 0
Page 4 of 4

IX)    FAILURE OR DELAY IN NOTIFICATION OF THE OCCURRENCE OF FORCE-MAJEURE CIRCUMSTANCES SHALL BE CONSIDERED AS A VIOLATION OF THE CONTRACT AND SHALL NOT EXEMPT THE PARTY THAT HAS VIOLATED THE CONTRACTUAL CONDITIONS FROM HIS LIABILITIES

**FOR SELLER**                                                    **FOR BUYER**
**PACIFIC INTER-LINK SDN BHD**

Nakul Rastogi

_____                    _____

NOTE: THE BUYERS SHALL ACKNOWLEDGE CONTENTS AND RECEIPT OF THIS DOCUMENT, BY THE CLOSE OF THE WORKING HOURS , TODAY BY RETURNING THE SIGNED / SEALED COPY OF THE SELLERS. IF THE SIGNED & SEALED COPY OF THE CONTRACT IS NOT RECEIVED AS MENTIONED ABOVE, THE SELLER SHALL RESERVE THE RIGHT TO CANCEL THE CONTRACT.

**PACIFIC INTER-LINK SDN BHD**
31ˢᵗ FLOOR, MENARA DATO ONN', PUTRA WORLD TRADE CENTRE
45 JALAN TUN ISMAIL, 50480 KUALA LUMPUR
TEL: 603 – 4042 3933          FAX: 603 – 4041 3939 / 4042 8088

Form No: PIL/FM/006
Rev No: 0
Page 1 of 4

# SALES CONTRACT

TO :   EFKO FOOD INGREDIENTS LIMITED
       RUSSIA

DATE    : 07/09/2007
OUR REF: PIL/PO/0694/07

AMENDMENT NO    :
AMENDMENT DATE :

ATTN  :

YOUR REF:

WE ARE PLEASED TO CONFIRM HAVING SOLD TO YOU THE FOLLOWING SUBJECT
TO OUR GENERAL TERMS AND CONDITIONS OF SALE AND AS PER HEREUNDER :

| S/NO. | DESCRIPTION OF GOOD(S) | QTY | UNIT PRICE (USD) | TOTAL VALUE (USD) |
|-------|------------------------|-----|------------------|-------------------|
|       | RBD PALM OLEIN IN BULK PMT CFR PORT ILYICHEVSK | 1,500 MTS | 804.00 | 1,206,000.00 |
|       |                        |     |                  |                   |

COUNTRY OF ORIGIN     :   MALAYSIA / INDONESIA

PORT OF LOADING       :   MALAYSIA / INDONESIA

SHIPMENT MONTH        :   JUNE 2008

PACKING               :   IN BULK

PAYMENT TERMS         :   100 % OF THE INVOICE VALUE BY TELEGRAPHIC TRANSFER
                          TO PIL'S BANK 15 DAYS BEFORE THE ARRIVAL OF
                          PERFORMING VESSEL TO THE DISCHARGE PORT
                          CARRYING THE CONTRACTED QUANTITIES.

BANK DETAILS          :   RHB BANK BERHAD

                          AddresS : KL TRADE SERVICES CENTRE,
                                    LEVEL 3,4, & 5, NO: 75, JALAN TUN H.S. LEE
                                    50000 KUALA LUMPUR.

                          Account No :   USD A/C NO: 61412900006928

                          Swift No    :   RHBBMYKL

                          Correspondent
                          Bank for USD A/C   : BANK OF NEW YORK

                          SWIFT              : IRVTUS3N

1 | P a g e



**PACIFIC INTER-LINK SDN BHD**
31ˢᵗ FLOOR, MENARA DATO ONN', PUTRA WORLD TRADE CENTRE
45 JALAN TUN ISMAIL, 50480 KUALA LUMPUR
TEL: 603 – 4042 3933          FAX: 603 – 4041 3939 / 4042 8088

Form No: PIL/FM/006
Rev No: 0
Page 2 of 4

| | | |
|---|---|---|
| SPECIFICATIONS | : | AS PER PORAM STANDARD SPECS (AT THE TIME OF SHIPMENT) |
| WEIGHT | : | AS FINAL AT LOAD PORT. FINAL WEIGHT AT LOAD PORT TO BE ASCERTAINED BY A FIRST CLASS SURVEYOR APPOINTED BY THE SELLER. |
| QUALITY | : | FINAL AT LOADPORT AS PER FIRST CLASS SURVEYOR'S CERTIFICATE, APPOINTED BY SELLER AT THEIR EXPENSE. SELLER'S TO PROVIDE NON-RADIOACTIVTY CERTIFICATE  UPON REQUEST, PHYTOSANITORY AND FITNESS CERTIFICATE ISSUED BY INDEPENDENT SURVEYOR |
| QUANTITY | : | 5% MORE OR LESS AT SELLER'S OPTION |
| INSURANCE | : | BUYER TO COVER INSURANCE |
| PORT OF DISCHARGE | : | PORT IIYICHEVSK |
| DISCHARGE | : | BUYER'S SHALL ENSURE TO: |

A) GUARANTEE TO DISCHARGE VESSEL AT THE MINIMUM RATE OF 100 MT PER RUNNING HOURS – SUNDAYS AND HOLIDAYS INCLUDED.

B) IT SHALL BE THE RECEIVER'S RESPONSIBILITY TO TAKE ALL CARE FOR THE PROMPT BERTHING OF THE VESSEL

C) LAYTIME TO COUNT 6 HOURS AFTER THE NOTICE OR UPON BERTHING OF THE VESSEL, WHICHEVER IS EARLIER.

D) DEMURRAGE IF ANY, RESULTING FROM NON-COMPLIANCE TO CONDITIONS OF CL (A) & (B) & (C) ABOVE CLAIMED AS PER THE CHARTER PARTY, BY THE OWNERS OF THE VESSEL SHALL BE TO THE RECEIVER'S ACCOUNT AND PAID WITHIN 7 WORKING DAYS OF THE CLAIM. THE DEMURRAGE SHALL BE GOVERNED BY THE CHARTER PARTY, NO DESPATCH.



**PACIFIC INTER-LINK SDN BHD**
31ST FLOOR, MENARA DATO ONN', PUTRA WORLD TRADE CENTRE
45 JALAN TUN ISMAIL, 50480 KUALA LUMPUR
TEL: 603 – 4042 3933          FAX: 603 – 4041 3939 / 4042 8088

Form No: PIL/FM/006
Rev No: 0
Page 3 of 4

OTHER TERMS & CONDITIONS:

I)  EXTENSION OF SHIPMENT & ARBITRATION, RELATING TO THE TERMS OF THIS CONTRACT, WITH ARBITRATION IN LONDON, SHALL BE AS PER FOSFA-81, ABOUT WHICH THE PARTIES HAVE KNOWLEDGE AND NOTICE AND HEREBY ACCEPT.

II)  CHARTER PARTY BILL OF LADING IS ACCEPTABLE.

III)  LAST THREE CARGOES TO BE CLEAN AND UNLEADED AND LAST CARGO NOT ON THE FOSFA BANNED LIST.

IV)  IN CASE EITHER PARTY DEFAULTS ON THE EXECUTION OF THE CONTRACTUAL OBLIGATIONS UNDER THIS CONTRACT, THE AGGRIEVED PARTY SHALL BE ENTITLED TO RECOVER ANY OR ALL CONSEQUENTIAL DAMAGES (SUCH AS, BUT NOT LIMITED, TO COST OF MATERIAL, STORAGE FREIGHT, INTEREST AND OTHERS) FROM THE DEFAULT PARTY.

V)  THIS CONTRACT IS ONLY FOR PHYSICAL DELIVERY NO WASHOUT SHALL BE ALLOWED FOR THE CONTRACTED QUANTITIES.

VI)  NEITHER PARTY SHALL BEAR RESPONSIBILITY FOR DEFAULT OF THEIR OBLIGATIONS UNDER THE CONTRACT, IF IT IS A CONSEQUENCE OF FORCE-MAJEURE CIRCUMSTANCES,NAMELY: ACT OF GOD, STRIKES, LOCKOUTS,RIOTS,CIVIL COMMOTIONS, FIRES, NATURAL DISASTERS, MILITARY ACTIONS, EMBARGO, VESSEL ACCIDENT, GROUNDING OR ANY OTHER CAUSE COMPREHENDED BY THE TERM FORCE MAJEURE AT PORT/S OF LOADING OR ELSEWHERE PREVENTING TRANSPORT OF THE GOODS TO DISCHARGE PORT/S.

VII)  THE PARTY FOR WHOM FORCE-MAJEURE CIRCUMSTANCES OCCUR MUST IMMEDIATELY, WITHIN 72 HOURS OF THEIR OCCURRENCE, NOTIFY THE OTHER PARTY IN WRITING (EITHER BY FAX OR E-MAIL) AND SUPPLY DOCUMENTARY EVIDENCE.

VIII)  AFTER THE OCCURRENCE AND NOTIFICATION OF FORCE-MAJEURE CIRCUMSTANCES, THE PARTIES MUST IMMEDIATELY COORDINATE THE NECESSARY MEASURES TO OVERCOME SUCH FORCE-MAJEURE CIRCUMSTANCES.



**PACIFIC INTER-LINK SDN BHD**
31ˢᵗ FLOOR, MENARA DATO ONN', PUTRA WORLD TRADE CENTRE
45 JALAN TUN ISMAIL, 50480 KUALA LUMPUR
TEL: 603 – 4042 3933          FAX: 603 – 4041 3939 / 4042 8088

Form No: PIL/FM/006
Rev No: 0
Page 4 of 4

IX)    FAILURE OR DELAY IN NOTIFICATION OF THE OCCURRENCE OF FORCE-MAJEURE CIRCUMSTANCES SHALL BE CONSIDERED AS A VIOLATION OF THE CONTRACT AND SHALL NOT EXEMPT THE PARTY THAT HAS VIOLATED THE CONTRACTUAL CONDITIONS FROM HIS LIABILITIES

**FOR SELLER**                                          **FOR BUYER**
**PACIFIC INTER-LINK SDN BHD**

_____          _____

NOTE: THE BUYERS SHALL ACKNOWLEDGE CONTENTS AND RECEIPT OF THIS DOCUMENT, BY THE CLOSE OF THE WORKING HOURS , TODAY BY RETURNING THE SIGNED / SEALED COPY OF THE SELLERS. IF THE SIGNED & SEALED COPY OF THE CONTRACT IS NOT RECEIVED AS MENTIONED ABOVE, THE SELLER SHALL RESERVE THE RIGHT TO CANCEL THE CONTRACT.

# Declaration of Timur Bakusev

# EX2



⊞ TA Quick Chart

⊞ Instrument
PALM-MYOLEI-P1

Interval | Daily
Type | 〰 Line

⊟ Analysis
Line
                    [ Add ]  [ Help ]

☐ Volume

⊟ Templates
Moving Average - Double
Moving Average - Triple
RSI with Volume

[ Delete ]  [ Reset ]  [ Save ]

Field | Last Quote
PALM-MYOLEI-P1, Last Quote, Line

| Chart | Data | | |
| Display | 500 | Rows of Data | Copy to Clipboard |
|---|---|---|---|
| 28/09/2007 | 847.5000 | 63.7114 | 63.7114 |
| 27/09/2007 | 837.5000 | 60.2473 | 60.2473 |
| 26/09/2007 | 832.5000 | 58.4038 | 58.4038 |
| 25/09/2007 | 850.0000 | 68.7688 | 68.7688 |
| 24/09/2007 | 857.5000 | 73.9947 | 73.9947 |
| 21/09/2007 | 835.0000 | 67.0111 | 67.0111 |
| 20/09/2007 | 825.0000 | 62.8993 | 62.8993 |
| 19/09/2007 | 825.0000 | 62.8993 | 62.8993 |
| 18/09/2007 | 835.0000 | 70.4732 | 70.4732 |
| 17/09/2007 | 835.0000 | 70.4732 | 70.4732 |
| 14/09/2007 | 830.0000 | 68.8565 | 68.8565 |
| 13/09/2007 | 817.0000 | 64.3213 | 64.3213 |
| 12/09/2007 | 797.5000 | 54.4711 | 54.4711 |
| 11/09/2007 | 797.5000 | 54.4711 | 54.4711 |
| 10/09/2007 | 792.5000 | 51.5901 | 51.5901 |
| 07/09/2007 | 787.5000 | 48.5680 | 48.5680 |
| 06/09/2007 | 785.0000 | 47.0328 | 47.0328 |
| 05/09/2007 | 790.0000 | 49.7930 | 49.7930 |
| 04/09/2007 | 785.0000 | 46.8993 | 46.8993 |
| 03/09/2007 | 792.5000 | 50.9929 | 50.9929 |
| 31/08/2007 | 782.5000 | 45.0551 | 45.0551 |
| 30/08/2007 | 782.5000 | 45.0551 | 45.0551 |
| 29/08/2007 | 775.0000 | 40.3840 | 40.3840 |



