424-08/LJK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
EFKO FOOD INGREDIENTS, LTD.,

                 **08 CV 6480 (CM)**

            Plaintiff,

    -against-

PACIFIC INTER-LINK SDN BHD,

            Defendant.
-------------------------------------------------------x

## DEFENDANT'S REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF VACATURE OR REDUCTION
## OF MARITIME ATTACHMENT AND/OR DISMISSAL OF ACTION

                              Freehill Hogan & Mahar, LLP
                              Attorneys for Defendant
                              Pacific Inter-Link Sdn Bhd
                              80 Pine Street
                              New York, NY 10005
                              (212) 425-1900
                              (212) 425-1901 fax

Of Counsel:
Lawrence J. Kahn (LK 5215)

NYDOCS1/311830.1

## TABLE OF CONTENTS

PRELIMINARY STATEMENT 1

ARGUMENT

 Point I

 PLAINTIFF BEARS THE BURDEN OF PROVING WHY
 THE ATTACHMENT SHOULD NOT BE VACATED 1

 Point II

 RULE E(4)(f) AND *AQUA STOLI* MANDATE EVALUATION
 OF WHETHER THE PLAINTIFF HAS PROPERLY
 OBTAINED AN ATTACHMENT 2

 Point III

 UNDER ENGLISH LAW, NO CONTRACT EXISTS
 BETWEEN THE PARTIES 5

 Point IV

 THERE IS NO "MARITIME CLAIM" IN THIS CASE
 AND THE ATTACHMENT MUST BE VACATED 8

CONCLUSION 10

**TABLE OF AUTHORITIES**

<u>**Cases**</u>

Aqua Stoli shipping Ltd. v. Gardner Smith Pty. Ltd., 460 F.3d 434
    (2d Cir. 2006)                                                  1, 2, 5

Bell v. Hood, 327 U.S. 678 (1946)                            3

De La Torre Bueno v. Dance Perspectives Foundation, Inc., 2004 U.S.
    Dist. LEXIS 14767 (S.D.N.Y. July 30, 2004)                           7

Exxon Corp. v. Central Gulf Lines, Inc., 500 U.S. 603 (1991)            8

FH Bertling Holding KG v. Ranhill Engineers and Constructors,
    2008 U.S. Dist. LEXIS 52085 (S.D.N.Y. July 9, 2008)                  9

Folksamerica Reinsurance Co. v. Clean Water of New York, Inc., 413
    F.3d 307 (2d Cir. 2005)                                      9

Hammer v. First Unum Life Ins. Co., 2004 U.S. Dist. LEXIS 16893
    (S.D.N.Y. Aug. 25, 2004)                                   7

Ice Flake Maritime Ltd. v. Westcoast AS, 2007 U.S. Dist. LEXIS
    75677 (S.D.N.Y. Oct. 11, 2007)                                3

Impulse Marketing Group, Inc. v. National Small Business Alliance,
    Inc., 2007 U.S. Dist. LEXIS 42725 (S.D.N.Y. June 11, 2007)       6

Kossick v. United Fruit Co., 365 U.S. 731 (1961)                     8

Linea Naviera de Cabotaje, C.A. v. Mar Caribe de Navegacion, C.A.,
    169 F.Supp.2d 1341 (M.D.FL. 2001)                          1

Naias Marine S.A. v. Trans Pacific Carriers Co., 2008 U.S. Dist. LEXIS
    2438 (S.D.N.Y. Jan. 9, 2008)                               4

Navision Shipping A/S v. Yong He Shipping (HK) Ltd., 2008 U.S.
    Dist. LEXIS 62423 (S.D.N.Y. Aug. 8, 2008)                     2, 3

Norfolk Southern Ry. v. James N. Kirby, Pty. Ltd., 543 U.S. 14 (2004)   8

OGI Oceangate Trans. Co. v. RP Logistics Pvt., 2007 U.S. Dist.
    LEXIS 46841 (S.D.N.Y. June 21, 2007)                        4, 5

