424-08/LJK
Freehill Hogan & Mahar, LLP
Attorneys for Defendant
Pacific Inter-Link Sdn Bhd
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

Lawrence J. Kahn (LK 5215)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

EFKO FOOD INGREDIENTS, LTD.,

                                   Plaintiff,

              -against-

PACIFIC INTER-LINK SDN BHD,

                                   Defendant.
-------------------------------------------------------x

08 CV 6480 (CM)

**REPLY DECLARATION OF
KEVIN SACH IN SUPPORT OF
VACATURE OF ATTACHMENT
AND/OR DISMISSAL**

        Kevin Sach, pursuant to 28 U.S.C. §1746 hereby declares and says the following

under penalty of perjury:

        1.        I refer to my first declaration in this matter and now wish to comment on

the declaration of Susannah Jones on behalf of the Plaintiff.


**English law and the London Arbitration Clause**


        2.        I agree with paragraphs 4 & 5 of Miss Jones's declaration. I apologise for

having missed the reference to FOSFA No 81, which was a pure oversight on my part

owing to time pressures. However, this does not affect anything I have said, and both

parties appear to agree that English law applies to this matter.

3.      However, I maintain the view that no binding contracts were concluded in this matter, despite Miss Jones's ingenious efforts to persuade the court to the contrary.

### Did PIL and EFKO reach an agreement?

4.      The short answer is no, they did not. There is no particular magic about English contract law. In order for a contract to be binding, the following ingredients must be present:

a) unequivocal offer and acceptance

b) intention to create legal relations

c) consideration.

I have again reviewed the exchanges between Mr Bell and Mr Rastogi on which the Plaintiff relies in support of its assertion that a contract was concluded on 7 September before the written offers were sent and maintain my view that there is nothing to indicate that binding contracts were concluded then. There was no final and unequivocal offer and acceptance by that time, as in fact evidenced by Mr Bell's email of 11 September in which he commented that the contract looked *"reasonable/standard"*, but he required certain changes to the terms proposed by Defendant. If a contract had already been concluded on 7 September as Plaintiff alleges, this discussion would simply not have taken place. Instead, I would have expected that Mr Bell would have been asking what all this mention of new terms was about.

5.      I note with some surprise that Miss Jones fails to deal with my assertion at paragraph 12 of my first declaration that there is no privity of contract between the parties. Without this, there can be no basis for this action. I maintain that Plaintiff's fax message of 26 November addressed to Mr Marwan of Defendant is very clear on this: EFKO's contract, if any, was with Pontus, not Defendant.

6.      I note that Miss Jones also fails to address my point at paragraph 5 of my first declaration that, when a mode of acceptance is specified, it must be adhered to in order for a binding contract to be formed.

7.      Since making my first declaration, I have been provided with a copy of Defendant's Standard Terms and Conditions of Sale ("STCs") as referred to in the Sales Contract documents. A copy of these appears at Exhibit 1 to this declaration.

8.      Apart from the preamble, which provides that all contracts for the sale of palm oil take effect as if the STCs were incorporated into the Sale Contract, Clauses 4, 5 and 6 are most relevant.

9.      Clause 4 provides that, in the event of any conflict between the terms of the Sales Contract and the STCs, the terms of the former are to prevail.

10.     Clause 5 provides that the Sale Contract and the STCs form the entire agreement between the parties and that:

*"No statements made outside the Sales Contract, or in any catalogues ..... as well as in any correspondence or orally during negotiations, are intended to have any contractual effect."*

11.    Clause 6 is worth reproducing in full:

**"*BINDING CONTRACT***

*Unless otherwise agreed to by the Seller, a sale shall be binding and effective only when Seller receives from Buyer the Sales Contract issued by Seller which has been signed by an authorized signatory of the Buyer consenting to the terms and conditions of the sale stipulated in the Sales Contract including this STC."*

12.    This last provision makes it absolutely plain that there was no concluded contract between the parties in this case. At the most, I would say that an understanding was reached on 7 September between Mr Bell of Pontus and Mr Rastogi of Defendant that a formal offer would be forthcoming incorporating the complete terms on which Defendant was willing to transact the business in question. This would be a normal pre-contractual discussion, and I would expect any experienced trader to understand the precise nature of such a discussion. Further, whether Mr Bell was acting as an agent, as Plaintiff now contends, or principal, as Defendant contends, he would in my experience want the full terms to be set out in writing in order to pass them on to his principal or sub-buyer. It is therefore both unrealistic and uncommercial to argue that a contract was

already concluded in oral discussions on 7 September.

13.    I have also now been provided with copies of a series of sale contracts concluded between PIL as seller and Pontus Trade as buyer during 2007. Each of the relevant contracts refers on its face to PIL's standard terms of business. Accordingly, Mr Bell/Pontus had prior knowledge of these terms, or are to be deemed to have had this as a matter of law.  Copies are attached to this Declaration as Ex. 2.

## Waiver

14.    Miss Jones goes on to argue, at paragraph 20 of her declaration, that Defendant waived its right to cancel the contracts. This argument presupposes that a contract had been concluded before the Sales Contract documents were sent to Plaintiff, which of course I do not accept. However, I will deal with her argument for the sake of completeness.

15.    It is clear from the case on which she relies (the "Kanchenjunga") that an unequivocal election has to be made by the party who is seeking to rely on the right in question if he is to be deemed to have waived his right.

16.    In the "Kanchenjunga", the Master proceeded to tender Notice of Readiness to load at Kharg Island, despite Owners' and his knowledge that Charterers' order to load there was uncontractual and so could be refused.

17.     In the present case, there was no such unequivocal election. Miss Jones states that "*PIL plainly decided to keep the contract alive*", but she does not explain why or how. This is not good enough. In order to waive their right to cancel, PIL would have to have represented to Plaintiff, whether by words or deeds, that they were electing not to rely on it. They did not do so. On the contrary, they chased Bell for signed versions of the contracts and then after a period of silence exercised their right to cancel.

## Jurisdiction

18.     I am advised by Mr Kahn of Freehills that the issue whether this is a maritime claim is to be determined, not just in accordance with New York law as the lex fori, but that this Court may give consideration as to whether the claim arises under the maritime law of England, and I maintain my comments in paragraph 13 of my first declaration.

19.     I do not accept Miss Jones's comment at paragraph 24 of her declaration as to the nature of the contracts in this case. All international commodity sales involve carriage by sea or air, but this does not alter their basic nature as sale and purchase contracts.

20.     I agree with paragraph 25 of Miss Jones's declaration.

**Quantum**

21.    I maintain that this is not a case where the tribunal would be likely to award costs in the unlikely event that the Plaintiff's claim were to succeed.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated: London, England
       3 September 2008

By:    _____
       Kevin Sach

SACH REPLY DECLARATION

EXHIBIT 1



# PACIFIC INTER-LINK SDN BHD

(Company No 171377-M)
31ST FLOOR, MENARA DATO' ONN, PUTRA WORLD TRADE CENTRE
45, JALAN TUN ISMAIL, 50480 KUALA LUMPUR, MALAYSIA
TEL: 603-40423933 (10 LINES) FAX: 603-40413939/40428088
TELEX: MA 28228 PCKILK



### PACIFIC INTERLINK SDN BHD
### STANDARD TERMS AND CONDITIONS OF SALE

All contracts of sale of palm oil and/or its derivatives in bulk between Pacific Inter-Link Sdn Bhd (Company No. 171377-M) of Kuala Lumpur, Malaysia, the Seller, to any Buyer shall take effect as if the provisions of the standard terms and conditions of sale set out herein are fully incorporated and govern the relationship between Seller and Buyer in the Sales Contract between them.