TA Quick Chart

**Instrument**
PALM-MYOLEI-P1

Interval | Daily
Type | Line

**Analysis**
Line
[Add] [Help]

**Templates**
Moving Average - Double
Moving Average - Triple
RSI with Volume

□ Volume

[Delete] [Reset] [Save]

PALM-MYOLEI-P1, Last Quote, Line
Field | Last Quote

Chart | Data
Display 300    Rows of Data    Copy to Clipboard

| Date | | |
|---|---|---|
| 30/11/2007 | 935.0000 | 52.1885 | 52.1885 |
| 29/11/2007 | 950.0000 | 58.1942 | 58.1942 |
| 28/11/2007 | 930.0000 | 51.2482 | 51.2482 |
| 27/11/2007 | 950.0000 | 60.5971 | 60.5971 |
| 26/11/2007 | 960.0000 | 66.2045 | 66.2045 |
| 23/11/2007 | 940.0000 | 59.1915 | 59.1915 |
| 22/11/2007 | 940.0000 | 59.1915 | 59.1915 |
| 21/11/2007 | 940.0000 | 59.1915 | 59.1915 |
| 20/11/2007 | 922.5000 | 52.2498 | 52.2498 |
| 19/11/2007 | 935.0000 | 58.8946 | 58.8946 |
| 16/11/2007 | 925.0000 | 54.6062 | 54.6062 |
| 15/11/2007 | 940.0000 | 63.8903 | 63.8903 |
| 14/11/2007 | 940.0000 | 63.8903 | 63.8903 |
| 13/11/2007 | 940.0000 | 63.8903 | 63.8903 |
| 12/11/2007 | 942.5000 | 65.3735 | 65.3735 |
| 09/11/2007 | 955.0000 | 73.2707 | 73.2707 |
| 08/11/2007 | 955.0000 | 73.2707 | 73.2707 |
| 07/11/2007 | 955.0000 | 73.2707 | 73.2707 |
| 06/11/2007 | 945.0000 | 71.0290 | 71.0290 |
| 05/11/2007 | 940.0000 | 69.8553 | 69.8553 |
| 02/11/2007 | 940.0000 | 69.8553 | 69.8553 |
| 01/11/2007 | 945.0000 | 72.3839 | 72.3839 |

# Declaration of Timur Bakusev

# EX3



ASTAPOV | INTERNATIONAL
LAWYERS | LAW
GROUP

3 Shovkovychna str., 1st floor,
Kyiv, 01021, Ukraine
Phone: +38 (044) 253 14 34, 253 79 04
Fax: +38 (044) 253 69 31
e-mail: office@astapovlawyers.com
www.astapovlawyers.com

| | |
|---|---|
| Reference number: | *L-00400/07/08* |
| To: | *FOSFA International* |
| Copy 1: | *Messrs. Sativale Mathew Arun* |
| Copy 2: | *Mr. G. Perry* |
| Copy 3: | *Mr. B. Tappy* |
| Subject: | *RE: Contract PIL/PO/0689/07 dated 7 September 2007* |
| Date: | *30 July 2008* |
| Page: | *1 of 1* |
| | *+44 20 7623 1310* |
| | *+603 5633 1103* |
| Fax No.: | *+44 20 8954 2888* |
| | *+44 20 7583 3614* |

Dear Sirs,

Please find enclosed by way of service Claim Submissions of the Buyers in FOSFA arbitration case referring to the Contract PIL/PO/0689/07 dated 7 September 2007 between EFKO FOOD INGREDIENTS LIMITED and PACIFIC INTER-LINK SDN BHD.

The copy of the same has been sent to the Respondent Sellers.

Yours Faithfully,

Astapov Lawyers
International Law Group

*This message is confidential and for use by the addressee only and may be legally privileged. If the message is received by anyone other than the addressee, please destroy it and notify the sender immediately.*



3 Shovkovychna str., 1st floor,
Kyiv, 01021, Ukraine
Phone: +38 (044) 253 14 34, 253 79 04
Fax: +38 (044) 253 69 31
e-mail: office@astapovlawyers.com
www.astapovlawyers.com

## IN THE MATTER OF A FOSFA ARBITRATION

**B E T W E E N:**

### EFKO FOOD INGREDIENTS LIMITED

<u>Claimant</u>
(BUYERS)

**-AND-**

### PACIFIC INTER-LINK SDN BHD

<u>Respondent</u>
(SELLERS)

Contract No. PIL/PO/0689/07 dated 7th September 2007

---

### CLAIM SUBMISSIONS OF THE BUYERS

---

By the present Claim Submissions the Buyers kindly request the Tribunal to order the Sellers to pay damages arising out of the Sellers' default on delivering the goods under the Contract No. PIL/PO/0689/07 dated 7th September 2007

### The Contract

1. By the Contract No. PIL/PO/0689/07 dated 7th September 2007 (hereinafter referred to as "the Contract") the Sellers, PACIFIC INTER-LINK SDN BHD (hereinafter referred to as

*This message is confidential and for use by the addressee only and may be legally privileged. If the message is received by anyone other than the addressee, please destroy it and notify the sender immediately.*



3 Shovkovychna str., 1st floor,
Kyiv, 01021, Ukraine
Phone: +38 (044) 253 14 34, 253 79 04
Fax: +38 (044) 253 69 31
e-mail: office@astapovlawyers.com
www.astapovlawyers.com

"PIL"), agreed to sell and the Buyers, EFKO FOOD INGREDIENTS LIMITED (hereinafter referred as to "EFKO"), agreed to buy, a quantity of 1,500 MT +/-5% of RBD Palm Olein in Bulk at Sellers' option at USD 809.00 per metric ton CFR port of Ilyichevsk (**Evidence 1** "The Contract No. PIL/PO/0689/07 dated 7th September 2007" to the Buyers' bundle)

2.  The terms of the Contract more particularly relevant to the present dispute were:

"*QUANTITY and*

*PACKING:*                      *1500 MT 5 % more or less at Seller's option, in bulk"*

"*SHIPMENT:*                 *January, 2008"*

"*UNIT PRICE:*               *In US Dollars per one metric ton CFR Illyichevsk, Ukraine*
                                  *$ 809,00 (eight hundred nine US Dollars 00 cents)."*

"*OTHER TERMS and*

*CONDITIONS :*             *Extension of shipment and Arbitration, relating to the terms*
                                  *of this Contract, with Arbitration in London, shall be as per*
                                  *FOSFA 81".*

Relevant edition of FOSFA No. 81 is enclosed for the convenience of the Tribunal (**Evidence 2** "FOSFA No. 81" to the Buyers' bundle).

**Facts**

3.  On or around 7 September 2007 the Contract was agreed by phone between PIL and Mr. Adrian Bell acting as agent for EFKO. Consecutively, the agreement was finalized and reiterated in writing. (**Evidence 3** "E-mail exchange by Mr. Adrian Bell and Messrs. PACIFIC INTER-LINK SDN BHD" to the Buyers' bundle).

4.  The Sellers failed to deliver the goods by the expiry of the shipment period and have never asked for an extension thereof.

*This message is confidential and for use by the addressee only and may be legally privileged. If the message is received by anyone other than the addressee, please destroy it and notify the sender immediately.*



3 Shovkovychna str., 1st floor,
Kyiv, 01021, Ukraine
Phone: +38 (044) 253 14 34, 253 79 04
Fax: +38 (044) 253 69 31
e-mail: office@astapovlawyers.com
www.astapovlawyers.com

5.  On the 28 May 2008 following the Sellers' default , the Buyers claimed arbitration before FOSFA and appointed Mr. Graham Perry as their Arbitrator. (**Evidence 4** "Notice by Messrs. Astapov Lawyers dated 28th May 2008" to the Buyers' bundle).

6.  On the 23 June 2008 the Sellers nominated Mr. Bruce Tappy as their Arbitrator. (**Evidence 5** "Notice by Messrs. Sativale Mathew Arun" to the Buyers' bundle).

### Default of the Sellers

7.  Clause 32 of FOSFA No.81 incorporated into the Contract prescribes, that any dispute arising out of the contract, including any question of law arising in connection therewith, shall be referred to arbitration in London (or elsewhere if so agreed) in accordance with the Rules of Arbitration and Appeal of the Federation of Oils, Seeds and Fats Associations Limited, in force at the date of this contract and of which both parties hereto shall be deemed to be cognizant.

8.  Pursuant to Clause 31 of FOSFA No.81, the Contract shall be deemed to have been made in England and the construction, validity and performance thereof shall be governed in all respects by English law.

9.  Under English law, it is settled that within a CFR and CIF contracts there are three stages of delivery; a provisional delivery effected by the seller on shipment of the cargo or by purchase and allocation of the cargo bought afloat; a symbolical delivery represented by tender by the seller of the documents, and a physical delivery where the seller hands over the goods to the buyer at the port of destination.

10. None of any of these types of deliveries took place under the facts of this case before FOSFA Arbitration. Indeed, upon the expiry of the shipment period the cargo was not shipped nor bought afloat, the documents were not tendered and the cargo never physically arrived.

*This message is confidential and for use by the addressee only and may be legally privileged. If the message is received by anyone other than the addressee, please destroy it and notify the sender immediately.*



3 Shovkovychna str., 1st floor,
Kyiv, 01021, Ukraine
Phone: +38 (044) 253 14 34, 253 79 04
Fax: +38 (044) 253 69 31
e-mail: office@astapovlawyers.com
www.astapovlawyers.com

11. The shipment period set by the Contract expired on the 31 January 2008. No request for extension has been ever made by the Sellers. Accordingly, the Buyers submit that the due date of default shall be the first date after the expiry of the delivery period, i.e. the 1st February 2008 .

## Damages Arising from the Sellers' Default

12. In calculating their damages the Buyers rely on the Default Clause of FOSFA No. 81 which reflects the general rules for the Buyers' claim for non-delivery. Under Default Clause of FOSFA No. 81, the damages awarded against the defaulter shall be limited to the difference between the contract price and the actual or estimated market price on the day of default. Damages to be computed on the mean contract quantity.

13. According to the officially recognized price quotations by REUTERS the FOB price of RBD palm olein of Malaysian origin in bulk at the date of default (1 February 2008) was 1115 USD/MT. (**Evidence 6** "REUTERS price quotations" to the Buyers' bundle).

14. According to the statement by Messrs. Gulf Agency Company, the world's leading provider of shipping, logistics, marine and related services, the transportation from the ports of Malaysia/Indonesia to the port Ilyichevsk, Ukraine during the period from January till June 2008 was in range of USD 160.00-180.00 per metric ton free in out basis. (**Evidence 7** "Statement by Messrs. Gulf Agency Company" to the Buyers' bundle).

15. Consequently, the Buyers damages shall be calculated under the formula:

DAMAGES = PRICE DIFFERENCE x MEAN CONTRACT QUANTITY= 714,000 USD.

where

*This message is confidential and for use by the addressee only and may be legally privileged. If the message is received by anyone other than the addressee, please destroy it and notify the sender immediately.*



ASTAPOV | INTERNATIONAL
LAWYERS | LAW
          | GROUP

3 Shovkovychna str., 1st floor,
Kyiv, 01021, Ukraine
Phone:  +38 (044) 253 14 34, 253 79 04
Fax: +38 (044) 253 69 31
e-mail: office@astapovlawyers.com
www.astapovlawyers.com

price difference= market price– contract price

476 USD = 1285 USD – 809 USD

market price (on the CFR basis)= FOB price + shipment price

1285 USD=1115 USD+170 USD

mean contract quantity = 1500 MT

contractual price= 809 USD/MT

### Our claim

16. For all the above-mentioned, the Buyers request the Tribunal to issue an award finding that
    the Sellers were in default on the 1st of February 2008 and thus shall pay:
    a) a total sum of damages of 714,000 USD;
    b) all costs incurred in connection with the present arbitration .
    c) compound interest at a rate of 8% with monthly shift as from the date when the debt
       has arisen until the date of actual payment.