Perma Pave Contracting Corp. v. Paerdegat Boat & Racquet Club, Inc.,
    549 N.Y.S.2d 57 (App.Div. 1989)                             6

Petraco Oil Co. Ltd. v. Progetra S.A., 08 CIV 3115 (PAC) (S.D.N.Y.
    Aug. 19, 2008) (not published, copy annexed to Kahn Reply
    Affirmation)                 9

Salazar v. The ATLANTIC SUN, 881 F.2d 73 (3d Cir. 1989)     1

Sixteen Thirteen Marine S.A. v. Congentra AG., 2008 U.S. Dist. LEXIS
    56271 (S.D.N.Y. July 25, 2008)     5

Stevens Shipping & Terminal Co. v. Japan Rainbow II MV, 334 F.3d 439
    (5th Cir. 2003)     7, 8

Stolthaven Houston, Inc. v. RACHEL B, 2008 U.S. Dist. LEXIS 55723
    (S.D.N.Y. July 18, 2008)     4

Wajilam Exports (Singapore) Ptd. Ltd. v. ATL Shipping Ltd., 2006
    U.S. Dist. LEXIS 77033 (S.D.N.Y. Oct. 23, 2006)     1

Yucyco, Ltd. v. Republic of Slovenia, 984 F. Supp. 209 (S.D.N.Y. 1997)     6

Zeno v. Ford Motor Co., 480 F.Supp.2d 825 (W.D.PA. 2007)     6

## PRELIMINARY STATEMENT

This Reply Memorandum of Law is respectfully submitted along with the accompanying Rastogi and Sach Reply Declarations and Kahn Reply Affirmation in further support of Defendant Pacific Inter-Link Sdn Bhd ("PIL")'s motion to vacate or reduce the attachment obtained by Plaintiff EFKO Food Ingredients Ltd. ("EFKO") and/or to dismiss the action in its entirety.

## ARGUMENT

### Point I

### PLAINTIFF BEARS THE BURDEN OF PROVING WHY THE ATTACHMENT SHOULD NOT BE VACATED

It is well established that at a Rule E(4)(f) hearing, the burden is on the plaintiff to demonstrate why the attachment should not be vacated.[1]  The Rule provides in pertinent part as follows:

> Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which *the plaintiff shall be required to show why the arrest or attachment should not be vacated*....

Rule E(4)(f) (emphasis supplied).  *See also* Aqua Stoli Shipping Ltd. v. Gardner Smith Pty . Ltd., 460 F.3d 434, 445 (2d Cir. 2006); Salazar v. The ATLANTIC SUN, 881 F.2d 73, 79 (3d Cir. 1989); Linea Naviera de Cabotaje, C.A. v. Mar Caribe de Navegación, C.A., 169 F.Supp.2d 1341, 1357-59 (M.D.FL. 2001).  The standard generally is that "the plaintiff must demonstrate that 'reasonable grounds' exist for the attachment."  Wajilam Exports (Singapore) Ptd. Ltd. v. ATL Shipping Ltd., 2006 U.S. Dist. LEXIS 77033, *7-8 (S.D.N.Y. Oct. 23, 2006).

---

[1] Plaintiff's response brief at 5 incorrectly indicates that the "Defendant has not met its burden to prove the limited bases for vacating the attachment exist".

**Point II**

**RULE E(4)(f) AND *AQUA STOLI* MANDATE
EVALUATION OF WHETHER THE PLAINTIFF
<u>HAS PROPERLY OBTAINED AN ATTACHMENT</u>**

There is no dispute that EFKO bears the burden of showing why the Rule B attachment should not be vacated and consequently bears the burden of proving that it has a valid *prima facie* maritime claim against PIL.  *See* <u>Aqua Stoli Shipping Ltd. v. Gardner Smith Pty. Ltd.</u>, 460 F.3d 434, 445 n.5 (2d Cir. 2006).  As this Court recognized subsequent to <u>Aqua Stoli</u>, this inquiry exists, in part, to ensure "that a plaintiff does not 'hold, for a substantial period of time, property to which, in reality, it has no legitimate claim.'"  <u>Navision Shipping A/S v. Yong He Shipping (HK) Ltd.</u>, 2008 U.S. Dist. LEXIS 62423, at *8 (S.D.N.Y. Aug. 8, 2008) (Chin, J.).