1.  **DEFINITION**
    Except where the context otherwise indicates, the following terms shall have the meaning ascribed to them in this Paragraph and shall include plural as well as singular:
    a.  **"Seller"** means Pacific Inter-Link Sdn Bhd
    b.  **"Buyer"** means person or company described as Buyer or Purchaser in the Seller's Sales Contract and/or any persons acting under the Buyer's written instructions in fulfillment or compliance with the Sales Contract.
    c.  **"Sales Contract"** means a document setting out the terms and conditions of a sale for supply of the Product from Seller to Buyer
    d.  **"Day"** shall mean a calendar day.
    e.  **"Party"** shall mean either Seller or Buyer.
    f.  **"Parties"** shall mean Seller and Buyer jointly.
    g.  **"Product"** means palm oil or its derivatives in bulk as specified in the Sales Contract.

2.  **ABBREVIATION**
    Standard Trading Conditions of Sale hereinafter abbreviated as **"STC'**.
    **"Dollars"** or **"USD"** or **"US Dollars"** shall mean dollars of the United States of America.

3.  **HEADINGS**
    The headings and sub-headings have been included in this STC for convenience of reference and shall in no way affect the construction hereof.

4.  **INTERPRETATION**
    In the event of a conflict or a discrepancy between the STC and the Sales Contract, those provisions contained in the Sales Contract shall prevail over this STC.

5.  **ENTIRETY**
    The STC together with the Sales Contract forms the entire Agreement. No modification, derogation, addition, alteration, amendment, waiver or discharge to the Agreement shall be valid unless and until expressly confirmed in writing by the Seller. The failure by the Seller to enforce any right against the Buyer shall not be construed as a waiver of that right or in any way affect the validity of the agreement.

    No statements made outside the Sales Contract, or in any catalogues or sales literature, website, as well as in any correspondence or orally during negotiations, are intended to have any contractual effect.

6.  **BINDING CONTRACT**

    Unless otherwise agreed to by Seller, a sale shall be binding and effective only when Seller receives from Buyer the Sales Contract issued by Seller which has



**PACIFIC INTER-LINK SDN BHD**
(Company No 171377-M)
31ST FLOOR, MENARA DATO' ONN, PUTRA WORLD TRADE CENTRE
45, JALAN TUN ISMAIL, 50480 KUALA LUMPUR, MALAYSIA
TEL: 603-40423933 (10 LINES) FAX: 603-40413939/40428088
TELEX: MA 28228 PCKILK



been signed by an authorised signatory of the Buyer consenting to the terms and conditions of the sale stipulated in the Sales Contract including this STC.

7. **ORIGIN OF CARGO**
Unless otherwise agreed and stated in the Sales Contract, the Seller will deliver products originating from either Malaysia or Indonesia.

8. **DOCUMENTATION**
Seller shall be responsible to furnish such documents as specifically agreed in advance with Buyer in respect of each sale.

9. **DELIVERY DATE**
The date on the Bill(s) of Lading shall be considered the date of delivery of the Product under the Sales Contract.

10. **PAYMENT**
Payment for the Cargo shall be made without discount, deduction, withholding, set-off or counter claim in United States Dollars by telegraphic transfer of immediately available funds ("same day funds") on or before the due date to the bank and account designated by Seller, against presentation to Buyer of hard copy, telex, or fax invoice together with any other documents expressly specified for presentation for payment in accordance with the Sales Contract.

In the event payment due date falls on a Saturday, Sunday or a Malaysian banking holiday, then payment will be effected on the preceding Malaysian banking day.

Buyer shall instruct its bank to advise Seller's bank by SWIFT or tested telex quoting the value date of the transfer, the amount, the invoice number and the clearing bank, if any. Such advice is to be sent in due time so as to enable Seller's bank to credit Seller with value on due date.

Seller may at any time before payment has been received by Seller, require Buyer to provide a stand-by letter of credit or a bank guarantee for payment of the Cargo or such other payments arising under the Sales Contract or STC herein, whichever Seller may request. Each such stand-by letter of credit or bank guarantee shall be irrevocable, in an amount to cover one hundred and ten (110) percent of the estimated value of the Cargo and other payments for which it is provided and shall be established in favour of Seller and shall be confirmed irrevocably and unconditionally by a bank or banks to be approved by Seller.

In the event of failure by the Buyer to make full and punctual payment on the Due Date in accordance with the Sales Contract, Buyers shall pay an interest of 1.5% per month on all outstanding sum calculated on a daily basis and compounded from the Due Date until receipt of unconditionally cleared funds in full by the Seller. Accrued financial charges will be added to and become part of the outstanding sum at monthly intervals. If the contractually agreed rate of financial charge specified in the Agreement is in excess of that permitted by the relevant law, it shall be substituted with the maximum rate permitted.



**PACIFIC INTER-LINK SDN BHD**
(Company No 171377-M)
31ST FLOOR, MENARA DATO' ONN, PUTRA WORLD TRADE CENTRE
45, JALAN TUN ISMAIL, 50480 KUALA LUMPUR, MALAYSIA
TEL: 603-40423933 (10 LINES) FAX: 603-40413939/40428088
TELEX: MA 28228 PCKILK



11.   **TITLE AND RISK**
Product shall be at Buyer's risk when the product passes the flange connection between ship's manifold and loading line at load port.
However, the title and ownership of the product shall pass from Seller to Buyer only after purchase price and all monies owed by Buyer to the Seller has been actually received by Seller. Until such time the full price and all other payments are received by the Seller, all persons in possession of the Product shall hold the Product as bailee of the Seller as owner of the Product.

Notwithstanding any provision to the contrary, Buyer shall indemnify and hold Seller harmless against all losses, costs, claims and damages (collectively "damages") incurred by Seller, including but not limited to, any damage relating to loss of, shrinkage or contamination of the product, or any oil spill or environmental liabilities, attributable or caused by any action or omission of Buyer or any of its employees, agents or contractors, any act or omission of terminal or tank farm operators, their employees, agents or contractors regardless whether who holds the title and/or bears the risks at the time such damages are caused or incurred.  Buyer shall indemnify Seller for any or all liability, claims, losses or costs including attorney's fees incurred or suffered by Seller under this provision.

12.   **QUALITY AND QUANTITY**
The Product grades shall be as specified in the Sales Contract.

Any implied condition and warranty, including the warranties of merchantability and fitness for a particular purpose, are expressly excluded and disclaimed.

Buyer, having greater knowledge than Seller of his own requirements, shall have the sole responsibility for selection and ordering of the particular grade(s) for his purposes.
Unless otherwise agreed, the quantity stated in the Sales Contract shall be subject to a variation of plus or minus ten percent (10%) at Seller's option.

13.   **IMPORT DUTIES, TAXES AND LICENCES**
All import and port duties, charges, taxes, fees, imposts and dues leviable on the Product or licences, permits or approvals required for the Product at the delivery port or place shall be the responsibility and costs of the Buyer.

14.   **CHANGE IN SELLER'S SUPPLIES OF PRODUCT**
In the event that the production forecast for or the availability from any of Seller's or Seller's suppliers', sources of supply of Product, whether deliverable under the Agreement or not, or the normal means of transport or delivery of such Product, is delayed, hindered, interfered with, curtailed or prevented, Seller has the right to withhold, reduce, suspend or terminate deliveries of the Product to Buyer. In such event Seller shall be free to allocate its remaining availability as Seller may in its absolute discretion think fit and Buyer shall be obliged to accept and pay for any Product tendered for delivery even if less than the full contractual quantity. Seller shall not be bound to purchase or otherwise make good shortages resulting from such causes. In the event of such curtailment or interference, any additional Product made available to Seller from outside sources may be disposed of by Seller in its absolute discretion and need not be taken into account in the determination whether or not, for the purpose of this paragraph the curtailment or interference in question continues to subsist.