### Annexes

1.  The Contract No. PIL/PO/0689/07 dated 7th September 2007
2.  FOSFA No. 81
3.  E-mail exchange by Mr. Adrian Bell and Messrs. PACIFIC INTER-LINK SDN BHD
4.  Notice by Messrs. Astapov Lawyers dated 28 May 2008
5.  Notice by Messrs. Sativale Mathew Arun dated 23 June 2008
6.  REUTERS price quotations
7.  Statement by Messrs. Gulf Agency Company

Dated this 29 day of July 2008

Oleksiy Sereda/Eugene Blinov

AstapovLawyers
International Law Group
Attorneys for Claimants

*This message is confidential and for use by the addressee only and may be legally privileged. If the message is
received by anyone other than the addressee, please destroy it and notify the sender immediately.*



3 Shovkovychna str.. 1st floor,
Kyiv, 01021, Ukraine
Phone: +38 (044) 253 14 34, 253 79 04
Fax: +38 (044) 253 69 31
e-mail: office@astapovlawyers.com
www.astapovlawyers.com

| | |
|---|---|
| Reference number: | L-00402/07/08 |
| To: | FOSFA International |
| Copy 1: | Messrs. Sativale Mathew Arun |
| Copy 2: | Mr. G. Perry |
| Copy 3: | Mr. B. Tappy |
| Subject: | RE: Contract PIL/PO/0690/07 dated 7 September 2007 |
| Date: | 30 July 2008 |
| Page: | 1 of 1 |
| | +44 20 7623 1310 |
| | +603 5633 1103 |
| Fax No.: | +44 20 8954 2888 |
| | +44 20 7583 3614 |

Dear Sirs,

Please find enclosed by way of service Claim Submissions of the Buyers in FOSFA arbitration case referring to the Contract PIL/PO/0690/07 dated 7 September 2007 between EFKO FOOD INGREDIENTS LIMITED and PACIFIC INTER-LINK SDN BHD.

The copy of the same has been sent to the Respondent Sellers.

Yours Faithfully,

Astapov Lawyers
International Law Group

This message is confidential and for use by the addressee only and may be legally privileged. If the message is received by anyone other than the addressee, please destroy it and notify the sender immediately.

ASTAPOV | INTERNATIONAL
LAWYERS | LAW
GROUP

3 Shovkovychna str., 1st floor,
Kyiv, 01021, Ukraine
Phone: +38 (044) 253 14 34, 253 79 04
Fax: +38 (044) 253 69 31
e-mail: office@astapovlawyers.com
www.astapovlawyers.com

## IN THE MATTER OF A FOSFA ARBITRATION

**B E T W E E N:**

## EFKO FOOD INGREDIENTS LIMITED

Claimant
(BUYERS)

## -AND-

## PACIFIC INTER-LINK SDN BHD

Respondent
(SELLERS)

Contract No. PIL/PO/0690/07 dated 7th September 2007

---

## CLAIM SUBMISSIONS OF THE BUYERS

---

By the present Claim Submissions the Buyers kindly request the Tribunal to order the Sellers to pay damages arising out of the Sellers' default on delivering the goods under the Contract No. PIL/PO/0690/07 dated 7th September 2007

### The Contract

1. By the Contract No. PIL/PO/0690/07 dated 7th September 2007 (hereinafter referred to as "the Contract") the Sellers, PACIFIC INTER-LINK SDN BHD (hereinafter referred to as

This message is confidential and for use by the addressee only and may be legally privileged. If the message is received by anyone other than the addressee, please destroy it and notify the sender immediately.



ASTAPOV | INTERNATIONAL
LAWYERS | LAW
        | GROUP

3 Shovkovychna str., 1st floor,
Kyiv, 01021, Ukraine
Phone: +38 (044) 253 14 34, 253 79 04
Fax: +38 (044) 253 69 31
e-mail: office@astapovlawyers.com
www.astapovlawyers.com

"PIL"), agreed to sell and the Buyers, EFKO FOOD INGREDIENTS LIMITED (hereinafter referred as to "EFKO"), agreed to buy, a quantity of 1,500 MT +/-5% of RBD Palm Olein in Bulk at Sellers' option at USD 809.00 per metric ton CFR port of Ilyichevsk (**Evidence 1** "The Contract No. PIL/PO/0690/07 dated 7th September 2007" to the Buyers' bundle)

2. The terms of the Contract more particularly relevant to the present dispute were:

*"QUANTITY and*
*PACKING:*              *1500 MT 5 % more or less at Seller's option, in bulk"*

*"SHIPMENT:*            *February, 2008"*

*"UNIT PRICE:*          *In US Dollars per one metric ton CFR Illyichevsk, Ukraine*
                       *$ 809,00 (eight hundred nine US Dollars 00 cents)."*

*"OTHER TERMS and*
*CONDITIONS :*          *Extension of shipment and Arbitration, relating to the terms*
                       *of this Contract, with Arbitration in London, shall be as per*
                       *FOSFA 81".*

Relevant edition of FOSFA No. 81 is enclosed for the convenience of the Tribunal (**Evidence 2** "FOSFA No. 81" to the Buyers' bundle).

### Facts

3. On or around 7 September 2007 the Contract was agreed by phone between PIL and Mr. Adrian Bell acting as agent for EFKO. Consecutively, the agreement was finalized and reiterated in writing. (**Evidence 3** "E-mail exchange by Mr. Adrian Bell and Messrs. PACIFIC INTER-LINK SDN BHD" to the Buyers' bundle).

4. The Sellers failed to deliver the goods by the expiry of the shipment period and have never asked for an extension thereof.

*This message is confidential and for use by the addressee only and may be legally privileged. If the message is received by anyone other than the addressee, please destroy it and notify the sender immediately.*



ASTAPOV INTERNATIONAL
LAWYERS LAW GROUP

3 Shovkovychna str., 1st floor,
Kyiv, 01021, Ukraine
Phone: +38 (044) 253 14 34, 253 79 04
Fax +38 (044) 253 69 31
e-mail: office@astapovlawyers.com
www.astapovlawyers.com

5. On the 28 May 2008 following the Sellers' default, the Buyers claimed arbitration before FOSFA and appointed Mr. Graham Perry as their Arbitrator. (**Evidence 4** "Notice by Messrs. Astapov Lawyers dated 28ᵗʰ May 2008" to the Buyers' bundle).

6. On the 23 June 2008 the Sellers nominated Mr. Bruce Tappy as their Arbitrator. (**Evidence 5** "Notice by Messrs. Sativale Mathew Arun" to the Buyers' bundle).

### Default of the Sellers

7. Clause 32 of FOSFA No.81 incorporated into the Contract prescribes, that any dispute arising out of the contract, including any question of law arising in connection therewith, shall be referred to arbitration in London (or elsewhere if so agreed) in accordance with the Rules of Arbitration and Appeal of the Federation of Oils, Seeds and Fats Associations Limited, in force at the date of this contract and of which both parties hereto shall be deemed to be cognizant.

8. Pursuant to Clause 31 of FOSFA No.81, the Contract shall be deemed to have been made in England and the construction, validity and performance thereof shall be governed in all respects by English law.

9. Under English law, it is settled that within a CFR and CIF contracts there are three stages of delivery; a provisional delivery effected by the seller on shipment of the cargo or by purchase and allocation of the cargo bought afloat; a symbolical delivery represented by tender by the seller of the documents, and a physical delivery where the seller hands over the goods to the buyer at the port of destination.

10. None of any of these types of deliveries took place under the facts of this case before FOSFA Arbitration. Indeed, upon the expiry of the shipment period the cargo was not shipped nor bought afloat, the documents were not tendered and the cargo never physically arrived.

*This message is confidential and for use by the addressee only and may be legally privileged. If the message is received by anyone other than the addressee, please destroy it and notify the sender immediately.*



ASTAPOV | INTERNATIONAL
LAWYERS | LAW
GROUP

3 Shovkovychna str., 1st floor,
Kyiv, 01021, Ukraine
Phone: +38 (044) 253 14 34, 253 79 04
Fax: +38 (044) 253 69 31
e-mail: office@astapovlawyers.com
www.astapovlawyers.com

11. The shipment period set by the Contract expired on the 29 February 2008. No request for extension has been ever made by the Sellers. Accordingly, the Buyers submit that the due date of default shall be the first date after the expiry of the delivery period, i.e. the 1st March 2008.

### Damages Arising from the Sellers' Default

12. In calculating their damages the Buyers rely on the Default Clause of FOSFA No. 81 which reflects the general rules for the Buyers' claim for non-delivery. Under Default Clause of FOSFA No. 81, the damages awarded against the defaulter shall be limited to the difference between the contract price and the actual or estimated market price on the day of default. Damages to be computed on the mean contract quantity.

13. According to the officially recognized price quotations by REUTERS the FOB price of RBD palm olein of Malaysian origin in bulk at the date of default (1 March 2008) was 1480 USD/MT. (**Evidence 6** "REUTERS price quotations" to the Buyers' bundle).

14. According to the statement by Messrs. Gulf Agency Company, the world's leading provider of shipping, logistics, marine and related services, the transportation from the ports of Malaysia/Indonesia to the port Ilyichevsk, Ukraine during the period from January till June 2008 was in range of USD 160.00-180.00 per metric ton free in out basis. (**Evidence 7** "Statement by Messrs. Gulf Agency Company" to the Buyers' bundle).

15. Consequently, the Buyers damages shall be calculated under the formula:

DAMAGES = PRICE DIFFERENCE x MEAN CONTRACT QUANTITY=
1 261 500 USD.
where

*This message is confidential and for use by the addressee only and may be legally privileged. If the message is received by anyone other than the addressee, please destroy it and notify the sender immediately.*



3 Shovkovychna str., 1st floor,
Kyiv, 01021, Ukraine
Phone: +38 (044) 253 14 34, 253 79 04
Fax: +38 (044) 253 69 31
e-mail: office@astapovlawyers.com
www.astapovlawyers.com

price difference= market price– contract price

841 USD = 1650 USD – 809 USD

market price (on the CFR basis)= FOB price + shipment price

1650 USD=1480 USD+170 USD

mean contract quantity = 1500 MT

contractual price= 809 USD/MT

## Our claim

16. For all the above-mentioned, the Buyers request the Tribunal to issue an award finding that the Sellers were in default on the 1st of March 2008 and thus shall pay:

   a) a total sum of damages of 1 261 500 USD;

   b) all costs incurred in connection with the present arbitration .

   c) compound interest at a rate of 8% with monthly shift as from the date when the debt has arisen until the date of actual payment.

## Annexes

1. The Contract No. PIL/PO/0690/07 dated 7th September 2007

2. FOSFA No. 81

3. E-mail exchange by Mr. Adrian Bell and Messrs. PACIFIC INTER-LINK SDN BHD

4. Notice by Messrs. Astapov Lawyers dated 28 May 2008

5. Notice by Messrs. Sativale Mathew Arun dated 23 June 2008

6. REUTERS price quotations

7. Statement by Messrs. Gulf Agency Company

Dated this 30 day of July 2008

Oleksiy Sereda/Eugene Blinov

Astapov Lawyers
International Law Group
Attorneys for Claimants

*This message is confidential and for use by the addressee only and may be legally privileged. If the message is received by anyone other than the addressee, please destroy it and notify the sender immediately.*



ASTAPOV | INTERNATIONAL
LAWYERS | LAW
GROUP

3 Shovkovychna str., 1st floor,
Kyiv, 01021, Ukraine
Phone: +38 (044) 253 14 34, 253 79 04
Fax: +38 (044) 253 69 31
e-mail: office@astapovlawyers.com
www.astapovlawyers.com

| | |
|---|---|
| Reference number: | *L-00416/07/08* |
| To: | *Mr. C. Debattista* |
| Copy: | *Mr. B. Tappy* |
| Subject: | *RE: Contract PIL/PO/0691/07 dated 7 September 2007* |
| Date: | *31 July 2008* |
| Page: | *1 of 1* |
| Fax No.: | *+44 23 8059 37 08* |
| | *+44 20 7583 3614* |

Dear Sirs,

Please find enclosed by way of service Claim Submissions of the Buyers in FOSFA arbitration case referring to the Contract PIL/PO/0691/07 dated 7 September 2007 between EFKO FOOD INGREDIENTS LIMITED and PACIFIC INTER-LINK SDN BHD.

The copy of the same has been sent earlier to the Respondent Sellers and to FOSFA International.