EFKO acknowledges that in assessing whether a plaintiff satisfies its burden, the district courts apply a variation of two standards that have become known as "the *prima facie*" standard (which essentially focuses on the allegations in the complaint) and the "reasonable grounds" standard (which considers evidence extrinsic to the complaint). EFKO argues that the *prima facie* standard is the current trend and implies that this more easily satisfied standard should be applied in this case.[2]  EFKO claims, without any meaningful analysis, that it has met the pleading standard merely by alleging in the Verified Complaint that it has a maritime claim and has satisfied the other technical requirements, and that thus its attachment should be maintained.  (*See* Plaintiff's Brief at 6).  Such arguments by Plaintiff on the standard of proof are flawed.

---

[2] PIL takes no position as to which standard should be applied, because even under the significantly less burdensome *prima facie* standard, EFKO cannot succeed.

This Court's review is not limited to an investigation as to whether the allegations – in a vacuum – tend to plead a cause of action that sounds in admiralty. Plaintiff seems to suggest that merely stating an allegation of a maritime claim is sufficient to satisfy the *prima facie* standard and defeat any challenge to the allegations in the complaint. The law, however, is not so because if Plaintiff were correct, then it simply would not be possible to challenge an attachment on the allegations in the pleadings, despite the fact that Rule E(4)(f) was designed to give a defendant the opportunity to do so. "Rule E(4)(f) is designed to…[guarantee] a prompt post-seizure hearing at which [the defendant] **can attack the complaint**, the arrest, the security demanded, or any other alleged deficiency in the proceedings". *Advisory Committee Notes to Rule E* (1985 Amendment) (emphasis supplied).

Instead, this Court can, and should, review the proofs submitted by the two sides to determine whether EFKO's claim is frivolous. In a situation where both sides have submitted the proofs necessary for the Court to reach such a determination, the Court should review this evidence to determine whether or not the Plaintiff's claim is validly pled or only appears to be so and is actually false. *See, e.g.,* Navision Shipping, 2008 U.S. Dist. LEXIS 62423, at *10 n.8. *See also* Ice Flake Maritime Ltd. v. Westcoast AS, 2007 U.S. Dist. LEXIS 75677 (S.D.N.Y. Oct. 11, 2007), *citing* Bell v. Hood, 327 U.S. 678, 682-83 (1946) for the proposition that the Court, even applying the *prima facie* standard, should determine whether a claim facially falling within the Court's jurisdiction is actually "immaterial," "insubstantial" or "frivolous". The only way to make such an examination is to look to evidence outside the Complaint itself.

Even under the *prima facie* standard advanced by EFKO, EFKO still has the burden of identifying the law governing the underlying dispute and demonstrating that, under that law, the allegations in the complaint demonstrate a valid *prima facie* claim against PIL. *See* OGI Oceangate Trans. Co. v. RP Logistics Pvt., 2007 U.S. Dist. LEXIS 46841 (S.D.N.Y. June 21, 2007) (Sweet, J.), *reh'g denied*, 2007 U.S. Dist. LEXIS 74180 (S.D.N.Y. Oct. 4, 2007); Stolthaven Houston, Inc. v. RACHEL B, 2008 U.S. Dist. LEXIS 55723 (S.D.N.Y. July 18, 2008) (Patterson, J.); Naias Marine S.A. v. Trans Pacific Carriers Co., 2008 U.S. Dist. LEXIS 2438 (S.D.N.Y. Jan. 9, 2008) (Leisure, J.).