**PACIFIC INTER-LINK SDN BHD**
(Company No 171377-M)
31ST FLOOR, MENARA DATO' ONN, PUTRA WORLD TRADE CENTRE
45, JALAN TUN ISMAIL, 50480 KUALA LUMPUR, MALAYSIA
TEL: 603-40423933 (10 LINES) FAX: 603-40413939/40428088
TELEX: MA 28228 PCKILK



If Seller is seeking relief under this paragraph Seller shall advise Buyer as soon as practicable of the circumstances in question and the remedies implemented or to be implemented by Seller. No curtailment, suspension or termination of deliveries or receipt of the Product pursuant to this paragraph shall operate to extend the duration of the Agreement. Any part of the Product, the timely delivery or receipt of which does not take place for reasons stated in this paragraph shall, unless otherwise agreed, be deducted from the volume of the Product required to be delivered and received hereunder.

15. **SUSPENSION AND TERMINATION**
Seller may at its sole discretion, and in addition to any other legal remedies it may have, forthwith upon giving notice to Buyer either suspend deliveries of the Product or terminate the Agreement if:

(i).    Buyer for any reason whatsoever fails to make any payment due or advance payment to Seller under the Agreement by the due date or otherwise is in substantial breach of its obligations under the Agreement; or

(ii)    Buyer fails to take delivery of the cargo in accordance with the provisions of the Agreement and such failure is not excused by any other provision of the Agreement; or

(iii)   a petition is filed with a court having jurisdiction or an order is made or an effective resolution is passed for the dissolution, liquidation or winding up of Buyer or its Parent Company; or

(iv)    there is a major change in the direct or indirect ownership of Buyer; or

(v)    Buyer or its Parent Company becomes insolvent or is adjudged bankrupt or makes an assignment for the benefit of its creditors or does not pay or is in Seller's reasonable opinion expected to be unable or unwilling to pay its debts as the same become due; or

(vi)    a receiver is appointed or a Receiver takes possession of the whole or a significant part of the assets or undertaking of Buyer or its Parent Company; or

(vii)   Buyer or its Parent Company ceases or threatens to cease to carry on its business or a major part thereof or a distress, execution or other process is levied or enforced or sued out upon or against any significant part of the property of Buyer or its Parent Company and is not discharged within fourteen (14) Days.

In the event of Seller suspending deliveries of the Cargo in any of the circumstances referred to in (i) - (vii) of this paragraph, Seller may so long as the event continues, and in addition to any other legal remedies it may have, forthwith upon giving notice to Buyer terminate the Agreement.

If pursuant to the provisions of this paragraph Seller withholds, reduces or suspends deliveries of the Cargo, then Seller shall be under no obligation to make up any quantity of the Cargo which would have been delivered to Buyer but for such withholding, reduction or suspension.



**PACIFIC INTER-LINK SDN BHD**
(Company No 171377-M)
31ST FLOOR, MENARA DATO' ONN, PUTRA WORLD TRADE CENTRE
45, JALAN TUN ISMAIL, 50480 KUALA LUMPUR, MALAYSIA
TEL: 603-40423933 (10 LINES) FAX: 603-40413939/40428088
TELEX: MA 28228 PCKILK



Any termination of the Agreement shall be without prejudice to the rights and obligations of each Party as accrued at the date of termination.

If the Buyer is in default and/or is in any other respect whatever in breach of the Agreement, the Seller may exercise all or any of the following rights:

(a)    by notice in writing rescind the contract and/or the sale;
(b)    resell the cargo by Public auction or private sale to any third party;
(c)    recover from the Buyer all losses, damages costs and expenses caused by the Buyer's default including, in the event of such resale, any loss suffered as a result thereof;

(d)    if the Buyer has made any payments under the Agreement, retain in satisfaction or part satisfaction of the right of recovery the whole or part of such payments but without prejudice to any other means of enforcing such right.

16.    **LIABILITY FOR DELAY**
a)    Any time or date stated for delivery is given and intended as an estimate only and the Seller shall not be liable for any loss or damage whatsoever resulting from any delay in delivery howsoever arising.

b)    In no event shall Seller be liable for special, incidental, punitive, or consequential damages for reason of delay.

17.    **LIEN**
The Seller shall have a general or particular lien over the Product and/or documents relating to the Product in its possession, custody or control for all sums owed or due at any time from the Buyer and shall be entitled to sell or dispose of such Product by private contract or otherwise at the sole discretion of the Seller as agent for and at the expense of the Buyer and apply the proceeds in or towards the payment of such sums.

The Seller will not be liable for any consequential losses for the detention of the Product in the exercise of the lien or any deficiencies or reduction in value received on the sale of the Product.

18.    **INDIRECT OR CONSEQUENTIAL LOSSES**
Except as expressly provided in the Sales Contract, Seller shall not be liable for any indirect or consequential losses which may be suffered or alleged to have been suffered by the Buyer.

19.    **ASSIGNMENT**
Neither Party shall assign any of its rights and obligations under the Sales Contract, in whole or in part, without the prior written consent of the other Party. The assigning Party shall remain jointly and severally liable for the full performance by the assignee(s) or any subsequent assignee(s) of its/their obligations with regard to the Sale Contract.

20.    **INDEMNITY AND LIMITATION OF LIABILITY**
The Buyer shall indemnify the Seller against and hold the Seller harmless in respect of all damages, losses or injury occurring to any person or to any property and against all actions, suits, claims, demands, costs, charges or expenses arising in connection therewith to the extent that the same shall have been occasioned by the negligence or default of the Buyer, his servants or



**PACIFIC INTER-LINK SDN BHD**
(Company No 171377-M)
31ST FLOOR, MENARA DATO' ONN, PUTRA WORLD TRADE CENTRE
45, JALAN TUN ISMAIL, 50480 KUALA LUMPUR, MALAYSIA
TEL: 603-40423933 (10 LINES) FAX: 603-40413939/40428088
TELEX: MA 28228 PCKILK



agents or any third party in the course of performance of or arising out of the Agreement.

Notwithstanding anything contained herein, the Seller shall not be liable to the Buyer for any damages for delay or detention or any loss arising from any disputes as to the quantity or quality of the Product, late or non delivery of the Product due to congestion at the terminal or prior commitment of the barges, any consequential or special losses or damages of whatsoever nature in connection with the performance or failure to perform the Agreement or in tort including without limitation or otherwise including the negligence of the Seller, its servants, agents or sub-contractors, loss of profits or business, loss by reason of shutdown, non operation or the like.

Notwithstanding the foregoing, in the event that the Seller is found liable to the Buyer, the total amount payable by way of compensation other than in respect of personal injury or death shall not exceed 15% of the purchase price stated in the Sales Contract. For compensation payment by the Seller, it is a condition precedent that all sums due to the Seller from the Buyer are first paid and settled on the Due Date.

21. **FORCE MAJEURE**
If the performance of the Sales Contract is prevented because of act of God, strikes, lockouts, riots, civil commotions, fires, adverse weather, perils of the sea, natural disasters, military actions, embargo, vessel accident, vessel grounding or any other cause comprehended by the term Force Majeure at ports of loading/during voyage or elsewhere, the shipment period shall be extended by 30 days beyond the termination of the Force Majeure event. Should such cause exist for a period of 60 days beyond the contract shipment period, the Sales Contract or any unfulfilled part thereof so affected may be cancelled at the Seller's absolute discretion.

The party whose performance has been affected by the Force Majeure event must notify the other party, within 72 hours, in writing and provide supporting evidence. Failure or delay in notification of the Force Majeure circumstance and the implications by the affected party, to the other party, shall be considered as a breach of the contract and shall not exempt the party from its obligations and liabilities.

This provision does not relieve the Buyer from its full obligations to make payment of all amounts due to the Seller under the Sales Contract and in accordance with the STC.

22. **INSURANCE**
The Buyer is responsible for effecting and maintaining in force adequate insurance coverage from the time the Product passes the ship's manifold at load port.