Yours Faithfully,

Astapov Lawyers
International Law Group

*This message is confidential and for use by the addressee only and may be legally privileged. If the message is received by anyone other than the addressee, please destroy it and notify the sender immediately.*



3 Shovkovychna str., 1st floor,
Kyiv, 01021, Ukraine
Phone: +38 (044) 253 14 34, 253 79 04
Fax: +38 (044) 253 69 31
e-mail: office@astapovlawyers.com
www.astapovlawyers.com

IN THE MATTER OF A FOSFA ARBITRATION

B E T W E E N:

### EFKO FOOD INGREDIENTS LIMITED

Claimant
(BUYERS)

-AND-

### PACIFIC INTER-LINK SDN BHD

Respondent
(SELLERS)

Contract No. PIL/PO/0691/07 dated 7th September 2007

---

## CLAIM SUBMISSIONS OF THE BUYERS

---

By the present Claim Submissions the Buyers kindly request the Tribunal to order the Sellers to pay damages arising out of the Sellers' default on delivering the goods under the Contract No. PIL/PO/0691/07 dated 7th September 2007

### The Contract

1. By the Contract No. PIL/PO/0691/07 dated 7th September 2007 (hereinafter referred to as "the Contract") the Sellers, PACIFIC INTER-LINK SDN BHD (hereinafter referred to as

This message is confidential and for use by the addressee only and may be legally privileged. If the message is received by anyone other than the addressee, please destroy it and notify the sender immediately.



3 Shovkovychna str., 1st floor,
Kyiv, 01021, Ukraine
Phone: +38 (044) 253 14 34, 253 79 04
Fax: +38 (044) 253 69 31
e-mail: office@astapovlawyers.com
www.astapovlawyers.com

"PIL"), agreed to sell and the Buyers, EFKO FOOD INGREDIENTS LIMITED (hereinafter referred as to "EFKO"), agreed to buy, a quantity of 1,500 MT +/-5% of RBD Palm Olein in Bulk at Sellers' option at USD 809.00 per metric ton CFR port of Ilyichevsk (**Evidence 1** "The Contract No. PIL/PO/0691/07 dated 7th September 2007" to the Buyers' bundle)

2. The terms of the Contract more particularly relevant to the present dispute were:

"*QUANTITY and*
*PACKING:*                              *1500 MT 5 % more or less at Seller's option, in bulk*"

"*SHIPMENT:*                          *March, 2008*"

"*UNIT PRICE:*                        *In US Dollars per one metric ton CFR Illyichevsk, Ukraine*
                                              *$ 809,00 (eight hundred nine US Dollars 00 cents).*"

"*OTHER TERMS and*
*CONDITIONS :*                     *Extension of shipment and Arbitration, relating to the terms*
                                              *of this Contract, with Arbitration in London, shall be as per*
                                              *FOSFA 81".*

Relevant edition of FOSFA No. 81 is enclosed for the convenience of the Tribunal (**Evidence 2** "FOSFA No. 81" to the Buyers' bundle).

## Facts

3. On or around 7 September 2007 the Contract was agreed by phone between PIL and Mr. Adrian Bell acting as agent for EFKO. Consecutively, the agreement was finalized and reiterated in writing. (**Evidence 3** "E-mail exchange by Mr. Adrian Bell and Messrs. PACIFIC INTER-LINK SDN BHD" to the Buyers' bundle).

4. The Sellers failed to deliver the goods by the expiry of the shipment period and have never asked for an extension thereof.

*This message is confidential and for use by the addressee only and may be legally privileged. If the message is received by anyone other than the addressee, please destroy it and notify the sender immediately.*



3 Shovkovychna str., 1st floor,
Kyiv, 01021, Ukraine
Phone: +38 (044) 253 14 34, 253 79 04
Fax: +38 (044) 253 69 31
e-mail: office@astapovlawyers.com
www.astapovlawyers.com

5. On the 28 May 2008 following the Sellers' default, the Buyers claimed arbitration before FOSFA and appointed Mr. Charles Debattista as their Arbitrator. (**Evidence 4** "Notice by Messrs. Astapov Lawyers dated 28[th] May 2008" to the Buyers' bundle).

6. On the 23 June 2008 the Sellers nominated Mr. Bruce Tappy as their Arbitrator. (**Evidence 5** "Notice by Messrs. Sativale Mathew Arun" to the Buyers' bundle).

## Default of the Sellers

7. Clause 32 of FOSFA No.81 incorporated into the Contract prescribes, that any dispute arising out of the contract, including any question of law arising in connection therewith, shall be referred to arbitration in London (or elsewhere if so agreed) in accordance with the Rules of Arbitration and Appeal of the Federation of Oils, Seeds and Fats Associations Limited, in force at the date of this contract and of which both parties hereto shall be deemed to be cognizant.

8. Pursuant to Clause 31 of FOSFA No.81, the Contract shall be deemed to have been made in England and the construction, validity and performance thereof shall be governed in all respects by English law.

9. Under English law, it is settled that within a CFR and CIF contracts there are three stages of delivery; a provisional delivery effected by the seller on shipment of the cargo or by purchase and allocation of the cargo bought afloat; a symbolical delivery represented by tender by the seller of the documents, and a physical delivery where the seller hands over the goods to the buyer at the port of destination.

10. None of any of these types of deliveries took place under the facts of this case before FOSFA Arbitration. Indeed, upon the expiry of the shipment period the cargo was not shipped nor bought afloat, the documents were not tendered and the cargo never physically arrived.

*This message is confidential and for use by the addressee only and may be legally privileged. If the message is received by anyone other than the addressee, please destroy it and notify the sender immediately.*



3 Shovkovychna str., 1st floor,
Kyiv, 01021, Ukraine
Phone: +38 (044) 253 14 34, 253 79 04
Fax: +38 (044) 253 69 31
e-mail: office@astapovlawyers.com
www.astapovlawyers.com

11. The shipment period set by the Contract expired on the 31 March 2008. No request for extension has been ever made by the Sellers. Accordingly, the Buyers submit that the due date of default shall be the first date after the expiry of the delivery period, i.e. the 1st April 2008.

## Damages Arising from the Sellers' Default

12. In calculating their damages the Buyers rely on the Default Clause of FOSFA No. 81 which reflects the general rules for the Buyers' claim for non-delivery. Under Default Clause of FOSFA No. 81, the damages awarded against the defaulter shall be limited to the difference between the contract price and the actual or estimated market price on the day of default. Damages to be computed on the mean contract quantity.

13. According to the officially recognized price quotations by REUTERS the FOB price of RBD palm olein of Malaysian origin in bulk at the date of default (1 April 2008) was 1195 USD/MT. (**Evidence 6** "REUTERS price quotations" to the Buyers' bundle).

14. According to the statement by Messrs. Gulf Agency Company, the world's leading provider of shipping, logistics, marine and related services, the transportation from the ports of Malaysia/Indonesia to the port Ilyichevsk, Ukraine during the period from January till June 2008 was in range of USD 160.00-180.00 per metric ton free in out basis. (**Evidence 7** "Statement by Messrs. Gulf Agency Company" to the Buyers' bundle).

15. Consequently, the Buyers damages shall be calculated under the formula:

DAMAGES = PRICE DIFFERENCE x MEAN CONTRACT QUANTITY= 834,000 USD.
where

*This message is confidential and for use by the addressee only and may be legally privileged. If the message is received by anyone other than the addressee, please destroy it and notify the sender immediately.*



3 Shovkovychna str., 1st floor,
Kyiv, 01021, Ukraine
Phone: +38 (044) 253 14 34, 253 79 04
Fax: +38 (044) 253 69 31
e-mail: office@astapovlawyers.com
www.astapovlawyers.com

price difference= market price– contract price

556 USD = 1365 USD – 809 USD

market price (on the CFR basis)= FOB price + shipment price

1365 USD=1195 USD+170 USD

mean contract quantity = 1500 MT

contractual price= 809 USD/MT

## Our claim

16. For all the above-mentioned, the Buyers request the Tribunal to issue an award finding that the Sellers were in default on the 1st of April 2008 and thus shall pay:

    a) a total sum of damages of 834,000 USD;

    b) all costs incurred in connection with the present arbitration .

    c) compound interest at a rate of 8% with monthly shift as from the date when the debt has arisen until the date of actual payment.

## Annexes

1. The Contract No. PIL/PO/0691/07 dated 7th September 2007

2. FOSFA No. 81

3. E-mail exchange by Mr. Adrian Bell and Messrs. PACIFIC INTER-LINK SDN BHD

4. Notice by Messrs. Astapov Lawyers dated 28 May 2008

5. Notice by Messrs. Sativale Mathew Arun dated 23 June 2008

6. REUTERS price quotations

7. Statement by Messrs. Gulf Agency Company

Dated this 30 day of July 2008

Oleksiy Sereda/Eugene Blinov

Astapov Lawyers
International Law Group
Attorneys for Claimants

*This message is confidential and for use by the addressee only and may be legally privileged. If the message is received by anyone other than the addressee, please destroy it and notify the sender immediately.*



**ASTAPOV LAWYERS | INTERNATIONAL LAW GROUP**

3 Shovkovychna str., 1st floor,
Kyiv, 01021, Ukraine
Phone: +38 (044) 253 14 34, 253 79 04
Fax: +38 (044) 253 69 31
e-mail: office@astapovlawyers.com
www.astapovlawyers.com

| | |
|---|---|
| Reference number: | L-00417/07/08 |
| To: | Mr. R. Barber |
| Copy: | Mr. B. Tappy |
| Subject: | RE: Contract PIL/PO/0692/07 dated 7 September 2007 |
| Date: | 31 July 2008 |
| Page: | 1 of 1 |
| Fax No.: | +44 12 5271 7704 |
| | +44 20 7583 3614 |

Dear Sirs,

Please find enclosed by way of service Claim Submissions of the Buyers in FOSFA arbitration case referring to the Contract PIL/PO/0692/07 dated 7 September 2007 between EFKO FOOD INGREDIENTS LIMITED and PACIFIC INTER-LINK SDN BHD.

The copy of the same has been sent earlier to the Respondent Sellers and to FOSFA International.

Yours Faithfully,

Astapov Lawyers
International Law Group

This message is confidential and for use by the addressee only and may be legally privileged. If the message is received by anyone other than the addressee, please destroy it and notify the sender immediately.



ASTAPOV | INTERNATIONAL LAWYERS | LAW GROUP

3 Shovkovychna str., 1st floor,
Kyiv, 01021, Ukraine
Phone: +38 (044) 253 14 34, 253 79 04
Fax: +38 (044) 253 69 31
e-mail: office@astapovlawyers.com
www.astapovlawyers.com

IN THE MATTER OF A FOSFA ARBITRATION

B E T W E E N:

### EFKO FOOD INGREDIENTS LIMITED

Claimant
(BUYERS)

-AND-

### PACIFIC INTER-LINK SDN BHD

Respondent
(SELLERS)

Contract No. PIL/PO/0692/07 dated 7th September 2007

---

## CLAIM SUBMISSIONS OF THE BUYERS

---

By the present Claim Submissions the Buyers kindly request the Tribunal to order the Sellers to pay damages arising out of the Sellers' default on delivering the goods under the Contract No. PIL/PO/0692/07 dated 7th September 2007

### The Contract

1.  By the Contract No. PIL/PO/0692/07 dated 7th September 2007 (hereinafter referred to as "the Contract") the Sellers, PACIFIC INTER-LINK SDN BHD (hereinafter referred to as

This message is confidential and for use by the addressee only and may be legally privileged. If the message is received by anyone other than the addressee, please destroy it and notify the sender immediately.



3 Shovkovychna str., 1st floor,
Kyiv, 01021, Ukraine
Phone: +38 (044) 253 14 34. 253 79 04
Fax +38 (044) 253 69 31
e-mail: office@astapovlawyers.com
www.astapovlawyers.com

"PIL"), agreed to sell and the Buyers, EFKO FOOD INGREDIENTS LIMITED (hereinafter referred as to "EFKO"), agreed to buy, a quantity of 1,500 MT +/-5% of RBD Palm Olein in Bulk at Sellers' option at USD 804.00 per metric ton CFR port of Ilyichevsk (**Evidence 1** "The Contract No. PIL/PO/0692/07 dated 7th September 2007" to the Buyers' bundle)

2. The terms of the Contract more particularly relevant to the present dispute were:

"*QUANTITY and*
*PACKING:*                         *1500 MT 5 % more or less at Seller's option, in bulk"*

"*SHIPMENT:*                    *April, 2008"*

"*UNIT PRICE:*                  *In US Dollars per one metric ton CFR Illyichevsk, Ukraine*
                                           *$ 804,00 (eight hundred four US Dollars 00 cents)."*

"*OTHER TERMS and*
*CONDITIONS :*                *Extension of shipment and Arbitration, relating to the terms*
                                           *of this Contract, with Arbitration in London, shall be as per*
                                           *FOSFA 81".*

Relevant edition of FOSFA No. 81 is enclosed for the convenience of the Tribunal (**Evidence 2** "FOSFA No. 81" to the Buyers' bundle).