In OGI Oceangate, Judge Sweet vacated an attachment seeking security for plaintiff's claim that the defendant had caused the wrongful arrest of a vessel in India. No evidence was offered on the validity of such a claim under the foreign law. Judge Sweet, applying the *prima facie* standard, vacated the attachment on the grounds that the plaintiff had failed to establish a *prima facie* claim for wrongful arrest. Judge Sweet reasoned that "[w]ithout an understanding of the applicable law, the Court is unable to determine whether [the plaintiff] has a valid *prima facie* claim of wrongful arrest. Since [the plaintiff] has the burden of affirmatively showing that it has such a claim..., [the] plaintiff has failed to meet its burden with respect to his claim of wrongful arrest." 2007 U.S. Dist. LEXIS 46841 at *14. A similar result was reached by Judge Leisure in Naias, in which the Court held that the failure of the Plaintiff to supply a demonstration of the applicable English law in support of the allegations in the Complaint resulted in vacature. 2008 U.S. Dist. LEXIS 2438 (S.D.N.Y. Jan. 9, 2008).

Thus, under either standard, the Court remains obliged to make certain conclusions regarding the validity of a plaintiff's claim and whether that claim has any

basis to be sustained under the governing law. *See* <u>OGI Oceangate</u>, 2007 U.S. Dist. Lexis 74180 at *6 (noting that under <u>Aqua Stoli</u> the district court's role is to make conclusions regarding the validity of plaintiff's claims). Here, EFKO claims that the alleged breach of a sale and purchase contract said by EFKO to exist (which PIL denies), is maritime in nature and gives rise to a maritime claim capable of supporting a Rule B attachment. Such argument is not supported under applicable English law (or comparable American law) and EFKO thus fails to satisfy its burden of proof.

EFKO's claims are not sustainable and the attachment must therefore be dismissed. The inquiry in this regard is not fact-intensive or an impermissible analysis of the merits. As Judge Baer recently held in <u>Sixteen Thirteen Marine S.A. v. Congentra AG.</u>, 2008 U.S. Dist. LEXIS 56271, *23-24 (S.D.N.Y. July 25, 2008), the Court in an E(4)(f) hearing tests "for plausibility, not veracity." In <u>Sixteen Thirteen</u>, the defendant attempted to demonstrate false pleading by engaging in a credibility contest. This was the wrong approach, particularly in a case where the merits were to be decided by arbitration abroad. Here, though, there is no credibility test to be performed. All that is required of the Court in order to find that EFKO's claim herein is frivolous is to compare the undisputed facts and undisputed provisions of the applicable law. Whether a sustainable maritime claim is alleged is precisely the type of inquiry which <u>Aqua Stoli</u> mandates a district court evaluate to see if a plaintiff has properly obtained an attachment.

<div align="center">

**Point III**

**UNDER ENGLISH LAW, NO CONTRACT EXISTS**
**<u>BETWEEN THE PARTIES</u>**

</div>

The parties are in complete agreement that English law governs the merits of the dispute between the parties. Sach Reply Declaration, ¶2, 20. In addition to this general

agreement, important provisions of English law to be applied to the situation at hand here are also not in dispute, leading to one conclusion – there is no contract.

For example, in the Sach Declaration at ¶12, it is stated that there is no privity of contract between the parties. This is not disputed by the Jones Declaration, as noted in the Sach Reply Declaration, ¶5. Without privity of contract between the parties, no valid cause of action lies under English law, and accordingly EFKO has no valid claim under the agreed foreign law against PIL. Sach Reply Declaration, ¶5. Not surprisingly, the result is the same under U.S. law, as well. *See* Impulse Marketing Group, Inc. v. National Small Business Alliance, Inc., 2007 U.S. Dist. LEXIS 42725, *15-18 (S.D.N.Y. June 11, 2007), *citing inter alia* Zeno v. Ford Motor Co., 480 F.Supp.2d 825, 841 (W.D.PA. 2007), Perma Pave Contracting Corp. v. Paerdegat Boat & Racquet Club, Inc., 549 N.Y.S.2d 57, 58 (App.Div. 1989), and Yucyco, Ltd. v. Republic of Slovenia, 984 F. Supp. 209, 215 (S.D.N.Y. 1997).