23. **WAIVER**
The failure by any party to the Sale Contract to enforce any right against any other party shall not be construed as a waiver of that right or in any way affect the validity of the Sale Contract. In particular, the granting by the Seller of any additional time to make payment or waiving or reducing of any financial or other charge shall not prevent the Seller at any time thereafter from relying upon its strict contractual rights.

24.    **CLAIMS AND DISPUTES**
Without prejudice to any of the provisions herein, to enable the Seller to investigate and pursue a claim, Buyer must give sufficient information on the relevant transaction, the nature of the complaint and the loss and damage alleged together with all relevant supporting documents as promptly as possible. Buyers must provide a full and complete response to all questions, enquiries and requests made by the Seller relating to the claim and matters arising thereto.

25.    **RIGHT OF SET-OFF**
Any sum payable by the Seller to the Buyer or all sums received or price held or paid to account pursuant to the Agreement, may at any time be offset by the Seller at the Seller's sole discretion against any sums payable by the Buyer to Seller whether under this Agreement or otherwise.

If the Seller at any time incurs costs, expenses, loss or damages whether present or contingent which under the Sales Contract, the Seller is entitled to recover from Buyer, the Seller may invoice for such costs, expenses, loss or damages which shall be a debt due from Buyer to the Seller, provided that the Seller may deduct the amount of such costs, expenses, loss or damages from any amounts due, or that may become due, to the Buyer under such Agreement.

From any sum due to the Buyer under the Agreement, the Seller may deduct the amount of such sum paid to the Seller's account pursuant to the Agreement which it in good faith regards as being owed by the Buyer to the Seller whether under this Agreement or otherwise.

26.    **BANKCRUPTCY/INSOLVENCY**
If before the fulfillment of the Sales Contract, either party should suspend payment, commit an act of bankruptcy, notify any of his creditors that he is unable to meet his debts or that he has suspended payments or that he is about to suspend payment of his debts,

convene, call or hold a meeting either of his creditors or to pass a resolution to go into liquidation (other than for reconstruction or amalgamation) or shall apply for an official moratorium, or have a petition presented for winding up or shall have a receiver appointed, that party shall deemed to be and shall be treated as being in default.

27.    **LEGAL COSTS**
The full legal and other costs and expenses incurred by the Seller including those of the Seller's own legal and credit departments and of professional legal firms appointed in connection with and arising out of any breach by the Buyer of any term of the Agreement shall be for the Buyer's account on full indemnity basis.

28.    **CONFIDENTIALITY**
The Buyer and Seller agree to consider this contract as fully confidential and agree not to disclose any of its content to any third party.

29.    **SEVERANCE**
If any provision of the Sales Contract or this STC is found by any court, tribunal or administrative body of competent jurisdiction to be wholly or partly illegal, invalid, void, voidable, unenforceable or unreasonable it shall to the extent of such illegality, invalidity, voidness, voidability, unenforceability or



**PACIFIC INTER-LINK SDN BHD**
(Company No 171377-M)
31ST FLOOR, MENARA DATO' ONN, PUTRA WORLD TRADE CENTRE
45, JALAN TUN ISMAIL, 50480 KUALA LUMPUR, MALAYSIA
TEL: 603-40423933 (10 LINES) FAX: 603-40413939/40428088
TELEX: MA 28228 PCKILK



unreasonableness be deemed severable and the remaining provisions of the contract and the remainder of such provision shall continue in full force and effect.

30. <u>NOTICES</u>

Unless otherwise agreed in writing, any notices, statements, requests or other communications to be given to either Party pursuant to the Agreement shall be sufficiently made if sent by post (by airmail if airmail is possible) postage paid, or by telegraph, telex, facsimiles transmission or other means of data transmission to the address of the other Party.

31. <u>LAW AND JURISDICTION</u>

The Sales Contract together with this STC shall be governed and interpreted in accordance with the laws of Malaysia and subject to the exclusive jurisdiction of the Malaysian courts in Kuala Lumpur in all matters regarding it unless the Seller at its sole discretion opts for the dispute to be resolved before any other court of law or arbitration tribunal in the country of its choice.

SACH REPLY DECLARATION

EXHIBIT 2



# PACIFIC INTER-LINK SDN BHD

31ST FLOOR, MENARA DATO' ONN, PUTRA WORLD TRADE CENTRE
45 JALAN TUN ISMAIL, 50480 KUALA LUMPUR
TEL: 603 – 4042 5033          FAX: 603 – 4041 5039 / 4042 5055

## FOB SALES CONTRACT
## NO.: PIL/PO/SC/0384/07 (A)

DATE : 04/04/2007
YOUR REF :

| | | |
|---|---|---|
| SELLER | : | PACIFIC INTER-LINK SDN BHD |
| BUYER | : | FONTUS TRADE SA<br>19, RUE SAINT-LEGER<br>1204 GENEVA SWITZERLAND |
| COMMODITY | : | RBD PALM OLEIN IN BULK |
| BASIS | : | FOB |
| QUANTITY | : | 250,000 METRIC TONS |
| PRICE | : | USD 750.00 PMT |
| AMOUNT IN FIGURES | : | USD 187,500.00 |
| AMOUNT IN WORDS | : | US DOLLARS ONE HUNDRED AND EIGHTY SEVEN THOUSAND FIVE HUNDRED ONLY. |
| QUALITY | : | AS PER PORAM STANDARD SPECS (AT TIME OF SHIPMENT) |
| PAYMENT TERMS | : | BY SIGHT IRREVOCABLE LETTER OF CREDIT TO BE ADVISED THROUGH RHB BANK BERHAD. L/C SHOULD BE ESTABLISHED AND RECEIVED BY OUR BANK 5 DAYS BEFORE VESSEL ARRIVAL. |
| OUR BANK | : | Bank       : RHB BANK BERHAD<br>Address   : KL TRADE SERVICES CENTRE,<br>                 LEVEL 3,4, & 5, NO: 78,<br>                 JALAN TUN H.S. LEE<br>                 50000 KUALA LUMPUR.<br>Account No : USD A/C NO: 614129000006926<br>Swift No   : RHBBMYKL<br>Correspondent :<br>Bank for USD A/C : BANK OF NEW YORK<br>SWIFT       : IRVTUS3N |
| SHIPMENT PERIOD | : | SEPTEMBER 2007 |
| ORIGIN | : | MALAYSIA / INDONESIA |
| INSURANCE | : | BUYER'S RESPONSIBILITY TO COVER ALL RISK MARINE INSURANCE AND TO FURNISH SELLERS WITH A COPY OF THE INSURANCE POLICY OR COPY OF THE MASTER OPEN INSURANCE POLICY, WHICHEVER IS RELEVANT. |
| DISCHARGE RATE | : | BUYERS GUARANTEE A DISCHARGE RATE OF 100 MT PER HOUR. |
| DEMURRAGE | : | AS PER CHARTER PARTY. |
| OTHER CONDITIONS | : | WEIGHT, QUALITY AND CONDITION FINAL AT TIME AND PLACE OF LOADING AS PER CERTIFICATES OF A FIRST CLASS INDEPENDENT SURVEYOR AT SELLER'S CHOICE AND COST. |

ALL OTHER TERMS, CONDITIONS AND RULES NOT IN CONTRADICTION WITH THE ABOVE
AS PER PIL'S TERMS & CONDITIONS.

FOR SELLER
PACIFIC INTER-LINK SDN BHD

FOR BUYER

N: 00-217-9531607-6

NOTE : THE BUYERS SHALL ACKNOWLEDGE CONTENTS AND RECEIPT OF THIS DOCUMENT
WITHIN 24 HOURS OF TRANSMISSION BY RETURNING THE SIGNED / SEALED COPY
OF THE SELLERS. IF THE SIGNED & SEALED COPY OF THE CONTRACT IS NOT RECEIVED
WITHIN 24 HOURS, THE SELLER SHALL RESERVE THE RIGHT TO CANCEL THE CONTRACT.