**Facts**

3. On or around 7 September 2007 the Contract was agreed by phone between PIL and Mr. Adrian Bell acting as agent for EFKO. Consecutively, the agreement was finalized and reiterated in writing. (**Evidence 3** "E-mail exchange by Mr. Adrian Bell and Messrs. PACIFIC INTER-LINK SDN BHD" to the Buyers' bundle).

4. The Sellers failed to deliver the goods by the expiry of the shipment period and have never asked for an extension thereof.

*This message is confidential and for use by the addressee only and may be legally privileged. If the message is received by anyone other than the addressee, please destroy it and notify the sender immediately.*



**ASTAPOV LAWYERS** | INTERNATIONAL LAW GROUP

3 Shovkovychna str., 1st floor,
Kyiv, 01021, Ukraine
Phone: +38 (044) 253 14 34, 253 79 04
Fax: +38 (044) 253 69 31
e-mail: office@astapovlawyers.com
www.astapovlawyers.com

5. On the 2 June 2008 following the Sellers' default, the Buyers claimed arbitration before FOSFA and appointed Mr. Barber as their Arbitrator. (**Evidence 4** "Notice by Messrs. Astapov Lawyers dated 2nd June 2008" to the Buyers' bundle).

6. On the 23 June 2008 the Sellers nominated Mr. Bruce Tappy as their Arbitrator. (**Evidence 5** "Notice by Messrs. Sativale Mathew Arun" to the Buyers' bundle).

**Default of the Sellers**

7. Clause 32 of FOSFA No.81 incorporated into the Contract prescribes, that any dispute arising out of the contract, including any question of law arising in connection therewith, shall be referred to arbitration in London (or elsewhere if so agreed) in accordance with the Rules of Arbitration and Appeal of the Federation of Oils, Seeds and Fats Associations Limited, in force at the date of this contract and of which both parties hereto shall be deemed to be cognizant.

8. Pursuant to Clause 31 of FOSFA No.81, the Contract shall be deemed to have been made in England and the construction, validity and performance thereof shall be governed in all respects by English law.

9. Under English law, it is settled that within a CFR and CIF contracts there are three stages of delivery; a provisional delivery effected by the seller on shipment of the cargo or by purchase and allocation of the cargo bought afloat; a symbolical delivery represented by tender by the seller of the documents, and a physical delivery where the seller hands over the goods to the buyer at the port of destination.

10. None of any of these types of deliveries took place under the facts of this case before FOSFA Arbitration. Indeed, upon the expiry of the shipment period the cargo was not shipped nor bought afloat, the documents were not tendered and the cargo never physically arrived.

This message is confidential and for use by the addressee only and may be legally privileged. If the message is received by anyone other than the addressee, please destroy it and notify the sender immediately.



3 Shovkovychna str., 1st floor,
Kyiv, 01021, Ukraine
Phone: +38 (044) 253 14 34, 253 79 04
Fax: +38 (044) 253 69 31
e-mail: office@astapovlawyers.com
www.astapovlawyers.com

11. The shipment period set by the Contract expired on the 30 April 2008. No request for extension has been ever made by the Sellers. Accordingly, the Buyers submit that the due date of default shall be the first date after the expiry of the delivery period, i.e. the 1st May 2008.

### Damages Arising from the Sellers' Default

12. In calculating their damages the Buyers rely on the Default Clause of FOSFA No. 81 which reflects the general rules for the Buyers' claim for non-delivery. Under Default Clause of FOSFA No. 81, the damages awarded against the defaulter shall be limited to the difference between the contract price and the actual or estimated market price on the day of default. Damages to be computed on the mean contract quantity.

13. According to the officially recognized price quotations by REUTERS the FOB price of RBD palm olein of Malaysian origin in bulk at the date of default (1 May 2008) was 1290 USD/MT. (**Evidence 6** "REUTERS price quotations" to the Buyers' bundle).

14. According to the statement by Messrs. Gulf Agency Company, the world's leading provider of shipping, logistics, marine and related services, the transportation from the ports of Malaysia/Indonesia to the port Ilyichevsk, Ukraine during the period from January till June 2008 was in range of USD 160.00-180.00 per metric ton free in out basis. (**Evidence 7** "Statement by Messrs. Gulf Agency Company" to the Buyers' bundle).

15. Consequently, the Buyers damages shall be calculated under the formula:

DAMAGES = PRICE DIFFERENCE x MEAN CONTRACT QUANTITY= 984,000 USD.

where

*This message is confidential and for use by the addressee only and may be legally privileged. If the message is received by anyone other than the addressee, please destroy it and notify the sender immediately.*



3 Shovkovychna str., 1st floor,
Kyiv, 01021, Ukraine
Phone: +38 (044) 253 14 34, 253 79 04
Fax: +38 (044) 253 69 31
e-mail: office@astapovlawyers.com
www.astapovlawyers.com

price difference= market price– contract price

656 USD = 1460 USD – 804 USD

market price (on the CFR basis)= FOB price + shipment price

1460 USD=1290 USD+170 USD

mean contract quantity = 1500 MT

contractual price= 804 USD/MT

## Our claim

16. For all the above-mentioned, the Buyers request the Tribunal to issue an award finding that the Sellers were in default on the 1st of May 2008 and thus shall pay:

   a)  a total sum of damages of 984,000 USD;

   b)  all costs incurred in connection with the present arbitration .

   c)  compound interest at a rate of 8% with monthly shift as from the date when the debt has arisen until the date of actual payment.

## Annexes

1. The Contract No. PIL/PO/0692/07 dated 7th September 2007

2. FOSFA No. 81

3. E-mail exchange by Mr. Adrian Bell and Messrs. PACIFIC INTER-LINK SDN BHD

4. Notice by Messrs. Astapov Lawyers dated 2 June 2008

5. Notice by Messrs. Sativale Mathew Arun dated 23 June 2008

6. REUTERS price quotations

7. Statement by Messrs. Gulf Agency Company

Dated this 30 day of July 2008

Oleksiy Sereda/Eugene Blinov

Astapov Lawyers
International Law Group
Attorneys for Claimants

*This message is confidential and for use by the addressee only and may be legally privileged. If the message is received by anyone other than the addressee, please destroy it and notify the sender immediately.*



3 Shovkovychna str., 1st floor,
Kyiv, 01021, Ukraine
Phone: +38 (044) 253 14 34, 253 79 04
Fax: +38 (044) 253 69 31
e-mail: office@astapovlawyers.com
www.astapovlawyers.com

| | |
|---|---|
| Reference number: | *L-00405/07/08* |
| To: | *FOSFA International* |
| Copy 1: | *Messrs. Sativale Mathew Arun* |
| Copy 2: | *Mr. B. Leach* |
| Copy 3: | *Mr. B. Tappy* |
| Subject: | *RE: Contract PIL/PO/0693/07 dated 7 September 2007* |
| Date: | *30 July 2008* |
| Page: | *1 of 1* |
| | *+44 20 7623 1310* |
| Fax No.: | *+603 5633 1103* |
| | *+44 20 8440 6870* |
| | *+44 20 7583 3614* |

Dear Sirs,

Please find enclosed by way of service Claim Submissions of the Buyers in FOSFA arbitration case referring to the Contract PIL/PO/0693/07 dated 7 September 2007 between EFKO FOOD INGREDIENTS LIMITED and PACIFIC INTER-LINK SDN BHD.

The copy of the same has been sent to the Respondent Sellers.

Yours Faithfully,

Astapov Lawyers
International Law Group

*This message is confidential and for use by the addressee only and may be legally privileged. If the message is received by anyone other than the addressee, please destroy it and notify the sender immediately.*



3 Shovkovychna str., 1st floor,
Kyiv, 01021, Ukraine
Phone: +38 (044) 253 14 34, 253 79 04
Fax: +38 (044) 253 69 31
e-mail: office@astapovlawyers.com
www.astapovlawyers.com

## IN THE MATTER OF A FOSFA ARBITRATION

**B E T W E E N:**

### EFKO FOOD INGREDIENTS LIMITED

<u>Claimant</u>
(BUYERS)

**-AND-**

### PACIFIC INTER-LINK SDN BHD

<u>Respondent</u>
(SELLERS)

Contract No. PIL/PO/0693/07 dated 7th September 2007

---

### CLAIM SUBMISSIONS OF THE BUYERS

---

By the present Claim Submissions the Buyers kindly request the Tribunal to order the Sellers to pay damages arising out of the Sellers' default on delivering the goods under the Contract No. PIL/PO/0693/07 dated 7th September 2007

### The Contract

1. By the Contract No. PIL/PO/0693/07 dated 7th September 2007 (hereinafter referred to as "the Contract") the Sellers, PACIFIC INTER-LINK SDN BHD (hereinafter referred to as

*This message is confidential and for use by the addressee only and may be legally privileged. If the message is received by anyone other than the addressee, please destroy it and notify the sender immediately.*



3 Shovkovychna str., 1st floor,
Kyiv, 01021, Ukraine
Phone: +38 (044) 253 14 34, 253 79 04
Fax: +38 (044) 253 69 31
e-mail: office@astapovlawyers.com
www.astapovlawyers.com

"PIL"), agreed to sell and the Buyers, EFKO FOOD INGREDIENTS LIMITED (hereinafter referred as to "EFKO"), agreed to buy, a quantity of 1,500 MT +/-5% of RBD Palm Olein in Bulk at Sellers' option at USD 804.00 per metric ton CFR port of Ilyichevsk (**Evidence 1** "The Contract No. PIL/PO/0693/07 dated 7th September 2007" to the Buyers' bundle)

2.  The terms of the Contract more particularly relevant to the present dispute were:

*"QUANTITY and*
*PACKING:*                      *1500 MT 5 % more or less at Seller's option, in bulk"*

*"SHIPMENT:*                    *May, 2008"*

*"UNIT PRICE:*                  *In US Dollars per one metric ton CFR Illyichevsk, Ukraine*
                               *$ 804,00 (eight hundred four US Dollars 00 cents)."*

*"OTHER TERMS and*
*CONDITIONS :*                  *Extension of shipment and Arbitration, relating to the terms*
                               *of this Contract, with Arbitration in London, shall be as per*
                               *FOSFA 81".*

Relevant edition of FOSFA No. 81 is enclosed for the convenience of the Tribunal (**Evidence 2** "FOSFA No. 81" to the Buyers' bundle).

## Facts

3.  On or around 7 September 2007 the Contract was agreed by phone between PIL and Mr. Adrian Bell acting as agent for EFKO. Consecutively, the agreement was finalized and reiterated in writing. (**Evidence 3** "E-mail exchange by Mr. Adrian Bell and Messrs. PACIFIC INTER-LINK SDN BHD" to the Buyers' bundle).

4.  The Sellers failed to deliver the goods by the expiry of the shipment period and have never asked for an extension thereof.

*This message is confidential and for use by the addressee only and may be legally privileged. If the message is received by anyone other than the addressee, please destroy it and notify the sender immediately.*



3 Shovkovychna str., 1st floor,
Kyiv, 01021, Ukraine
Phone: +38 (044) 253 14 34, 253 79 04
Fax: +38 (044) 253 69 31
e-mail: office@astapovlawyers.com
www.astapovlawyers.com

5. On the 22 July 2008 following the Sellers' default , the Buyers claimed arbitration before FOSFA and appointed Mr. Leach as their Arbitrator. (**Evidence 4** "Notice by Messrs. Astapov Lawyers dated 22nd July 2008" to the Buyers' bundle).

6. On the 24 July 2008 the Sellers nominated Mr. Bruce Tappy as their Arbitrator. (**Evidence 5** "Notice by Messrs. Sativale Mathew Arun" to the Buyers' bundle).

**Default of the Sellers**

7. Clause 32 of FOSFA No.81 incorporated into the Contract prescribes, that any dispute arising out of the contract, including any question of law arising in connection therewith, shall be referred to arbitration in London (or elsewhere if so agreed) in accordance with the Rules of Arbitration and Appeal of the Federation of Oils, Seeds and Fats Associations Limited, in force at the date of this contract and of which both parties hereto shall be deemed to be cognizant.

8. Pursuant to Clause 31 of FOSFA No.81, the Contract shall be deemed to have been made in England and the construction, validity and performance thereof shall be governed in all respects by English law.

9. Under English law, it is settled that within a CFR and CIF contracts there are three stages of delivery; a provisional delivery effected by the seller on shipment of the cargo or by purchase and allocation of the cargo bought afloat; a symbolical delivery represented by tender by the seller of the documents, and a physical delivery where the seller hands over the goods to the buyer at the port of destination.

10. None of any of these types of deliveries took place under the facts of this case before FOSFA Arbitration. Indeed, upon the expiry of the shipment period the cargo was not shipped nor bought afloat, the documents were not tendered and the cargo never physically arrived.