Also, the Sach Declaration at ¶5 pointed out that under English law, where an offer specifies a mode of acceptance, the failure to accept via such mode results in a failure to contract. The Jones Declaration does not dispute this point either, as noted in the Sach Reply Declaration, ¶6. It is undisputed that PIL's offers specify a mode of acceptance and that EFKO failed to accept the offers in this manner. Indeed, EFKO's Mr. Lyashenko admits he knew PIL required the offers to be signed, sealed and returned to form valid contracts and that EFKO never performed this task. *See* Lyashenko Declaration ¶14-16; *see also* Rastogi Reply Declaration ¶2d. The only thing that EFKO points to as a written "acceptance" is an email from Mr. Lyashenko/EFKO to Mr. Bell/Pontus accepting an offer made by ***Pontus***. *See* Lyashenko Declaration Ex. 3;

Rastogi Reply Declaration ¶2(f). Again, under undisputed principles of English law, no contract was formed between EFKO and PIL because EFKO was aware of a specific required mode of acceptance and failed to accept in such manner (or in any manner), and consequently no valid cause of action lies. Again, and as set forth in PIL's moving papers (also undisputed by EFKO), the same result is true under U.S. law.

The correspondence between EFKO and Pontus is especially telling in reaching a conclusion that no contract existed between EFKO and PIL. That documentation, Ex. 2 to the Rastogi Reply Declaration, demonstrates that EFKO had a contract with ***Pontus*** that was on terms that were different from the offer made by PIL, and that EFKO knew that it was being asked by both PIL and Pontus to execute the Pontus offers in order to form contracts. Rastogi Reply Declaration ¶2(h). The foregoing shows that the PIL offer remained an offer and never became a formed contract with EFKO. The offer terminated of its own accord as a result of the failure by EFKO to timely accept it, but in any case was effectively revoked by Mr. Rastogi when he sent revocation to EFKO directly by both fax and by email. Rastogi Reply Declaration ¶2(e) and Ex. 1 thereto.

Based on the fax transmission sheet, this revocation was effective, regardless of whether EFKO admits receipt. *See* Hammer v. First Unum Life Ins. Co., 2004 U.S. Dist. LEXIS 16893, *4-6 and n.2 (S.D.N.Y. Aug. 25, 2004) (courts accept fax machine logs and confirmation sheets as evidence of fax transmittal); De La Torre Bueno v. Dance Perspectives Foundation, Inc., 2004 U.S. Dist. LEXIS 14767 at *6-7 (S.D.N.Y. July 30, 2004) (fax confirmation sheets are documentary evidence that demonstrate that information was transmitted at a particular date and time to a particular recipient); *see also* Stevens Shipping & Terminal Co. v. Japan Rainbow II MV, 334 F.3d 439,444 (5th

Cir. 2003) (agreeing that the fax confirmation sheet was evidence that the fax was "delivered in a manner that was both customary and reliable").

Under undisputed English law, there is no contract between EFKO and PIL and accordingly there can be no good faith claim at all against PIL, maritime or otherwise. Accordingly, the attachment should be vacated.

<div align="center">

**Point IV**

**THERE IS NO "MARITIME CLAIM" IN THIS CASE
AND THE ATTACHMENT MUST BE VACATED**

</div>

EFKO's attempt to shoehorn itself into this Court's admiralty jurisdiction should be also be rejected. While the Supreme Court has indicated that the bounds of admiralty contract jurisdiction are not well defined (*see* Kossick v. United Fruit Co., 365 U.S. 731, 735 (1961)), this case is not one that falls into any sort of gray area – it is plainly not a maritime dispute in any way whatsoever.