## PACIFIC INTER-LINK SDN BHD
31st FLOOR, MENARA DATO' ONN, PUTRA WORLD TRADE CENTRE
45 JALAN TUN ISMAIL, 50480 KUALA LUMPUR
TEL: 603 – 4042 3933       FAX: 603 – 4041 3939 / 4042 8068

## FOB SALES CONTRACT
### NO. : PIL/PO/SC/0038/07

DATE     : 23/01/2007
YOUR REF :

| | | |
|---|---|---|
| SELLER | : | PACIFIC INTER-LINK SDN BHD |
| BUYER | : | PONTUS TRADE SA<br>19, RUE SAINT-LEGER<br>1204 GENEVA SWITZERLAND |
| COMMODITY | : | RBD PALM OLEIN IN BULK |
| BASIS | : | FOB |
| QUANTITY | : | 476.000 METRIC TONS |
| PRICE | : | USD 572.50 PMT |
| AMOUNT IN FIGURES | : | USD 271,937.50 |
| AMOUNT IN WORDS | : | US DOLLARS TWO HUNDRED AND SEVENTY ONE THOUSAND NINE HUNDRED AND THIRTY SEVEN AND CENTS FIFTY ONLY. |
| QUALITY | : | AS PER PORAM STANDARD SPECS (AT TIME OF SHIPMENT) |
| PAYMENT TERMS | : | BY SIGHT IRREVOCABLE LETTER OF CREDIT TO BE ADVISED THROUGH RHB BANK BERHAD. L/C SHOULD BE ESTABLISHED AND RECEIVED BY OUR BANK 5 DAYS BEFORE VESSEL ARRIVAL. |
| OUR BANK | : | Bank       : RHB BANK BERHAD<br>Address   : KL TRADE SERVICES CENTRE,<br>LEVEL 4,4 & 5, NO: 75,<br>JALAN TUN H.S. LEE<br>50000 KUALA LUMPUR.<br>Account No : USD A/C NO: 6141200006636<br>SWIFT No  : RHBBMYKL<br>Correspondent :<br>Bank for USD A/C : BANK OF NEW YORK<br>SWIFT         : IRVTUS3N |
| SHIPMENT PERIOD | : | JUNE 2007 |
| ORIGIN | : | MALAYSIA / INDONESIA |
| INSURANCE | : | BUYER'S RESPONSIBILITY TO COVER ALL RISK MARINE INSURANCE AND TO FURNISH SELLERS WITH A COPY OF THE INSURANCE POLICY OR COPY OF THE MASTER OPEN INSURANCE POLICY, WHICHEVER IS RELEVANT. |
| DISCHARGE RATE | : | BUYERS GUARANTEE A DISCHARGE RATE OF 100 MT PER HOUR. |
| DEMURRAGE | : | AS PER CHARTER PARTY. |
| OTHER CONDITIONS | : | WEIGHT, QUALITY AND CONDITION FINAL AT TIME AND PLACE OF LOADING AS PER CERTIFICATES OF A FIRST CLASS INDEPENDENT SURVEYOR AT SELLER'S CHOICE AND COST. |

ALL OTHER TERMS, CONDITIONS AND RULES NOT IN CONTRADICTION WITH THE ABOVE AS PER PIL'S TERMS & CONDITIONS.

FOR SELLER
PACIFIC INTER-LINK SDN BHD

FOR BUYER

N° CH-217-3531807-6

NOTE : THE BUYERS SHALL ACKNOWLEDGE CONTENTS AND RECEIPT OF THIS DOCUMENTS WITHIN 24 HOURS OF TRANSMISSION BY RETURNING THE SIGNED / SEALED COPY OF THE SELLERS. IF THE SIGNED & SEALED COPY OF THE CONTRACT IS NOT RECEIVED WITHIN 24 HOURS, THE SELLER SHALL RESERVE THE RIGHT TO CANCEL THIS CONTRACT.



**PACIFIC INTER-LINK SDN BHD**
31ST FLOOR, MENARA DATO' ONN, PUTRA WORLD TRADE CENTRE
45 JALAN TUN ISMAIL, 50480 KUALA LUMPUR
TEL: 603 – 4042 3933          FAX: 603 – 4041 3939 / 4042 8069

## FOB SALES CONTRACT
## NO.: PIL/PO/SC/0063/07

DATE : 30/01/2007
YOUR REF :

| | | |
|---|---|---|
| SELLER | : | PACIFIC INTER-LINK SDN BHD |
| BUYER | : | PONTUS TRADE SA<br>18, RUE SAINT-LEGER<br>1204 GENEVA SWITZERLAND |
| COMMODITY | : | RBD PALM OLEIN IN BULK |
| BASIS | : | FOB |
| QUANTITY | : | 475.000 METRIC TONS |
| PRICE | : | USD 562.50 PMT |
| AMOUNT IN FIGURES | : | USD 267,187.50 |
| AMOUNT IN WORDS | : | US DOLLARS TWO HUNDRED AND SIXTY SEVEN THOUSAND ONE HUNDRED AND EIGHTY SEVEN AND CENTS FIFTY ONLY. |
| QUALITY | : | AS PER PORAM STANDARD SPECS<br>(AT TIME OF SHIPMENT) |
| PAYMENT TERMS | : | BY SIGHT IRREVOCABLE LETTER OF CREDIT TO BE ADVISED THROUGH RHB BANK BERHAD. L/C SHOULD BE ESTABLISHED AND RECEIVED BY OUR BANK 6 DAYS BEFORE VESSEL ARRIVAL. |
| OUR BANK | : | Bank : RHB BANK BERHAD<br>Address : KL TRADE SERVICES CENTRE,<br>LEVEL 5.4, & 6, NO: 78,<br>JALAN TUN H.S. LEE<br>50000 KUALA LUMPUR<br>Account No : USD A/C NO: 8141290000822<br>Swift No : RHBBMYKL<br>Correspondent :<br>Bank for USD A/C : BANK OF NEW YORK<br>SWIFT : IRVTUS3N |
| SHIPMENT PERIOD | : | JUNE 2007 |
| ORIGIN | : | MALAYSIA / INDONESIA |
| INSURANCE | : | BUYERS' RESPONSIBILITY TO COVER ALL RISK MARINE INSURANCE AND TO FURNISH SELLERS WITH A COPY OF THE INSURANCE POLICY OR COPY OF THE MASTER OPEN INSURANCE POLICY, WHICHEVER IS RELEVANT. |
| DISCHARGE RATE | : | BUYERS GUARANTEE A DISCHARGE RATE OF 100 MT PER HOUR. |
| DEMURRAGE | : | AS PER CHARTER PARTY. |
| OTHER CONDITIONS | : | WEIGHT, QUALITY AND CONDITION FINAL AT TIME AND PLACE OF LOADING AS PER CERTIFICATES OF A FIRST CLASS INDEPENDENT SURVEYOR AT SELLER'S CHOICE AND COST. |

ALL OTHER TERMS, CONDITIONS AND RULES NOT IN CONTRADICTION WITH THE ABOVE
AS PER PIL'S TERMS & CONDITIONS.