*This message is confidential and for use by the addressee only and may be legally privileged. If the message is received by anyone other than the addressee, please destroy it and notify the sender immediately.*



3 Shovkovychna str., 1st floor,
Kyiv, 01021, Ukraine
Phone: +38 (044) 253 14 34, 253 79 04
Fax: +38 (044) 253 69 31
e-mail: office@astapovlawyers.com
www.astapovlawyers.com

11. The shipment period set by the Contract expired on the 31 May 2008. No request for extension has been ever made by the Sellers. Accordingly, the Buyers submit that the due date of default shall be the first date after the expiry of the delivery period, i.e. the 1st June 2008.

### Damages Arising from the Sellers' Default

12. In calculating their damages the Buyers rely on the Default Clause of FOSFA No. 81 which reflects the general rules for the Buyers' claim for non-delivery. Under Default Clause of FOSFA No. 81, the damages awarded against the defaulter shall be limited to the difference between the contract price and the actual or estimated market price on the day of default. Damages to be computed on the mean contract quantity.

13. According to the officially recognized price quotations by REUTERS the FOB price of RBD palm olein of Malaysian origin in bulk at the date of default (1 June 2008) was 1247.5 USD/MT. (**Evidence 6** "REUTERS price quotations" to the Buyers' bundle).

14. According to the statement by Messrs. Gulf Agency Company, the world's leading provider of shipping, logistics, marine and related services, the transportation from the ports of Malaysia/Indonesia to the port Ilyichevsk, Ukraine during the period from January till June 2008 was in range of USD 160.00-180.00 per metric ton free in out basis. (**Evidence 7** "Statement by Messrs. Gulf Agency Company" to the Buyers' bundle).

15. Consequently, the Buyers damages shall be calculated under the formula:

DAMAGES = PRICE DIFFERENCE x MEAN CONTRACT QUANTITY= 920,250 USD.
where

*This message is confidential and for use by the addressee only and may be legally privileged. If the message is received by anyone other than the addressee, please destroy it and notify the sender immediately.*

ASTAPOV | INTERNATIONAL
LAWYERS | LAW
| GROUP

3 Shovkovychna str., 1st floor,
Kyiv, 01021, Ukraine
Phone: +38 (044) 253 14 34, 253 79 04
Fax: +38 (044) 253 69 31
e-mail: office@astapovlawyers.com
www.astapovlawyers.com

price difference= market price– contract price

613.5 USD = 1417.5 USD – 804 USD

market price (on the CFR basis)= FOB price + shipment price

1417.5 USD=1247.5 USD+170 USD

mean contract quantity = 1500 MT

contractual price= 804 USD/MT

### Our claim

16. For all the above-mentioned, the Buyers request the Tribunal to issue an award finding that the Sellers were in default on the 1st of June 2008 and thus shall pay:

   a) a total sum of damages of 920,250 USD;

   b) all costs incurred in connection with the present arbitration .

   c) compound interest at a rate of 8% with monthly shift as from the date when the debt has arisen until the date of actual payment.

### Annexes

1. The Contract No. PIL/PO/0693/07 dated 7th September 2007

2. FOSFA No. 81

3. E-mail exchange by Mr. Adrian Bell and Messrs. PACIFIC INTER-LINK SDN BHD

4. Notice by Messrs. Astapov Lawyers dated 22 July 2008

5. Notice by Messrs. Sativale Mathew Arun dated 24 July 2008

6. REUTERS price quotations

7. Statement by Messrs. Gulf Agency Company

Dated this 30 day of July 2008

Oleksiy Sereda/Eugene Blinov
Astapov Lawyers
International Law Group
Attorneys for Claimants

*This message is confidential and for use by the addressee only and may be legally privileged. If the message is received by anyone other than the addressee, please destroy it and notify the sender immediately.*



3 Shovkovychna str., 1st floor,
Kyiv, 01021, Ukraine
Phone: +38 (044) 253 14 34, 253 79 04
Fax: +38 (044) 253 69 31
e-mail: office@astapovlawyers.com
www.astapovlawyers.com

| | |
|---|---|
| Reference number: | *L-00406/07/08* |
| To: | *FOSFA International* |
| Copy 1: | *Messrs. Sativale Mathew Arun* |
| Copy 2: | *Mr. B. Leach* |
| Copy 3: | *Mr. B. Tappy* |
| Subject: | *RE: Contract PIL/PO/0694/07 dated 7 September 2007* |
| Date: | *30 July 2008* |
| Page: | *1 of 1* |
| | *+44 20 7623 1310* |
| | *+603 5633 1103* |
| Fax No.: | *+44 20 8440 6870* |
| | *+44 20 7583 3614* |

Dear Sirs,

Please find enclosed by way of service Claim Submissions of the Buyers in FOSFA arbitration case referring to the Contract PIL/PO/0694/07 dated 7 September 2007 between EFKO FOOD INGREDIENTS LIMITED and PACIFIC INTER-LINK SDN BHD.

The copy of the same has been sent to the Respondent Sellers.

Yours Faithfully,

Astapov Lawyers
International Law Group

*This message is confidential and for use by the addressee only and may be legally privileged. If the message is received by anyone other than the addressee, please destroy it and notify the sender immediately.*



3 Shovkovychna str., 1st floor,
Kyiv, 01021, Ukraine
Phone: +38 (044) 253 14 34, 253 79 04
Fax: +38 (044) 253 69 31
e-mail: office@astapovlawyers.com
www.astapovlawyers.com

IN THE MATTER OF A FOSFA ARBITRATION

B E T W E E N:

### EFKO FOOD INGREDIENTS LIMITED

Claimant<br>(BUYERS)

-AND-

### PACIFIC INTER-LINK SDN BHD

Respondent<br>(SELLERS)

Contract No. PIL/PO/0694/07 dated 7th September 2007

---

### CLAIM SUBMISSIONS OF THE BUYERS

---

By the present Claim Submissions the Buyers kindly request the Tribunal to order the Sellers to pay damages arising out of the Sellers' default on delivering the goods under the Contract No. PIL/PO/0694/07 dated 7th September 2007

### The Contract

1. By the Contract No. PIL/PO/0694/07 dated 7th September 2007 (hereinafter referred to as "the Contract") the Sellers, PACIFIC INTER-LINK SDN BHD (hereinafter referred to as

This message is confidential and for use by the addressee only and may be legally privileged. If the message is received by anyone other than the addressee, please destroy it and notify the sender immediately.



ASTAPOV | INTERNATIONAL
LAWYERS | LAW
GROUP

3 Shovkovychna str., 1st floor,
Kyiv, 01021, Ukraine
Phone: +38 (044) 253 14 34, 253 79 04
Fax: +38 (044) 253 69 31
e-mail: office@astapovlawyers.com
www.astapovlawyers.com

"PIL"), agreed to sell and the Buyers, EFKO FOOD INGREDIENTS LIMITED
(hereinafter referred as to "EFKO"), agreed to buy, a quantity of 1,500 MT +/-5% of RBD
Palm Olein in Bulk at Sellers' option at USD 804.00 per metric ton CFR port of
Ilyichevsk (**Evidence 1** "The Contract No. PIL/PO/0694/07 dated 7th September 2007" to
the Buyers' bundle)

2.  The terms of the Contract more particularly relevant to the present dispute were:

*"QUANTITY and*
*PACKING:*                  *1500 MT 5 % more or less at Seller's option, in bulk"*

*"SHIPMENT:*                 *June, 2008"*

*"UNIT PRICE:*               *In US Dollars per one metric ton CFR Illyichevsk, Ukraine*
                            *$ 804,00 (eight hundred four US Dollars 00 cents)."*

*"OTHER TERMS and*
*CONDITIONS :*              *Extension of shipment and Arbitration, relating to the terms*
                            *of this Contract, with Arbitration in London, shall be as per*
                            *FOSFA 81".*

Relevant edition of FOSFA No. 81 is enclosed for the convenience of the Tribunal
(**Evidence 2** "FOSFA No. 81" to the Buyers' bundle).

### Facts

3.  On or around 7 September 2007 the Contract was agreed by phone between PIL and Mr.
Adrian Bell acting as agent for EFKO. Consecutively, the agreement was finalized and
reiterated in writing. (**Evidence 3** "E-mail exchange by Mr. Adrian Bell and Messrs.
PACIFIC INTER-LINK SDN BHD" to the Buyers' bundle).

4.  The Sellers failed to deliver the goods by the expiry of the shipment period and have never
asked for an extension thereof.

*This message is confidential and for use by the addressee only and may be legally privileged. If the message is
received by anyone other than the addressee, please destroy it and notify the sender immediately.*



3 Shovkovychna str., 1st floor,
Kyiv, 01021, Ukraine
Phone: +38 (044) 253 14 34, 253 79 04
Fax: +38 (044) 253 69 31
e-mail: office@astapovlawyers.com
www.astapovlawyers.com

5.  On the 22 July 2008 following the Sellers' default, the Buyers claimed arbitration before FOSFA and appointed Mr. Leach as their Arbitrator. (**Evidence 4** "Notice by Messrs. Astapov Lawyers dated 22nd July 2008" to the Buyers' bundle).

6.  On the 24 July 2008 the Sellers nominated Mr. Bruce Tappy as their Arbitrator. (**Evidence 5** "Notice by Messrs. Sativale Mathew Arun" to the Buyers' bundle).

## Default of the Sellers

7.  Clause 32 of FOSFA No.81 incorporated into the Contract prescribes, that any dispute arising out of the contract, including any question of law arising in connection therewith, shall be referred to arbitration in London (or elsewhere if so agreed) in accordance with the Rules of Arbitration and Appeal of the Federation of Oils, Seeds and Fats Associations Limited, in force at the date of this contract and of which both parties hereto shall be deemed to be cognizant.

8.  Pursuant to Clause 31 of FOSFA No.81, the Contract shall be deemed to have been made in England and the construction, validity and performance thereof shall be governed in all respects by English law.

9.  Under English law, it is settled that within a CFR and CIF contracts there are three stages of delivery; a provisional delivery effected by the seller on shipment of the cargo or by purchase and allocation of the cargo bought afloat; a symbolical delivery represented by tender by the seller of the documents, and a physical delivery where the seller hands over the goods to the buyer at the port of destination.

10. None of any of these types of deliveries took place under the facts of this case before FOSFA Arbitration. Indeed, upon the expiry of the shipment period the cargo was not shipped nor bought afloat, the documents were not tendered and the cargo never physically arrived.

*This message is confidential and for use by the addressee only and may be legally privileged. If the message is received by anyone other than the addressee, please destroy it and notify the sender immediately.*



3 Shovkovychna str., 1st floor,
Kyiv, 01021, Ukraine
Phone: +38 (044) 253 14 34, 253 79 04
Fax: +38 (044) 253 69 31
e-mail: office@astapovlawyers.com
www.astapovlawyers.com

11. The shipment period set by the Contract expired on the 30 June 2008. No request for extension has been ever made by the Sellers. Accordingly, the Buyers submit that the due date of default shall be the first date after the expiry of the delivery period, i.e. the 1st July 2008.

## Damages Arising from the Sellers' Default

12. In calculating their damages the Buyers rely on the Default Clause of FOSFA No. 81 which reflects the general rules for the Buyers' claim for non-delivery. Under Default Clause of FOSFA No. 81, the damages awarded against the defaulter shall be limited to the difference between the contract price and the actual or estimated market price on the day of default. Damages to be computed on the mean contract quantity.

13. According to the officially recognized price quotations by REUTERS the FOB price of RBD palm olein of Malaysian origin in bulk at the date of default (1 July 2008) was 1222.5 USD/MT. (**Evidence 6** "REUTERS price quotations" to the Buyers' bundle).

14. According to the statement by Messrs. Gulf Agency Company, the world's leading provider of shipping, logistics, marine and related services, the transportation from the ports of Malaysia/Indonesia to the port Ilyichevsk, Ukraine during the period from January till June 2008 was in range of USD 160.00-180.00 per metric ton free in out basis. (**Evidence 7** "Statement by Messrs. Gulf Agency Company" to the Buyers' bundle).