EFKO's reliance on the Supreme Court's decision in Norfolk Southern Ry. v. James N. Kirby, Pty. Ltd., 543 U.S. 14 (2004) is misplaced. In that case, the Supreme Court held that federal maritime contract jurisdiction extends to all controversies in which maritime commerce plays a substantial role, particularly with regard to bills of lading that involve transport of goods by sea as a significant aspect of an overall transportation contract: "so long as a bill of lading requires substantial carriage of goods by sea, its purpose is to effectuate maritime commerce—and thus is a maritime contract." Id. at 27. There is no such bill of lading contract, or indeed any "maritime commerce" (as defined by the Kirby Court) at all involved in what EFKO alleges is a breach. The proper criterion of admiralty contract jurisdiction is whether the services rendered are maritime in nature. Exxon Corp. v. Central Gulf Lines, Inc., 500 U.S. 603, 612 (1991).

Contracts that are "mixed" – that contain marine and non-marine elements – generally fall outside of admiralty jurisdiction, subject to two exceptions – (1) where the claim arises from a breach of a maritime obligation that is severable from the non-maritime obligations of the contract, and (2) where the non-maritime elements are merely incidental to the maritime elements. Folksamerica Reinsurance Co. v. Clean Water of New York, Inc., 413 F.3d 307, 314 (2d Cir. 2005).

EFKO's claim satisfies neither exception. The Second Circuit has identified the "important question…[as] whether the shipment contract's 'primary objective is to accomplish the transportation of goods by sea.'" F.H. Bertling Holding KG v. Ranhill Engineers and Constructors Sdn Bhd, 2008 U.S. Dist. LEXIS 52085, *15 (S.D.N.Y. July 9, 2008). Charter parties and other maritime contracts of carriage have as their primary objective the transportation of goods by sea. Contracts for the sale and purchase of goods that merely contain a delivery component (even if by sea) have as their primary objective the transfer of title to goods – not sea transport. *See, e.g.*, Judge Crotty's recent decision in Petraco Oil Co. Ltd. v. Progetra S.A., 08 CIV 3115 (PAC) (S.D.N.Y. Aug. 19, 2008) (not yet published, copy annexed to Kahn Reply Affirmation).

The foregoing establishes that even if PIL's offer is deemed a contract, the contract is not maritime. Theoretically, whether EFKO has a maritime "claim", could potentially be a different issue. Here, however, that is not the case. While EFKO argues that PIL purportedly breached "maritime obligations" to charter a ship to carry palm olien to Ukraine, none of EFKO's alleged damages stem from any such breach. Rather, EFKO's complaint and declarations set forth that its damages are the consequence of not being able to meet (or from the increased cost of meeting) EFKO's contractual

obligations to its customers for which it needed the palm olien EFKO allegedly believed it had purchased from PIL. Plainly, had PIL supplied the product by some other means (for example by railcar), EFKO would not be claiming damage based on PIL's failure to charter a ship to carry the product. EFKO's claim has nothing whatever to do with any maritime obligation. In any event, any damages stemming from an alleged failure to charter are not severable from any alleged failure to satisfy the non-maritime obligations of the alleged contract.

The cases cited by EFKO for the proposition that sale and purchase contracts are maritime in nature and support Rule B attachments are also of no avail, since at most they concern damage claims stemming from breaches, maritime in nature, of mixed contracts. Here, even if there was a contract between the parties (which is denied) there is no maritime breach that led to any claimed damages. Hence, there is no maritime claim and a Rule B attachment cannot be maintained.

### CONCLUSION

The attachment should be vacated and the action dismissed for lack of federal subject-matter jurisdiction.

Dated: New York, New York
       September 4, 2008

<div style="margin-left:40%">

Respectfully submitted,
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendant
Pacific Inter-Link Sdn Bhd

By:

Lawrence J. Kahn (LK 5215)
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

</div>