FOR SELLER                                          FOR BUYER
PACIFIC INTER-LINK SDN BHD

NOTE :   THE BUYERS SHALL ACKNOWLEDGE CONTENTS AND RECEIPT OF THIS DOCUMENTS
WITHIN 24 HOURS OF TRANSMISSION BY RETURNING THE SIGNED / SEALED COPY
OF THE SELLERS. IF THE SIGNED & SEALED COPY OF THE CONTRACT IS NOT RECEIVED
WITHIN 24 HOURS, THE SELLER SHALL RESERVE THE RIGHT TO CANCEL THE CONTRACT



## PACIFIC INTER-LINK SDN BHD
31ST FLOOR, MENARA DATO ONN, PUTRA WORLD TRADE CENTRE
45 JALAN TUN ISMAIL, 50480 KUALA LUMPUR
TEL: 603 – 4042 3033          FAX: 603 – 4041 3030 / 4042 8088

## FOB SALES CONTRACT
### NO.: PIL/PO/SC/0086/07
DATE : 08/02/2007
YOUR REF :

| | | |
|---|---|---|
| SELLER | : | PACIFIC INTER-LINK SDN BHD |
| BUYER | : | PONTUS TRADE SA |
| | | 15, RUE SAINT-LEGER |
| | | 1204 GENEVA SWITZERLAND |
| COMMODITY | : | RBD PALM OLEIN IN BULK |
| BASIS | : | FOB |
| QUANTITY | : | 475.000 METRIC TONS |
| PRICE | : | USD 577.40 PMT |
| AMOUNT IN FIGURES | : | USD 274,312.50 |
| AMOUNT IN WORDS | : | US DOLLARS TWO HUNDRED AND SEVENTY FOUR THOUSAND THREE HUNDRED AND TWELVE AND CENTS FIFTY ONLY. |
| QUALITY | : | AS PER PORAM STANDARD SPECS (AT TIME OF SHIPMENT) |
| PAYMENT TERMS | : | BY SIGHT IRREVOCABLE LETTER OF CREDIT TO BE ADVISED THROUGH RHB BANK BERHAD. L/C SHOULD BE ESTABLISHED AND RECEIVED BY OUR BANK 5 DAYS BEFORE VESSEL ARRIVAL. |
| OUR BANK | : | Bank      : RHB BANK BERHAD |
| | | Address  : KL TRADE SERVICES CENTRE, |
| | | LEVEL 3.4, 5 & 6, NO: 78, |
| | | JALAN TUN H.S. LEE |
| | | 50000 KUALA LUMPUR. |
| | | Account No : USD A/C NO: 61412900006925 |
| | | Swift No   : RHBBMYKL |
| | | Correspondent : |
| | | Bank for USD A/C : BANK OF NEW YORK |
| | | SWIFT     : IRVTUS3N |
| SHIPMENT PERIOD | : | JUNE 2007 |
| ORIGIN | : | MALAYSIA / INDONESIA |
| INSURANCE | : | BUYER'S RESPONSIBILITY TO COVER ALL RISK MARINE INSURANCE AND TO FURNISH SELLERS WITH A COPY OF THE INSURANCE POLICY OR COPY OF THE MASTER OPEN INSURANCE POLICY, WHICHEVER IS RELEVANT. |
| DISCHARGE RATE | : | BUYERS GUARANTEE A DISCHARGE RATE OF 100 MT PER HOUR. |
| DEMURRAGE | : | AS PER CHARTER PARTY. |
| OTHER CONDITIONS | : | WEIGHT, QUALITY AND CONDITION FINAL AT TIME AND PLACE OF LOADING AS PER CERTIFICATES OF A FIRST CLASS INDEPENDENT SURVEYOR AT SELLER'S CHOICE AND COST. |

ALL OTHER TERMS, CONDITIONS AND RULES NOT IN CONTRADICTION WITH THE ABOVE AS PER PIL'S TERMS & CONDITIONS.

FOR SELLER
PACIFIC INTER-LINK SDN BHD

FOR BUYER
N° CH-217-3531807-6

NOTE :  THE BUYERS SHALL ACKNOWLEDGE CONTENTS AND RECEIPT OF THIS DOCUMENTS
        WITHIN 24 HOURS OF TRANSMISSION BY RETURNING THE SIGNED / SEALED COPY
        OF THE SELLERS. IF THE SIGNED & SEALED COPY OF THE CONTRACT IS NOT RECEIVED
        WITHIN 24 HOURS, THE SELLER SHALL RESERVE THE RIGHT TO CANCEL THE CONTRACT.



**PACIFIC INTER-LINK SDN BHD**
31ST FLOOR, MENARA DATO ONN, PUTRA WORLD TRADE CENTRE
45 JALAN TUN ISMAIL, 50480 KUALA LUMPUR
TEL: 603 – 4042 3933          FAX: 603 – 4041 3938 / 4042 8068

## FOB SALES CONTRACT
## NO.: PIL/PO/SC/0326/07

DATE      : 11/06/2007
YOUR REF :

| | | |
|---|---|---|
| SELLER | : | PACIFIC INTER-LINK SDN BHD |
| BUYER | : | PONTUS TRADE SA<br>19, RUE SAINT-LEGER<br>1204 GENEVA SWITZERLAND |
| COMMODITY | : | RBD PALM OLEIN IN BULK |
| BASIS | : | FOB |
| QUANTITY | : | 250,000 METRIC TONS |
| PRICE | : | USD 715.00 PMT |
| AMOUNT IN FIGURES | : | USD 178,750.00 |
| AMOUNT IN WORDS | : | US DOLLARS ONE HUNDRED AND SEVENTY EIGHT<br>THOUSAND SEVEN HUNDRED AND FIFTY ONLY. |
| QUALITY | : | AS PER PORAM STANDARD SPECS<br>(AT TIME OF SHIPMENT) |
| PAYMENT TERMS | : | BY SIGHT IRREVOCABLE LETTER OF CREDIT TO BE<br>ADVISED THROUGH RHB BANK BERHAD. L/C SHOULD BE<br>ESTABLISHED AND RECEIVED BY OUR BANK 8 DAYS<br>BEFORE VESSEL ARRIVAL. |
| OUR BANK | : | Bank        : RHB BANK BERHAD<br>Address     : KL TRADE SERVICES CENTRE,<br>                 LEVEL 3.4, 8 & 9, NO. 78,<br>                 JALAN TUN H.S. LEE<br>                 50000 KUALA LUMPUR<br>Account No : USD A/C NO: 61612900006928<br>Swift No   : RHBBMYKL<br>Correspondent :<br>Bank for USD A/C : BANK OF NEW YORK<br>SWIFT       : IRVTUS3N |
| SHIPMENT PERIOD | : | SEPTEMBER 2007 |
| ORIGIN | : | MALAYSIA / INDONESIA |
| INSURANCE | : | BUYER'S RESPONSIBILITY TO COVER ALL RISK MARINE<br>INSURANCE AND TO FURNISH SELLERS WITH A COPY OF<br>THE INSURANCE POLICY OR COPY OF THE MASTER OPEN<br>INSURANCE POLICY, WHICHEVER IS RELEVANT. |
| DISCHARGE RATE | : | BUYERS GUARANTEE A DISCHARGE RATE OF 100 MT PER<br>HOUR. |
| DEMURRAGE | : | AS PER CHARTER PARTY. |
| OTHER CONDITIONS | : | WEIGHT, QUALITY AND CONDITION FINAL AT TIME AND<br>PLACE OF LOADING AS PER CERTIFICATES OF A FIRST<br>CLASS INDEPENDENT SURVEYOR AT SELLER'S CHOICE<br>AND COST. |

ALL OTHER TERMS, CONDITIONS AND RULES NOT IN CONTRADICTION WITH THE ABOVE
AS PER PIL'S TERMS & CONDITIONS.

FOR SELLER:
PACIFIC INTER-LINK SDN BHD

FOR BUYER

N° CH-217-3531807-6

NOTE : THE BUYERS SHALL ACKNOWLEDGE CONTENTS AND RECEIPT OF THIS DOCUMENTS
WITHIN 24 HOURS OF TRANSMISSION BY RETURNING THE SIGNED / SEALED COPY
OF THE SELLERS. IF THE SIGNED & SEALED COPY OF THE CONTRACT IS NOT RECEIVED
WITHIN 24 HOURS, THE SELLER SHALL RESERVE THE RIGHT TO CANCEL THE CONTRACT.