15. Consequently, the Buyers damages shall be calculated under the formula:

DAMAGES = PRICE DIFFERENCE x MEAN CONTRACT QUANTITY= 882,750 USD.
where

*This message is confidential and for use by the addressee only and may be legally privileged. If the message is received by anyone other than the addressee, please destroy it and notify the sender immediately.*



3 Shovkovychna str., 1st floor,
Kyiv, 01021, Ukraine
Phone: +38 (044) 253 14 34, 253 79 04
Fax: +38 (044) 253 69 31
e-mail: office@astapovlawyers.com
www.astapovlawyers.com

price difference= market price– contract price

588.5 USD = 1417.5 USD – 804 USD

market price (on the CFR basis)= FOB price + shipment price

1392.5 USD=1222.5 USD+170 USD

mean contract quantity = 1500 MT

contractual price= 804 USD/MT

### Our claim

16. For all the above-mentioned, the Buyers request the Tribunal to issue an award finding that the Sellers were in default on the 1st of July 2008 and thus shall pay:

    a) a total sum of damages of 882,750 USD;

    b) all costs incurred in connection with the present arbitration .

    c) compound interest at a rate of 8% with monthly shift as from the date when the debt has arisen until the date of actual payment.

### Annexes

1. The Contract No. PIL/PO/0694/07 dated 7th September 2007

2. FOSFA No. 81

3. E-mail exchange by Mr. Adrian Bell and Messrs. PACIFIC INTER-LINK SDN BHD

4. Notice by Messrs. Astapov Lawyers dated 22 July 2008

5. Notice by Messrs. Sativale Mathew Arun dated 24 July 2008

6. REUTERS price quotations

7. Statement by Messrs. Gulf Agency Company

Dated this 30 day of July 2008

Oleksiy Sereda/Eugene Blinov
Astapov Lawyers
International Law Group
Attorneys for Claimants

*This message is confidential and for use by the addressee only and may be legally privileged. If the message is received by anyone other than the addressee, please destroy it and notify the sender immediately.*

# Declaration of Timur Bakusev

# EX4

Revised and Effective
from 1 October 2005

FEDERATION OF OILS, SEEDS AND FATS ASSOCIATIONS LTD

FOSFA INTERNATIONAL

# RULES OF ARBITRATION
# AND
# APPEAL

**20 ST DUNSTAN'S HILL, LONDON EC3R 8NQ**

### RULES OF ARBITRATION AND APPEAL

Any dispute arising out of a contract or contracts subject to these Rules, including any questions of law arising in connection therewith, shall be referred to arbitration in London (or without prejudice to the juridical seat elsewhere if so agreed) in accordance with the Arbitration Act 1996 and any statutory modification or re-enactment thereof for the time being in force.

The juridical seat of the arbitration shall be, and is hereby designated pursuant to Section 3 of the Arbitration Act 1996 as, England.

Each party engaging in an arbitration or an appeal pursuant to these Rules, whether or not a Member of the Federation, is deemed therefore to abide by these Rules and to agree with the Federation to be liable to the Federation (jointly and severally with the other parties to the arbitration or appeal) for all fees and expenses incurred in connection with the arbitration or appeal, which said fees and expenses shall, upon notification by the Federation under the provisions of Rules 1(b), 1(f), 6(b) and 9, be and become a debt due to the Federation.

**1. APPOINTMENT OF ARBITRATORS/UMPIRE**

    (a) Each party shall appoint an arbitrator who shall have accepted the appointment. However the two parties may by agreement appoint a sole arbitrator who shall have accepted the appointment. Any reference to arbitrators in these Rules shall also be taken to refer to a sole arbitrator. Each party shall advise the Federation promptly of the name of any arbitrator which that party has appointed.

    (b) If two arbitrators have been appointed they shall, if and when they disagree, appoint an umpire. If the arbitrators fail to agree on the appointment of an umpire, they shall notify the Federation which shall appoint an umpire. The Federation shall charge a fee, to be fixed by the Council from time to time, on such appointment.

    (c) Only Trading, Full Broker and Full Non-Trading Members or their nominated representative/s to the Federation shall have the right to act as arbitrators or umpires subject to retirement at age 75, if still active in the trade, or two years after retirement, whichever comes first. No person wholly or principally engaged in legal practice shall be eligible to act as an arbitrator or umpire. No person shall be eligible to act who, or whose company or firm has any direct or indirect interest in the transaction in the dispute. No person shall be eligible to proceed as an arbitrator or umpire who is already proceeding as an arbitrator or umpire in 10 disputes, excluding arbitrations on quality and/or condition and any arbitration stayed by Order of the Court. Any arbitration other than on quality and/or condition that is being held as between the first Seller and the last Buyer in a string shall be counted as a single dispute.

    (d) If the party claiming arbitration has notified the other party and the Federation in accordance with Rule 2(a) or 2(b) and that party fails to appoint an arbitrator within the time specified, or in the event that an arbitrator refuses to act, becomes incapable of acting or ineligible to act, or delays unduly, and the party who made the appointment omits to appoint a substitute, then the other party may apply to the Federation in accordance with Rule 1(f) for the appointment of an arbitrator to act on behalf of the party who failed to appoint an arbitrator or substitute as the case may be.

    (e) Any application to the Federation as mentioned under Rule 1(b) and 1(d) shall be accompanied by a copy of the notice of claim for arbitration together with a copy of the contract.

    (f) The Federation on receiving an application to appoint under Rule 1(d) shall charge the appropriate fee fixed by the Council from time to time. The Federation will notify the party who has failed to make an appointment or a substitution of its arbitrator, as the case may be, that the Federation intends to make such an appointment unless that party makes its own appointment within 14 consecutive days of notice being dispatched to it by the Federation. In the absence of an appointment being notified to the Federation within the stipulated period the Federation shall make such an appointment.

**2. PROCEDURE FOR CLAIMING ARBITRATION AND TIME LIMITS**

    (a) Claims on quality and/or condition:

        (i) If the claim is not to be supported by certificate/s of contractual analysis/ses, the party claiming arbitration shall despatch the notice of claim with the name of his appointed arbitrator to the other party within 21 consecutive days from the date of completion of discharge of the goods and shall at the same time notify the Federation and despatch sealed sample/s to the office of the Federation, where such sample/s shall be held at the disposal of the arbitrators and/or umpire. The other party shall nominate an arbitrator and notify his name to the Federation within 7 consecutive days from receipt of such notice. Notwithstanding the above, if the claimant requires a supporting analysis then a further sample shall have been dispatched to the analyst within 21 consecutive days from the date of completion of discharge of the goods.
For FOB, ex tank, ex mill and ex store contracts under 2(a) the word 'delivery' shall be read in place of 'discharge'.

        (ii) If the claim is to be supported by certificate/s of contractual analysis/ses, the notice under 2(a)(i) shall be dispatched and the Federation notified within 14 consecutive days from the date of the final analysis certificate. The other party shall nominate an arbitrator and notify his name to the Federation within 7 consecutive days from the receipt of such notice.

        (iii) If the claim relates to goods sold as fair average quality and the contract provides for a standard average for the month of shipment being made, the notice shall be dispatched and the Federation notified within 14 consecutive days of the publication in the trade lists that the standard has been or will not be made. The other party shall nominate an arbitrator and notify his name to the Federation within 7 consecutive days from the receipt of such notice.

If the arbitration is not proceeded with within 14 consecutive days of the appointment of the arbitrator acting for the respondent, then either party may apply to the Federation in accordance with Rule 1(d) for the appointment of a substitute.

    (b) Claims other than on quality and/or condition shall be notified by the claimant with the name of an arbitrator to the other party and to the Federation within the time limits stipulated in this Rule:

        (i) For goods sold

            (1) On CIF, CIFFO, C&F and similar contract terms: not later than 120 consecutive days after the expiry of the contract period of shipment or of the date of completion of final discharge of the goods whichever period shall last expire. The other party shall nominate an arbitrator and notify his name to the Federation within 30 consecutive days from receipt of such notice.

            (2) On FOB terms: not later than 120 consecutive days after the expiry of the contract period of shipment. The other party shall nominate an arbitrator and notify his name to the Federation within 30 consecutive days from receipt of such notice.

            (3) On any other terms: not later than 120 consecutive days after the last day of the contractual delivery period. The other party shall nominate an arbitrator and notify his name to the Federation within 30 consecutive days from receipt of such notice.

        (ii) In respect of any monies due by one party to the other, not later than 60 consecutive days after the dispute has arisen. The other party shall nominate an arbitrator and notify his name to the Federation within 30 consecutive days from receipt of such notice.

    (c) Claims for arbitration shall be made by any means of rapid written communication (e-mails excluded). All notices shall be under reserve for errors in transmission. Notices shall be passed on with due despatch by intermediate Buyers and Sellers. Any notice received after 16.00 hours on a business day shall be deemed to have been received on the following business day. Notice from a broker shall be a valid notice under these Rules.
Should the time limit for doing any act or giving any notice expire on a Saturday, Sunday or any public holiday in the country where the party required to do the act or give the notice resides or carries on business or in the country where the act has to be done or the notice has to be received or on any day which the Federation shall declare to be a non-business day the time so limited shall be extended until the first business day thereafter. All business days shall be deemed to end at 16.00 hours Mondays to Fridays inclusive.

    (d) In the event of non-compliance with any of the preceding provisions of this Rule, and of such non-compliance being raised by the respondents as a defence, such claim shall be deemed to be waived and absolutely barred unless the arbitrators, umpire or Board of Appeal referred to in these Rules shall, in their absolute discretion, otherwise determine. Either party has a right of appeal against the arbitrators'/umpire's decision, in which case the Board of Appeal have the same rights as the arbitrators under this clause.

    (e) Failure to notify the Federation as required by Rule 1(a), 2(a) or 2(b) shall not in itself debar a claim for arbitration nor prevent an arbitration proceeding but shall be taken into account by arbitrators, umpire or Board of Appeal in exercising their discretion under Rule 2(d).

3. **LAPSE OF CLAIM**

If neither the claimant nor the respondent submits any documentary evidence or submissions to the arbitrator appointed by or for him with the copy to the other party within the period of one year from the date of appointment of the first named arbitrator, then the claim to arbitration shall be deemed to have lapsed on expiry of the said period of one year unless before that date the claim is renewed by a further claim for arbitration to be made by either party notifying the other before the expiry date. Any such renewal shall be for a period of one year from the date of the giving of notice of renewal when it shall lapse again unless renewed in the like manner as the first renewal or unless by then documentary evidence or submissions have been submitted by either the claimant or the respondent. In the event of failure to renew a claim as provided in this Rule such claim shall be deemed to have been withdrawn and abandoned unless the arbitrator/s shall in his/their absolute discretion otherwise determine upon such terms as he/they may think fit.

4. **PROCEDURE FOR ARBITRATIONS**

All submissions, interlocutory applications and related correspondence referred to under this Rule shall be dispatched within any of the specified time limits to: one copy to each of the appointed arbitrators; one copy to the other party; one copy to the Federation.