**PACIFIC INTER-LINK SDN BHD**
51ST FLOOR, MENARA DATO' ONN, PUTRA WORLD TRADE CENTRE
45 JALAN TUN ISMAIL, 50480 KUALA LUMPUR
TEL: 603 – 4042 3033          FAX: 603 – 4041 3939 / 4042 9088

## FOB SALES CONTRACT
## NO.: PIL/PO/SC/0348/07

DATE      : 17/08/2007
YOUR REF :

| | | |
|---|---|---|
| SELLER | : | PACIFIC INTER-LINK SDN BHD |
| BUYER | : | PONTUS TRADE SA<br>18, RUE SAINT-LEGER<br>1204 GENEVA SWITZERLAND |
| COMMODITY | : | RBD PALM OLEIN IN BULK |
| BASIS | : | FOB |
| QUANTITY | : | 250,000 METRIC TONS |
| PRICE | : | USD 732.50 PMT |
| AMOUNT IN FIGURES | : | USD 183,125.00 |
| AMOUNT IN WORDS | : | US DOLLARS ONE HUNDRED AND EIGHTY THREE THOUSAND ONE HUNDRED AND TWENTY FIVE ONLY |
| QUALITY | : | AS PER PORAM STANDARD SPECS.<br>(AT TIME OF SHIPMENT) |
| PAYMENT TERMS | : | BY SIGHT IRREVOCABLE LETTER OF CREDIT TO BE ADVISED THROUGH RHB BANK BERHAD. L/C SHOULD BE ESTABLISHED AND RECEIVED BY OUR BANK 8 DAYS BEFORE VESSEL ARRIVAL. |
| OUR BANK | : | Bank        : RHB BANK BERHAD<br>Address    : KL TRADE SERVICES CENTRE,<br>LEVEL 3,4, & 5, NO: 78,<br>JALAN TUN H.S. LEE<br>50000 KUALA LUMPUR.<br>Account No : USD A/C NO: 9142900008828<br>Swift No   : RHBBMYKL<br>Correspondent :<br>Bank for USD A/C : BANK OF NEW YORK<br>SWIFT         : IRVTUS3N |
| SHIPMENT PERIOD | : | SEPTEMBER 2007 |
| ORIGIN | : | MALAYSIA / INDONESIA |
| INSURANCE | : | BUYERS RESPONSIBILITY TO COVER ALL RISK MARINE INSURANCE AND TO FURNISH SELLERS WITH A COPY OF THE INSURANCE POLICY OR COPY OF THE MASTER OPEN INSURANCE POLICY, WHICHEVER IS RELEVANT. |
| DISCHARGE RATE | : | BUYERS GUARANTEE A DISCHARGE RATE OF 100 MT PER HOUR. |
| DEMURRAGE | : | AS PER CHARTER PARTY. |
| OTHER CONDITIONS | : | WEIGHT, QUALITY AND CONDITION FINAL AT TIME AND PLACE OF LOADING AS PER CERTIFICATES OF A FIRST CLASS INDEPENDENT SURVEYOR AT SELLER'S CHOICE AND COST. |

ALL OTHER TERMS, CONDITIONS AND RULES NOT IN CONTRADICTION WITH THE ABOVE,
AS PER PIL'S TERMS & CONDITIONS.

FOR SELLER
PACIFIC INTER-LINK SDN BHD

FOR BUYER

NOTE :  THE BUYERS SHALL ACKNOWLEDGE CONTENTS AND RECEIPT OF THIS DOCUMENT WITHIN 24 HOURS OF TRANSMISSION BY RETURNING THE SIGNED / SEALED COPY OF THE SELLERS. IF THE SIGNED & SEALED COPY OF THE CONTRACT IS NOT RECEIVED WITHIN 24 HOURS, THE SELLER SHALL RESERVE THE RIGHT TO CANCEL THE CONTRACT.



# PACIFIC INTER-LINK SDN BHD
31st FLOOR, MENARA DATO ONN, PUTRA WORLD TRADE CENTRE
45 JALAN TUN ISMAIL, 50480 KUALA LUMPUR.
TEL : 603 – 4042 3833        FAX : 603 – 4041 3030 / 4042 8066

## FOB SALES CONTRACT
## NO. : PIL/PO/SC/0361/07

DATE    : 22/06/2007
YOUR REF :

| | | |
|---|---|---|
| SELLER | : | PACIFIC INTER-LINK SDN BHD |
| BUYER | : | PONTUS TRADE SA<br>19, RUE SAINT-LEGER<br>1204 GENEVA SWITZERLAND |
| COMMODITY | : | RBD PALM OLEIN IN BULK |
| BASIS | : | FOB |
| QUANTITY | : | 1000.000 METRIC TONS |
| PRICE | : | USD 742.50 PMT |
| AMOUNT IN FIGURES | : | USD 742,500.00 |
| AMOUNT IN WORDS | : | US DOLLARS SEVEN HUNDRED AND FORTY TWO THOUSAND FIVE HUNDRED ONLY. |
| QUALITY | : | AS PER PORAM STANDARD SPECS<br>(AT TIME OF SHIPMENT) |
| PAYMENT TERMS | : | BY SIGHT IRREVOCABLE LETTER OF CREDIT TO BE ADVISED THROUGH RHB BANK BERHAD. L/C SHOULD BE ESTABLISHED AND RECEIVED BY OUR BANK 6 DAYS BEFORE VESSEL ARRIVAL. |
| OUR BANK | : | Bank    : RHB BANK BERHAD<br>Address : KL TRADE SERVICES CENTRE,<br>LEVEL 3.4, 3.5, NO: 78,<br>JALAN TUN H.S. LEE<br>50000 KUALA LUMPUR.<br>Account No : USD A/C NO: 81412800009928<br>Swift No   : RHBBMYKL<br>Correspondent :<br>Bank for USD A/C : BANK OF NEW YORK<br>SWIFT    : IRVTUS3N |
| SHIPMENT PERIOD | : | SEPTEMBER 2007 |
| ORIGIN | : | MALAYSIA / INDONESIA |
| INSURANCE | : | BUYER'S RESPONSIBILITY TO COVER ALL RISK MARINE INSURANCE AND TO FURNISH SELLERS WITH A COPY OF THE INSURANCE POLICY OR COPY OF THE MASTER OPEN INSURANCE POLICY, WHICHEVER IS RELEVANT. |
| DISCHARGE RATE | : | BUYERS GUARANTEE A DISCHARGE RATE OF 100 MT PER HOUR. |
| DEMURRAGE | : | AS PER CHARTER PARTY. |
| OTHER CONDITIONS | : | WEIGHT, QUALITY AND CONDITION FINAL AT TIME AND PLACE OF LOADING AS PER CERTIFICATES OF A FIRST CLASS INDEPENDENT SURVEYOR AT SELLER'S CHOICE AND COST. |

ALL OTHER TERMS, CONDITIONS AND RULES NOT IN CONTRADICTION WITH THE ABOVE,
AS PER PIL'S TERMS & CONDITIONS.

FOR SELLER                                              FOR BUYER
PACIFIC INTER-LINK SDN BHD

N° C0241-0531607-6

NOTE : THE BUYERS SHALL ACKNOWLEDGE CONTENTS AND RECEIPT OF THIS DOCUMENT
WITHIN 24 HOURS OF TRANSMISSION BY RETURNING THE SIGNED / SEALED COPY
OF THE SELLERS. IF THE SIGNED & SEALED COPY OF THE CONTRACT IS NOT RECEIVED
WITHIN 24 HOURS, THE SELLER SHALL RESERVE THE RIGHT TO CANCEL THE CONTRACT.