(a) Claims under Rule 2(a) (quality and/or condition):
  (i) The party claiming arbitration shall dispatch in writing his submission together with supporting documents within 10 consecutive days of the claim for arbitration.
  (ii) If the party against whom a claim is made wishes to reply to the claimants submission, such reply together with supporting documents shall be dispatched in writing within 14 consecutive days of the receipt thereof. Failing receipt of such reply, the arbitrators shall proceed with the arbitration without delay.
  (iii) In arbitration under Rule 2(a)(i) and 2(a)(iii), the Award of the arbitrator/s or umpire shall be dispatched to FOSFA International for typing within 28 consecutive days from the date of the claim or the date of the publication of the standard.
(b) Claims under 2(b) (other than on quality and/or condition):
  (i) The party claiming arbitration shall dispatch in writing his submission together with supporting documents without delay.
  (ii) If the party against whom a claim is made wishes to reply, such reply together with supporting documents shall be dispatched in writing without delay. Failing receipt of such reply, the arbitrators shall proceed with the arbitration without delay.
(c) When arbitration against an umpire they shall also notify the Federation.
(d) A sole arbitrator or the arbitrators, by mutual agreement, or the umpire, or the Board of Appeal, as the case may be, shall have discretion to extend the time limits under Rule 4(a).
(e) If one party has submitted any document to the arbitrator/s which has not been submitted to the other party, then a copy thereof shall be supplied to that party by the arbitrator/s prior to the hearing.
(f) The arbitrator/s or the umpire, as the case may be, shall have the power to request further information or documents from either of the parties, to hear oral submissions or evidence if they or he so desire and to make such directions relating to the conduct of the arbitration as they or he think fit. The parties shall be entitled to a reasonable period within which to comply with any such request but the arbitrators or the umpire, as the case may be, having given reasonable notice, may make an Award if such requests have not been complied with.
(g) If either party has expressed a wish to be present, the arbitrators or the umpire shall give reasonable notice to the parties of the date, time and place when any oral evidence or additional submissions may be heard and both parties to the arbitration or their authorised representatives may attend any such hearing but may not have present or be represented by counsel, solicitor or any member of the legal profession wholly or principally engaged in legal practice.
(h) The arbitrator/s or the umpire at their absolute discretion may require the claimant to lodge a deposit with the Federation on account of the fees, costs and expenses of the arbitration before proceeding. If after the expiration of 14 consecutive days after the notification to the claimant of the deposit required the claimant not having paid such deposit, the arbitration shall be stayed until such time as the deposit is paid. In the event that the deposit is not paid within 28 consecutive days the arbitration shall be deemed to be permanently stayed unless the arbitrator/s or umpire in the exercise of their absolute discretion decide to continue the arbitration.
(i) If any party to an arbitration considers that either arbitrator or the umpire is failing to exercise all reasonable despatch in entering on or proceeding with the arbitration then that party may notify the Federation accordingly in writing with full details. Upon receipt of such notice the Federation shall call upon the arbitrator or umpire to explain the reasons for the delay. The arbitrator or umpire must furnish the Federation with such an explanation within 7 days of the Federation's request for such an explanation. If the Federation is not satisfied with the arbitrators' or umpire's explanation the Federation shall fix a 7 day period in which the arbitrator or umpire is to take the next step required to be done in proceeding with the arbitration. Should the arbitrator or umpire fail to respond to the Federation's request for an explanation or fail to take the next step required to be done in proceeding with the arbitration, within the 7 day period then the Federation shall have the right to require the arbitrator or umpire to resign his position as arbitrator or umpire in that particular arbitration. The arbitrator or umpire shall be deemed to have resigned his position 14 consecutive days after despatch to him of the Federation's written requirement that he resigns his appointment unless otherwise decided by the Federation.
An arbitrator or umpire who is called upon to resign his position as arbitrator or umpire under this provision shall not be entitled to receive any remuneration in respect of his services provided in the particular arbitration in question unless otherwise decided by the Federation. Where an arbitrator resigns his position under this provision then the party who appointed the arbitrator shall appoint another duly qualified arbitrator in his place within 14 days of the notice being dispatched in accordance with the provisions of Rule 1. If that party does not so appoint then the Federation shall make such an appointment and shall charge the defaulting party the appropriate fee fixed by the Council from time to time being in force.
Where an umpire resigns his position under this provision then the two arbitrators who have appointed him shall appoint another umpire in his place, within 7 days of being notified of the resignation of the umpire. If the arbitrators do not so appoint then the Federation shall make such an appointment in accordance with its powers under Rule 1(b).
In circumstances where an arbitrator or umpire is removed from an arbitration by the Federation as provided for above, the Federation may, by a decision of the Council, also suspend or remove that person's right to act as an arbitrator or umpire and to serve on the Appeal Panel.

5. **JURISDICTION**

(a) The arbitrators may rule on their own jurisdiction as to whether there is a valid arbitration agreement.
(b) If arbitrators agree that they have jurisdiction, they shall proceed with the arbitration without delay.
(c) If arbitrators agree that they have no jurisdiction they shall draw up an award in accordance with Rules 6(a) and 6(b).
(d) If the arbitrators cannot agree that they have jurisdiction they shall appoint an umpire under Rule 1(b) who shall first determine the question of jurisdiction.
(e) If the umpire decides that he has jurisdiction he shall proceed with the arbitration without delay.
(f) If the umpire decides that he has no jurisdiction he shall draw up an award in accordance with Rules 6(a) and 6(b).
(g) A right of appeal to the Federation shall apply to Rules 5(c) and 5(f).

6. **PROCEDURE FOR ARBITRATION AWARDS**

(a) Awards, which shall incorporate the reasons therefore, shall be in writing on the official form of the Federation and the arbitrators or the umpire shall have the power to assess and award their fees and award by whom these and other fees and expenses of the arbitration shall be paid. The Federation's fees shall be those in force as prescribed by the Council of the Federation.

(b) When an Award has been signed it shall be the duty of the arbitrators or the umpire to lodge the original and one copy with the Federation who shall date them and give notice to the parties named in the award that the award is at their disposal upon payment of the fees and expenses of the arbitration. Such payment must be received by the Federation within 42 days of the date of the award or the parties shall forfeit their right to appeal against the award under Rule 7. On receipt of payment, the Federation shall immediately send the original award to the party who has paid and send a copy to the other party. Until payment has been made, the contents of the award shall under no circumstances be divulged.

(c) Should the contract form part of a string of contracts which are in all material points identical in terms, except as to the date and price, then:

    (i) In any arbitration for quality and/or condition, as mentioned in Rule 2(a), the arbitration shall be held as between the first Seller and the last Buyer in the string as though they were contracting parties.

        Any Award so made (in these Rules called the String Award) shall, subject to the right of appeal as provided in these Rules, be binding on all the intermediate parties in the string, and may be enforced by any intermediate party against his immediate contracting party as though a separate award has been made under each contract.

    (ii) In other cases arbitration shall only be held as between the first Seller and the last Buyer in a string as though they were contracting parties if all parties in the string agree in writing and provided each intermediate party shall have submitted his contract and all relevant information to the arbitrators. A separate Award shall be made in respect of each contract.

## 7. PROCEDURE FOR CLAIMING APPEAL AND TIME LIMITS

(a) Any party to an award of arbitration shall have the right to appeal to the Appeal Panel of the Federation provided that payment of the fees and expenses of the arbitration was made to the Federation within 42 days of the date of the award as per Rule 6(b) and that notice of appeal is received by the Federation not later than 12.00 hours on the 28th consecutive day after the date on which the award is sent to the parties, in accordance with Rule 6(b).

(b) The appellant when giving notice of appeal to the Federation shall at the same time send a copy to the other principal to the contract and arrange to pay to the Federation a deposit as prescribed by the Council of the Federation on account of fees, costs and expenses of the appeal, which is to be received by the Federation not later than 7 consecutive days after receipt of the notice of appeal.

    If due to currency regulations payment of the deposit is not possible within the 7 day time limit an extension of 14 consecutive days shall be granted for the payment of the deposit provided that the appellant has produced satisfactory evidence from a bank that the application for the transfer of the deposit has been made.

(c) Every notice given to a party to any string Award shall be passed on with due despatch by that party and such passing on, provided it is done with due despatch shall be deemed to be in compliance with the procedure for claiming appeal.

(d) The appellant shall within 21 days of lodging the appeal, provide the Federation and the other party with an outline of the reasons for appeal.

(e) Should it not be possible to perform any of the foregoing acts within the time limits stipulated, application may be made to the Federation for an extension of the time limit, which extension may be granted at the absolute discretion of the Federation.

## 8. PROCEDURE FOR APPOINTMENT OF BOARDS OF APPEAL

(a) The appeal shall be determined by a Board of Appeal consisting of five members appropriately appointed by the Federation from the Appeal Panel. No member of the Panel who, or whose company or firm, has any direct or indirect interest in the transaction in dispute or who has acted as arbitrator or umpire in the case, nor any member of the same company or firm to which either of the arbitrators or the umpire belong, shall be entitled to be appointed a member of the Board of Appeal.

(b) In the case of illness or death, or refusal, or incapacity, or inability to act, of any member appointed to serve on a Board of Appeal, the Federation shall appoint a substitute from the Appeal Panel in his place. Nevertheless if only four members of the Board are able to serve on the day of the substantive hearing, they may, subject to the agreement of the parties or of their duly authorised representatives, exercise all the powers of the Board of Appeal.

(c) In the event of appeals lodged by more than one party in relation to the same Award, the Federation shall consolidate such appeals for hearing by the same Board of Appeal.

## 9. PROCEDURE AT APPEALS

(a) Each party may state their case orally and/or in writing and may appear either personally or be represented by a listed representative in the appropriate section of a Trading, Full Broker or Full Non-Trading member of the Federation and duly appointed in writing, but shall not be represented by or have present at the hearing of such appeal, Counsel or Solicitor, or any member of the legal profession wholly or principally engaged in legal practice, unless, at the sole discretion of the Board of Appeal, the case is of special importance, and in such cases the other party shall have the same rights.

(b) The Board of Appeal shall issue a reasoned Award signed by the Chairman on behalf of the Board and counter signed by the Secretary to the Board of Appeal after confirmation that the majority agree the Award, and when so signed shall be the Award of the Board of Appeal which shall be final and binding.

(c) In respect of any String Award made by a Board of Appeal such String Award shall be binding on the first Sellers, the last Buyers, and all the intermediate parties in the string and may be enforced by any intermediate party against his immediate contracting party as though a separate award had been made under each contract.

(d) The Board of Appeal shall have the power to require from time to time a further deposit/s to be made by either party and shall award the payment of appeal fees, costs and expenses of, and incidental to, the appeal. If an Award is remitted to a Appeal. If the Court the Board shall have the power to require a deposit to be made by the party/ies that made application to the Court on account of the fees, costs and expenses of any hearing by the Board of submissions by the parties or of any meeting of the Board occasioned by such remission. No interest shall be payable on any deposit or further deposit made by any party to an appeal under the provisions either of this Rule or Rule 7.

(e) If the appellant, on receiving from the Board of Appeal notice of the date fixed for the hearing of the appeal, requests a postponement of more than 14 days or at the first or any subsequent hearing of the appeal requests an adjournment, then in such events the Board of Appeal may at their absolute discretion direct that as a condition of granting a postponement or an adjournment all or any part of the money required by the terms of the award of arbitration to be paid by either party to the other shall be deposited in a bank (either in England or abroad) as the Board of Appeal may direct. Such money shall be held by such bank in an account in the name of the Federation and otherwise in such terms as the Board of Appeal directs.

    The Board of Appeal shall, where such money has been deposited, in their Award direct how and to which of the parties the amount so held shall be paid out. Provided that, if in the opinion of the Board of Appeal after hearing the parties, the appellant shall have delayed unduly the proceedings of his appeal, he shall after due warning and if the Board of Appeal so decides, be deemed to have withdrawn his appeal in which case the money on deposit (with interest, if any, less tax) shall immediately become due and payable to the party or parties entitled thereto under the terms of the Award of Arbitration.

## 10. WITHDRAWAL OF APPEALS

(a) An appellant shall have the right at any time before the hearing of the appeal to withdraw his appeal subject to payment of such costs, if any, as the Federation or the Board of Appeal may determine:

    (i) On notice being received from the appellant at least 24 hours before the appointment of the Board of Appeal half of the deposit shall be returned.

    (ii) On notice being received at least 72 hours before the time fixed for the hearing by the Board of Appeal one quarter shall be returned.

    (iii) If such notice of withdrawal is received after that time no part of the deposit shall be returned.

    (iv) When an appeal is withdrawn before any action has been taken by the Federation the deposit shall be refunded.

(b) In the event of such withdrawal as aforesaid any other party to an Award of Arbitration shall have a right of appeal against that award to the Appeal Panel of the Federation in accordance with the provisions of Rule 6 save that the time limit for giving notice of appeal laid down in Rule 7(a) shall be 12.00 hours on the 21st consecutive day after the date of the Federation's notice to that party of the aforesaid withdrawal.

**11. GENERAL**

(a) (i)  Any objection to the membership of a Board of Appeal on the ground that a member of the Board of Appeal was not eligible to serve must be made in writing and established to the satisfaction of the Council of the Federation before the hearing of the substantive case has commenced.

(ii)  If such objection is made the Federation in its absolute discretion shall have the power to appoint a substitute member or members of a Board of Appeal from the Appeal Panel up to the beginning of the hearing of the substantive case.

(iii)  No Award of a Board of Appeal shall be questioned or invalidated on the ground of any irregularity in the appointment of the Board of Appeal or any of its members or on the ground that any member of the Board of Appeal was not eligible to serve.

(b)  Any notice may be delivered personally or left at the place where the party to whom it is to be delivered is carrying on business or (by reason of the provisions of the contract) is to be considered to be carrying on business. A copy shall be delivered to the Federation.

(c)  If an Arbitration or an Appeal Award is not taken up by any of the parties to the dispute within 28 consecutive days after the date of the Award, the Federation shall call upon the claimant and the respondent or the appellant and the respondent, as the case may be, to take up the Award. If the claimant and the respondent or the appellant and the respondent fail to take up the Award, the Council of the Federation may post on the Federation's notice board and/or circularise to members in any way thought fit a notification to that effect. The parties to any such arbitration or appeal held under these Rules shall be deemed to have consented to the Council taking such action.

(d)  In the event of any party to an arbitration or appeal held under these Rules neglecting or refusing to carry out or abide by an Award of arbitrators or umpire or Board of Appeal made under these Rules, the Council of the Federation may post on the Federation's Notice Board and/or circularise to members in any way thought fit a notification to that effect. The parties to any such arbitration or appeal shall be deemed to have consented to the Council taking such action.

© FOSFA Copyright 2005