# PACIFIC INTER-LINK SDN BHD
31ST FLOOR MENARA DATO ONN, PUTRA WORLD TRADE CENTRE
45 JALAN TUN ISMAIL, 50480 KUALA LUMPUR
TEL: 603 – 4042 3933        FAX: 603 – 4041 3939 / 4042 6066

---

## FOB SALES CONTRACT
### NO.: PIL/PO/SC/0380/07

DATE : 06/06/2007
YOUR REF :

| | | |
|---|---|---|
| **SELLER** | : | PACIFIC INTER-LINK SDN BHD |
| **BUYER** | : | PONTUS TRADE SA, 19, RUE SANTAEGER, 1204 GENEVA SWITZERLAND |
| **COMMODITY** | : | RBD PALM OLEIN IN BULK |
| **BASIS** | : | FOB |
| **QUANTITY** | : | 1000.000 METRIC TONS |
| **PRICE** | : | USD 750.00 PMT |
| **AMOUNT IN FIGURES** | : | USD 750,000.00 |
| **AMOUNT IN WORDS** | : | US DOLLARS SEVEN HUNDRED AND FIFTY THOUSAND ONLY. |
| **QUALITY** | : | AS PER PORAM STANDARD SPECS (AT TIME OF SHIPMENT) |
| **PAYMENT TERMS** | : | BY SIGHT IRREVOCABLE LETTER OF CREDIT TO BE ADVISED THROUGH RHB BANK BERHAD, L/C SHOULD BE ESTABLISHED AND RECEIVED BY OUR BANK 5 DAYS BEFORE VESSEL ARRIVAL. |
| **OUR BANK** | : | Bank    : RHB BANK BERHAD<br>Address : KL TRADE SERVICES CENTRE,<br>LEVEL 2,4, & 5 NO: 7A,<br>JALAN TUN H.S. LEE<br>50000 KUALA LUMPUR.<br>Account No : USD A/C NO: 61412900004928<br>Swift No  : RHBBMYKL<br>Correspondent :<br>Bank for USD A/C : BANK OF NEW YORK<br>SWIFT       : IRVTUS3N |
| **SHIPMENT PERIOD** | : | SEPTEMBER 2007 |
| **ORIGIN** | : | MALAYSIA / INDONESIA |
| **INSURANCE** | : | BUYER'S RESPONSIBILITY TO COVER ALL RISK MARINE INSURANCE AND TO FURNISH SELLERS WITH A COPY OF THE INSURANCE POLICY OR COPY OF THE MASTER OPEN INSURANCE POLICY, WHICHEVER IS RELEVANT. |
| **DISCHARGE RATE** | : | BUYERS GUARANTEE A DISCHARGE RATE OF 100 MT PER HOUR. |
| **DEMURRAGE** | : | AS PER CHARTER PARTY. |
| **OTHER CONDITIONS** | : | WEIGHT, QUALITY AND CONDITION FINAL AT TIME AND PLACE OF LOADING AS PER CERTIFICATES OF A FIRST CLASS INDEPENDENT SURVEYOR AT SELLER'S CHOICE AND COST. |

ALL OTHER TERMS, CONDITIONS AND RULES NOT IN CONTRADICTION WITH THE ABOVE AS PER PIL'S TERMS & CONDITIONS.

**FOR SELLER**
PACIFIC INTER-LINK SDN BHD

**FOR BUYER**

N° CH 217-3631807-6

NOTE : THE BUYERS SHALL ACKNOWLEDGE CONTENTS AND RECEIPT OF THIS DOCUMENT WITHIN 24 HOURS OF TRANSMISSION BY RETURNING THE SIGNED / SEALED COPY OF THE SELLERS. IF THE SIGNED & SEALED COPY OF THE CONTRACT IS NOT RECEIVED WITHIN 24 HOURS, THE SELLER SHALL RESERVE THE RIGHT TO CANCEL THE CONTRACT.



# PACIFIC INTER-LINK SDN BHD
31ST FLOOR, MENARA DATO' ONN, PUTRA WORLD TRADE CENTRE
45 JALAN TUN ISMAIL, 50480 KUALA LUMPUR
TEL: 603 – 4042 3033          FAX: 603 – 4041 3939 / 4042 6088

## FOB SALES CONTRACT
### NO.: PIL/PO/SC/0042/07

DATE   : 24/01/2007
YOUR REF :

| | | |
|---|---|---|
| **SELLER** | : | PACIFIC INTER-LINK SDN BHD |
| **BUYER** | : | PONTUS TRADE SA |
| | | 18, RUE SAINT-LEGER |
| | | 1204 GENEVA SWITZERLAND |
| **COMMODITY** | : | RBD PALM OLEIN IN BULK |
| **BASIS** | : | FOB |
| **QUANTITY** | : | 475.000 METRIC TONS |
| **PRICE** | : | USD 565.00 PMT |
| **AMOUNT IN FIGURES** | : | USD 268,375.00 |
| **AMOUNT IN WORDS** | : | US DOLLARS TWO HUNDRED AND SIXTY EIGHT THOUSAND THREE HUNDRED AND SEVENTY FIVE ONLY. |
| **QUALITY** | : | AS PER PORAM STANDARD SPECS (AT TIME OF SHIPMENT) |
| **PAYMENT TERMS** | : | BY SIGHT IRREVOCABLE LETTER OF CREDIT TO BE ADVISED THROUGH RHB BANK BERHAD. L/C SHOULD BE ESTABLISHED AND RECEIVED BY OUR BANK 5 DAYS BEFORE VESSEL ARRIVAL. |
| **OUR BANK** | : | Bank       : RHB BANK BERHAD |
| | | Address   : KL TRADE SERVICES CENTRE, |
| | | LEVEL 3,4, & 5, NO. 75, |
| | | JALAN TUN H.S. LEE |
| | | 50000 KUALA LUMPUR |
| | | Account No : USD A/C NO: 6142900008928 |
| | | Swift No  : RHBBMYKL |
| | | Correspondent : |
| | | Bank for USD A/C : BANK OF NEW YORK. |
| | | SWIFT      : IRVTUS3N |
| **SHIPMENT PERIOD** | : | JUNE 2007 |
| **ORIGIN** | : | MALAYSIA / INDONESIA |
| **INSURANCE** | : | BUYERS RESPONSIBILITY TO COVER ALL RISK MARINE INSURANCE AND TO FURNISH SELLERS WITH A COPY OF THE INSURANCE POLICY OR COPY OF THE MASTER OPEN INSURANCE POLICY, WHICHEVER IS RELEVANT. |
| **DISCHARGE RATE** | : | BUYERS GUARANTEE A DISCHARGE RATE OF 100 MT PER HOUR. |
| **DEMURRAGE** | : | AS PER CHARTER PARTY. |
| **OTHER CONDITIONS** | : | WEIGHT, QUALITY AND CONDITION FINAL AT TIME AND PLACE OF LOADING AS PER CERTIFICATES OF A FIRST CLASS INDEPENDENT SURVEYOR AT SELLER'S CHOICE AND COST. |

ALL OTHER TERMS, CONDITIONS AND RULES NOT IN CONTRADICTION WITH THE ABOVE, AS PER PIL'S TERMS & CONDITIONS.

FOR SELLER
PACIFIC INTER-LINK SDN BHD

FOR BUYER

N° CO 21-3531807-6

NOTE : THE BUYERS SHALL ACKNOWLEDGE CONTENTS AND RECEIPT OF THIS DOCUMENTS
WITHIN 24 HOURS OF TRANSMISSION BY RETURNING THE SIGNED / SEALED COPY
OF THE SELLERS. IF THE SIGNED & SEALED COPY OF THE CONTRACT IS NOT RECEIVED
WITHIN 24 HOURS, THE SELLER SHALL RESERVE THE RIGHT TO CANCEL THIS CONTRACT.